B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>**ArchBrook Laguna Holdings LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Social-Security No./Complete EIN or other Tax-I.D. No. (if more<br>than one, state all):<br>39-2066156 | Last four digits of Social-Security No./Complete EIN or other Tax-I.D. No. (if more than<br>one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>**350 Starke Road, Suite 400, Carlstadt, NJ**  07072<br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Bergen County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)
  _____

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Chapter 11 Debtors**

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(B).

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (4/10)                                                                                                Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**ArchBrook Laguna Holdings LLC** | |
|---|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:   **NONE** | Case Number: N/A | Date Filed: N/A |
| Location<br>Where Filed: | Case Number: N/A | Date Filed: N/A |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>**SEE SCHEDULE 1** | Case Number: Pending | Date Filed: 7/8/11 |
| District: Southern District of New York | Relationship: SEE SCHEDULE 1 | Judge: Pending |

| Exhibit A | Exhibit B |
|---|---|
| **NOT APPLICABLE**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)                    Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.  **The Debtor has attached Exhibit "C" to show additional comments.**

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (4/10) | Page 3 |
|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): ArchBrook Laguna Holdings LLC |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney***

/s/ Ira. S. Dizengoff
_____
Signature of Attorney for Debtor(s)

Ira S. Dizengoff 2565687
Akin Gump Strauss Hauer & Feld, LLP
One Bryant Park
New York, NY 10036
(212) 872-1000 Fax: (212) 872-1002
idezengoff@akingump.com

July 8, 2011
_____
Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address
_____

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

PETER A. HAVEN
_____
Printed Name of Authorized Individual

AUTHORIZED PERSON
_____
Title of Authorized Individual

July 8, 2011
_____
Date

**Schedule 1**

## PENDING BANKRUPTCY CASES FILED BY THIS DEBTOR AND AFFILIATES OF THE DEBTOR

On July 8, 2011, each of the entities listed below (each a "*Debtor*" and collectively, the "*Debtors*") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Bankruptcy Court (the "*Bankruptcy Code*"). The Debtors have moved for procedural consolidation and joint administration of their chapter 11 cases under the chapter 11 case number assigned to ArchBrook Laguna Holdings LLC.

- ArchBrook Laguna Holdings LLC
- ArchBrook Laguna LLC
- Chimerica Global Logistics LLC
- ArchBrook Laguna West LLC
- Lehrhoff ABL LLC
- Expert Warehouse LLC
- ArchBrook Laguna New York LLC

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-_____ (   ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## EXHIBIT "C" TO VOLUNTARY PETITION

1.      Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. To the extent the Debtor has an interest in such property, to the best of the Debtor's knowledge, the Debtor is in compliance with all applicable laws, including, without limitation, all environmental laws and regulations.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

2.      With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

The Debtor is not aware of any real or alleged dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor.

# ARCHBROOK LAGUNA HOLDINGS LLC

## WRITTEN CONSENT TO ACTION

As of June 29, 2011

ABL Invest LLC, being the manager (the "Manager") of ArchBrook Laguna Holdings LLC (the "Company"), a Nevada limited liability company, does hereby consent, in accordance with that certain Amended and Restated Operating Agreement, dated as of December 29, 2009, of the Company, as amended from time to time, (the "Operating Agreement"), to the following actions and adopt the following resolutions by written consent in lieu of a meeting and agrees that said resolutions shall have the same force and effect as if duly adopted at a meeting held for that purpose, which resolutions shall be deemed to be adopted as of the date hereof. Capitalized terms used herein, unless otherwise defined herein, shall have the meanings ascribed to them in the Operating Agreement.

**Restructuring Actions**

**WHEREAS**, the Manager has the authority to approve all Restructuring Actions (as defined below) and take any and all other actions deemed necessary to effectuate the Restructuring Actions;

**WHEREAS**, the Manager deems it to be in the best interest of the Company to approve and adopt for all reasons these resolutions;

**WHEREAS,** the Manager has determined it is in the best interests of the Company to grant Peter Handy (the "Authorized Person") the power to take any and all actions, on behalf of the Company, to effectuate certain actions and/or transactions (and to act as authorized signatory on behalf of the Company to effectuate such actions and/or transactions) in connection with the Company's restructuring, including, but not limited to, actions and/or transactions related to the following (the "Restructuring Actions"):

- All voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

- Any sale of the assets of the Company pursuant to an in-court restructuring.

- All petitions, schedules, lists and other motions, papers or documents, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

- The appropriate retention agreements and an appropriate application to retain the services of Akin Gump Strauss Hauer & Feld LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of Macquarie Capital (USA) Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Hawkwood Consulting LLC ("Hawkwood") as crisis manager for the Company, including Stephen J. Gawrylewski, an employee of Hawkwood, as Chief Restructuring Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Daniel J. Boverman as Chief Financial Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of The Garden City Group, Inc. as notice, claims and balloting agent to represent and assist the Company and in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of PriceWaterhouseCoopers LLP as consultants to the Company.

- That certain engagement letter by and between FTI Consulting, Inc., Latham & Watkins LLP, and GE Capital Commercial Services, Inc. in its capacity as administrative agent under that certain Second Amended and Restated Credit Agreement, dated as of December 22, 2010 (as amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement") in which ArchBrook Laguna LLC acknowledges its obligations to pay certain fees and expenses as required under the Credit Agreement.

- Any other appropriate retention agreements, and appropriate applications to retain the services of any other professionals, to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate agreements for the use of post-petition financing in connection with the Company's chapter 11 cases, and to take such additional action and to execute and deliver each other agreement, instrument or document proposed to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Person

may approve, such approval to be conclusively evidenced by the taking of such an action or by the execution and delivery thereof.

- The acquisition of ArchBrook Laguna New York, LLC, as a subsidiary of ArchBrook Laguna LLC.

- The entry into and consummation of an agreement whereby Associated Volume Buyers, Inc. or its designee will purchase inventory of Expert Warehouse LLC.

- The filing of a Form 8832 with the U.S. Internal Revenue Service providing that the Company be classified as an association taxable as a corporation

NOW, THEREFORE, BE IT:

**RESOLVED**, that the Authorized Person, acting alone, be, and hereby is, authorized on behalf of the Company to execute and file (and to act as authorized signatory on behalf of the Company to effectuate such actions and/or transaction) all documents and instruments in connection with the Company's restructuring, including the Restructuring Actions;

**RESOLVED**, that the Authorized Person, acting alone, be, and hereby is, authorized on behalf of the Companies to execute and file, on behalf of the Company, any and all documents in the name of the Company as may be required in connection with the Restructuring Actions;

**RESOLVED**, that the Authorized Person, acting alone, be, and hereby is, authorized and directed on behalf of the Company to prepare, execute and deliver in the name of the Company and under its company seal or otherwise, such designations, applications, certificates or other documents or instruments as may be necessary to further any legitimate business purpose required in connection with the Restructuring Actions;

**<u>Omnibus Resolutions</u>**

**WHEREAS**, the Manager deems it to be in the best interest of the Company to approve and adopt for all reasons the resolutions of ArchBrook Laguna LLC, Chimerica Global Logistics LLC, ArchBrook Laguna West LLC, Expert Warehouse LLC, Lehrhoff ABL LLC and ArchBrook Laguna New York LLC, all of which are attached hereto as <u>Exhibit A</u> (the "<u>Omnibus Resolutions</u>")

NOW, THEREFORE, BE IT:

**RESOLVED**, that the Manager hereby approves and adopts for all reasons the Omnibus Resolutions.

## General Matters

**RESOLVED**, that the Authorized Person be, and he hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to take all such further actions, to cause to be prepared, executed, delivered and filed all such documents, to make all expenditures and incur all expenses, and to pay all required fees, and to execute and deliver in the name of and on behalf of the Company, all agreements, instruments, documents, designations, applications and certificates as the Authorized Person may deem necessary, appropriate or advisable in order to fully effectuate the purpose of each and all of the foregoing resolutions (including, without limitation, all necessary actions in connection with the chapter 11 case) and the execution by any such Authorized Person of any such agreement, instrument, document, designation, application or certificate or the payment of any such expenditures or expenses or the doing by him of any act in connection with the foregoing matters shall conclusively establish his authority therefor from the Company and the approval and ratification by the Company of the agreement, instrument, document or certificate so executed, the expenses or expenditures so paid and the action so taken;

**RESOLVED**, that any and all actions taken by the officers of the Company or the Manager of the Company (including, without limitation, those heretofore taken) in connection with and in furtherance of the matters referred to in any of the foregoing resolutions are hereby ratified, confirmed, approved, and adopted in all respects (it being understood that the actions to be ratified, confirmed, approved, and adopted that were heretofore taken shall include only those taken in furtherance of the planning and preparation of such matters referred to in any of the foregoing resolutions and not the main actions contemplated by such foregoing resolutions); and

**RESOLVED**, that the actions taken by this written consent of the Manager in lieu of a meeting shall have the same force and effect as if taken by the undersigned at a meeting duly called and constituted pursuant to the Company's organizational documents and applicable law.

*[Signature Page to Follow]*



IN WITNESS WHEREOF, the undersigned has duly executed this written consent in lieu of a meeting as of the date first written above.

ABL INVEST LLC, as Manager

By: _____

Name:   Michel F. Freiburghaus
Title:    Sole Manager

Accepted and Agreed to as
of the date first written above:

By: _____

Name:   Peter Handy
Title:    Authorized Person

ABL INVEST LLC, pursuant to the amendment dated May 31, 2011 to the Amended and Restated Operating Agreement of ArchBrook Laguna Holdings LLC and as the Class A Common Member

By: _____

Name:   Michel F. Freiburghaus
Title:    Sole Manager

*Signature Page to Written Consent of the Manager of ArchBrook Laguna Holdings LLC*

**EXHIBIT A**

**OMNIBUS RESOLUTIONS**

**(Attached)**

**ArchBrook Laguna LLC**
**Chimerica Global Logistics LLC**
**ArchBrook Laguna West LLC**

## WRITTEN CONSENT OF MANAGER TO ACTION

As of June 29, 2011

ArchBrook Laguna Holdings LLC, being the manager (the "Manager") of the entities listed above (each a "Company," and collectively, the "Companies"), does hereby consent, in accordance with that certain Amended and Restated Operating Agreement, dated as of December 29, 2009, of ArchBrook Laguna Holdings, LLC, a Nevada limited Liability Company, as amended from time to time, (the "Operating Agreement"), to the following actions and adopt the following resolutions by written consent in lieu of a meeting and agrees that said resolutions shall have the same force and effect as if duly adopted at a meeting held for that purpose, which resolutions shall be deemed to be adopted as of the date hereof. Capitalized terms used herein, unless otherwise defined herein, shall have the meanings ascribed to them in the Operating Agreement.

### Restructuring Actions

**WHEREAS**, the Manager has authority to approve all Restructuring Actions (as defined below) and take any and all other actions deemed necessary to effectuate the Restructuring Actions;

**WHEREAS**, the Manager hereby approves these resolutions on behalf of all of the Companies in whatever capacity, both for itself and the Companies;

**WHEREAS**, the Manager has determined it is in the best interests of the Companies to grant Peter Handy (the "Authorized Person") the power to take any and all actions, on behalf of the Companies, to effectuate certain actions and/or transactions (and to act as authorized signatory on behalf of the Companies to effectuate such actions and/or transactions) in connection with the Companies' restructuring, including, but not limited to, actions and/or transactions related to the following (the "Restructuring Actions"):

- All voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

- Any sale of the assets of the Companies pursuant to an in-court restructuring.

- All petitions, schedules, lists and other motions, papers or documents, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' businesses.

- The appropriate retention agreements and an appropriate application to retain the services of Akin Gump Strauss Hauer & Feld LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of Macquarie Capital (USA) Inc. as financial advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Hawkwood Consulting LLC ("Hawkwood") as crisis manager for the Companies, including Stephen J. Gawrylewski, an employee of Hawkwood, as Chief Restructuring Officer for the Companies, in order to assist the Companies in carrying out their duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Daniel J. Boverman as Chief Financial Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of The Garden City Group, Inc. as notice, claims and balloting agent to represent and assist the Companies and in carrying out their duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of PriceWaterhouseCoopers LLP as consultants to the Companies.

- That certain engagement letter by and between FTI Consulting, Inc., Latham & Watkins LLP, and GE Capital Commercial Services, Inc. in its capacity as administrative agent under that certain Second Amended and Restated Credit Agreement, dated as of December 22, 2010 (as amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement") in which ArchBrook Laguna LLC acknowledges its obligations to pay certain fees and expenses as required under the Credit Agreement.

- Any other appropriate retention agreements, and appropriate applications to retain the services of any other professionals, to assist the Companies in carrying out their duties under the Bankruptcy Code.

- The appropriate agreements for the use of post-petition financing in connection with the Companies' chapter 11 cases, and to take such

additional action and to execute and deliver each other agreement, instrument or document proposed to be executed and delivered by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Person may approve, such approval to be conclusively evidenced by the taking of such an action or by the execution and delivery thereof.

- The acquisition of ArchBrook Laguna New York, LLC, as a subsidiary of ArchBrook Laguna LLC.

- The entry into and consummation of an agreement whereby Associated Volume Buyers, Inc. or its designee will purchase inventory of Expert Warehouse LLC.

NOW, THEREFORE, BE IT:

**RESOLVED**, that the Authorized Person be, and he hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to take all such further actions, to cause to be prepared, executed, delivered and filed all such documents, to make all expenditures and incur all expenses, and to pay all required fees, and to execute and deliver in the name of and on behalf of the Company, all agreements, instruments, documents, designations, applications and certificates as the Authorized Person may deem necessary, appropriate or advisable in order to fully effectuate the purpose of each and all of the foregoing resolutions (including, without limitation, all necessary actions in connection with the chapter 11 case) and the execution by any such Authorized Person of any such agreement, instrument, document, designation, application or certificate or the payment of any such expenditures or expenses or the doing by him of any act in connection with the foregoing matters shall conclusively establish his authority therefor from the Company and the approval and ratification by the Company of the agreement, instrument, document or certificate so executed, the expenses or expenditures so paid and the action so taken;

**RESOLVED**, that any and all actions taken by the officers of the Company or the Managers of the Company (including, without limitation, those heretofore taken) in connection with and in furtherance of the matters referred to in any of the foregoing resolutions are hereby ratified, confirmed, approved, and adopted in all respects (it being understood that the actions to be ratified, confirmed, approved, and adopted that were heretofore taken shall include only those taken in furtherance of the planning and preparation of such matters referred to in any of the foregoing resolutions and not the main actions contemplated by such foregoing resolutions); and

**RESOLVED**, that the actions taken by this written consent of the Manager in lieu of a meeting shall have the same force and effect as if taken by the undersigned at a meeting duly called and constituted pursuant to the Company's organizational documents and applicable law.

## Lehrhoff Board Removals and Appointments

**WHEREAS**, ArchBrook Laguna LLC, as the sole member of Lehrhoff ABL LLC ("Lehrhoff"), has the authority to remove, at any time, any manager from the Board of Managers of Lehrhoff and to fill any vacancies on the Board of Managers of Lehrhoff pursuant to Section 5.1(e) of the Operating Agreement of Lehrhoff, dated as of June 16, 2008, between ArchBrook Laguna LLC and Lehrhoff;

**WHEREAS**, the Manager believes it is in the best interest of the Companies to remove Joel Blank, Darren Marino and Steven Silverman from the Board of Managers of Lehrhoff; and

**WHEREAS**, the Manager believes it is in the best interest of the Companies to appoint Peter Handy, William F. Kopeinig and Michael McIntyre to the Board of Managers of Lehrhoff;

NOW, THEREFORE, BE IT:

**RESOLVED**, that ArchBrook Laguna LLC hereby removes Joel Blank, Darren Marino and Steven Silverman from the Board of Managers of Lehrhoff; and

**FURTHER RESOLVED**, that ArchBrook Laguna LLC hereby appoints Peter Handy, William F. Kopeinig and Michael McIntyre to the Board of Managers of Lehrhoff.

*[Signature Page to Follow]*

IN WITNESS WHEREOF, the undersigned hereby adopts the foregoing resolutions as Manager of the Companies as of the date first written above.

ARCHBROOK LAGUNA HOLDINGS
LLC, as Manager

By: ABL INVEST LLC, in its capacity
as Manager of ArchBrook Laguna
Holdings LLC

By: _____

Name: Michel F. Freiburghaus
Title:  Sole Manager

Accepted and Agreed to as
of the date first written above:

By: _____

Name:    Peter Handy
Title:     Authorized Person

ABL INVEST LLC, pursuant to the amendment dated May 31, 2011 to the Amended and Restated Operating Agreement of ArchBrook Laguna Holdings LLC and as the Class A Common Member

By: _____

Name:    Michel F. Freiburghaus
Title:     Sole Manager

*Signature Page to Written Consent of the Manager of ArchBrook Laguna LLC, ArchBrook Laguna West LLC and Chimerica Global Logistics LLC*

**EXPERT WAREHOUSE LLC**

**WRITTEN CONSENT OF MEMBERS TO ACTION**

As of June 29, 2011

The undersigned, being the Chairman (the "Chairman") of Expert Warehouse LLC (the "Company") does hereby consent on behalf of the Class B Units in accordance with Section 3.4 of that certain Limited Liability Company Operating Agreement, dated as of May 12, 2005, of the Company, a Nevada limited liability company, as amended from time to time, (the "Operating Agreement"), to the following actions and adopt the following resolutions by written consent in lieu of a meeting of the Members and agrees that said resolutions shall have the same force and effect as if duly adopted at a meeting of the Members held for that purpose, which resolutions shall be deemed to be adopted as of the date hereof. Capitalized terms used herein, unless otherwise defined herein, shall have the meanings ascribed to them in the Operating Agreement.

**WHEREAS**, Sections 5.11(a)(iii) and 5.9(b) of the Operating Agreement require the approval of a majority of the Members in order for the Company to file for bankruptcy;

**WHEREAS**, Section 5.9(c) of the Operating Agreement allows for action to be taken without a meeting of the Members if a written consent is signed by the Members holding Units having not less than the minimum number of votes necessary to authorize such action at a meeting at which all Units entitled to vote thereon were present and voted;

**WHEREAS**, pursuant to Section 3.4(a) and Exhibit E of the Operating Agreement, the Class B Units represent sixty percent (60%) of the Units entitled to vote at a meeting of the Members;

**WHEREAS**, the Chairman, on behalf of the Class B Units, has the authority pursuant to Sections 5.9(d) and 3.4(b) of the Operating Agreement to approve all Restructuring Actions (as defined below) and take any and all other actions deemed necessary to effectuate the Restructuring Actions;

**WHEREAS**, the Chairman, on behalf of the Class B Units, deems it to be in the best interest of the Company to approve and adopt for all reasons these resolutions;

**WHEREAS,** the Chairman, on behalf of the Class B Units, has determined it is in the best interests of the Company to grant Peter Handy (the "Authorized Person") the power to take any and all actions, on behalf of the Company, to effectuate certain actions and/or transactions (and to act as authorized signatory on behalf of the Company to effectuate such actions and/or transactions) in connection with the Company's restructuring, including, but not limited to, actions and/or transactions related to the following (the "Restructuring Actions"):

- All voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

- Any sale of the assets of the Company pursuant to an in-court restructuring.

- All petitions, schedules, lists and other motions, papers or documents, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

- The appropriate retention agreements and an appropriate application to retain the services of Akin Gump Strauss Hauer & Feld LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of Macquarie Capital (USA) Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Hawkwood Consulting LLC ("Hawkwood") as crisis manager for the Company, including Stephen J. Gawrylewski, an employee of Hawkwood, as Chief Restructuring Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Daniel J. Boverman as Chief Financial Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of The Garden City Group, Inc. as notice, claims and balloting agent to represent and assist the Company and in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of PriceWaterhouseCoopers LLP as consultants to the Company.

- Any other appropriate retention agreements, and appropriate applications to retain the services of any other professionals, to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate agreements for the use of post-petition financing in connection with the Company's chapter 11 cases, and to take such additional action and to execute and deliver each other agreement,

instrument or document proposed to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Person may approve, such approval to be conclusively evidenced by the taking of such an action or by the execution and delivery thereof.

- The entry into and consummation of an agreement whereby Associated Volume Buyers, Inc. or its designee will purchase inventory of the Company.

NOW, THEREFORE, BE IT:

**RESOLVED**, that the Authorized Person be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to take all such further actions, to cause to be prepared, executed, delivered and filed all such documents, to make all expenditures and incur all expenses, and to pay all required fees, and to execute and deliver in the name of and on behalf of the Company, all agreements, instruments, documents, designations, applications and certificates as the Authorized Person may deem necessary, appropriate or advisable in order to fully effectuate the purpose of each and all of the foregoing resolutions (including, without limitation, all necessary actions in connection with the chapter 11 case) and the execution by any such Authorized Person of any such agreement, instrument, document, designation, application or certificate or the payment of any such expenditures or expenses or the doing by him of any act in connection with the foregoing matters shall conclusively establish his authority therefor from the Company and the approval and ratification by the Company of the agreement, instrument, document or certificate so executed, the expenses or expenditures so paid and the action so taken;

**RESOLVED**, that any and all actions taken by the officers of the Company or the Chairman of the Company (including, without limitation, those heretofore taken) in connection with and in furtherance of the matters referred to in any of the foregoing resolutions are hereby ratified, confirmed, approved, and adopted in all respects (it being understood that the actions to be ratified, confirmed, approved, and adopted that were heretofore taken shall include only those taken in furtherance of the planning and preparation of such matters referred to in any of the foregoing resolutions and not the main actions contemplated by such foregoing resolutions); and

**RESOLVED**, that the actions taken by this written consent of the Members in lieu of a meeting shall have the same force and effect as if taken by the undersigned at a meeting of the Members duly called and constituted pursuant to the Company's organizational documents and applicable law.

*[Signature Page to Follow]*

01 Jul 2011 18:05   11-13292-scc  Doc 1   Filed 07/08/11   Entered 07/08/11 19:53:01   Main Document
                                        HP LaserJet FAX                  Pg 21 of 40                                    @002

01/07 2011 12:11 FAX +41 22 320 71 12...  ....                    620749852581                              P.1

**IN WITNESS WHEREOF**, the undersigned have duly executed this written consent of the Members in lieu of a meeting as of the date first written above.

CHAIRMAN, on behalf of the Class B Units

By: _____

Name:

Accepted and Agreed to as
of the date first written above:

By: _____

Name:   Peter Handy
Title:   Authorized Person

**ABL INVEST LLC**, pursuant to the amendment dated May 31, 2011 to the Amended and Restated Operating Agreement of ArchBrook Laguna Holdings LLC and as the Class B Common Member

By: _____

Name:   Michel F. Freiburghaus
Title:   Sole Manager

*Signature Page to Written Consent of the Members of Expert Warehouse LLC*

# LEHRHOFF ABL LLC

## WRITTEN CONSENT OF THE BOARD OF DIRECTORS TO ACTION

### As of June 29, 2011

The undersigned, being the Managers of the Board of Directors (the "Board") of Lehrhoff ABL LLC (the "Company") , a Nevada limited liability company, required to take action by written consent pursuant to Section 5.6(f) of the Operation Agreement (as defined below) do hereby consent in accordance with that certain Operating Agreement of the Company, dated as of June 16, 2008, as amended from time to time, (the "Operating Agreement"), to the following actions and adopt the following resolutions by written consent in lieu of a meeting and agree that said resolutions shall have the same force and effect as if duly adopted at a meeting of the Board held for that purpose, which resolutions shall be deemed to be adopted as of the date hereof. Capitalized terms used herein, unless otherwise defined herein, shall have the meanings ascribed to them in the Operating Agreement.

**WHEREAS**, pursuant to Section 5.1(a) of the Operating Agreement, the Board has the authority to approve all Restructuring Actions (as defined below) and take any and all other actions deemed necessary to effectuate the Restructuring Actions;

**WHEREAS**, pursuant to Section 5.6(f) of the Operating Agreement, the Board may approve the Restructuring Actions without a meeting if at least three Managers consent in writing to such approval;

**WHEREAS**, the Board deems it to be in the best interest of the Company to approve and adopt for all reasons these resolutions;

**WHEREAS**, the Board has determined it is in the best interests of the Company to grant Peter Handy (the "Authorized Person") the power to take any and all actions, on behalf of the Company, to effectuate certain actions and/or transactions (and to act as authorized signatory on behalf of the Company to effectuate such actions and/or transactions) in connection with the Company's restructuring, including, but not limited to, actions and/or transactions related to the following (the "Restructuring Actions"):

- All voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

- Any sale of the assets of the Company pursuant to an in-court restructuring.

- All petitions, schedules, lists and other motions, papers or documents, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

- The appropriate retention agreements and an appropriate application to retain the services of Akin Gump Strauss Hauer & Feld LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of Macquarie Capital (USA) Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Hawkwood Consulting LLC ("Hawkwood") as crisis manager for the Company, including Stephen J. Gawrylewski, an employee of Hawkwood, as Chief Restructuring Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Daniel J. Boverman as Chief Financial Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of The Garden City Group, Inc. as notice, claims and balloting agent to represent and assist the Company and in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of PriceWaterhouseCoopers LLP as consultants to the Company.

- That certain engagement letter by and between FTI Consulting, Inc., Latham & Watkins LLP, and GE Capital Commercial Services, Inc. in its capacity as administrative agent under that certain Second Amended and Restated Credit Agreement, dated as of December 22, 2010 (as amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement") in which ArchBrook Laguna LLC acknowledges its obligations to pay certain fees and expenses as required under the Credit Agreement.

- Any other appropriate retention agreements, and appropriate applications to retain the services of any other professionals, to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate agreements for the use of post-petition financing in connection with the Company's chapter 11 cases, and to take such

additional action and to execute and deliver each other agreement, instrument or document proposed to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Person may approve, such approval to be conclusively evidenced by the taking of such an action or by the execution and delivery thereof.

- The entry into and consummation of an agreement whereby Associated Volume Buyers, Inc. or its designee will purchase inventory of Expert Warehouse LLC.

NOW, THEREFORE, BE IT:

**RESOLVED**, that the Authorized Person be, and he hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to take all such further actions, to cause to be prepared, executed, delivered and filed all such documents, to make all expenditures and incur all expenses, and to pay all required fees, and to execute and deliver in the name of and on behalf of the Company, all agreements, instruments, documents, designations, applications and certificates as the Authorized Person may deem necessary, appropriate or advisable in order to fully effectuate the purpose of each and all of the foregoing resolutions (including, without limitation, all necessary actions in connection with the chapter 11 case) and the execution by any such Authorized Person of any such agreement, instrument, document, designation, application or certificate or the payment of any such expenditures or expenses or the doing by him of any act in connection with the foregoing matters shall conclusively establish his authority therefor from the Company and the approval and ratification by the Company of the agreement, instrument, document or certificate so executed, the expenses or expenditures so paid and the action so taken;

**RESOLVED**, that any and all actions taken by the officers of the Company or the Managers of the Company (including, without limitation, those heretofore taken) in connection with and in furtherance of the matters referred to in any of the foregoing resolutions are hereby ratified, confirmed, approved, and adopted in all respects (it being understood that the actions to be ratified, confirmed, approved, and adopted that were heretofore taken shall include only those taken in furtherance of the planning and preparation of such matters referred to in any of the foregoing resolutions and not the main actions contemplated by such foregoing resolutions); and

**RESOLVED**, that the actions taken by this written consent of the Managers in lieu of a meeting of the Board shall have the same force and effect as if taken by the undersigned at a meeting of the Board duly called and constituted pursuant to the Company's organizational documents and applicable law.

*[Signature Page to Follow]*

**IN WITNESS WHEREOF**, the undersigned Managers have duly executed this written consent in lieu of a meeting of the Board as of the date first written above.



_____
Arthur Lehrhoff

_____
Daniel Lehrhoff

_____
Joel Blank

_____
Peter Handy

_____
Darren Marino

_____
Steven Silverman

*Signature Page to Written Consent of the Managers in lieu of a Meeting of the Board of*
*Lehrhoff ABL LLC*

**IN WITNESS WHEREOF**, the undersigned Managers have duly executed this written consent in lieu of a meeting of the Board as of the date first written above.

_____
Arthur Lehrhoff

_____
Daniel Lehrhoff

_____
Michael McIntyre

_____
Peter Handy

_____
William F. Kopeinig

*Signature Page to Written Consent of the Managers in lieu of a Meeting of the Board of Lehrhoff ABL LLC*

Accepted and Agreed to as
of the date first written above:

By:

Name:    Peter Handy
Title:    Authorized Person


ABL INVEST LLC, pursuant to the amendment dated May 31, 2011 to the Amended and
Restated Operating Agreement of ArchBrook Laguna Holdings LLC and as the Class A
Common Member

By:

Name:    Michel F. Freiburghaus
Title:    Sole Manager


*Signature Page to Written Consent of the Managers in lieu of a Meeting of the Board of
Lehrhoff ABL LLC*

## ARCHBROOK LAGUNA NEW YORK LLC

### WRITTEN CONSENT OF SOLE MEMBER TO ACTION

As of June 29, 2011

The undersigned, being the sole member (the "Member") of ArchBrook Laguna New York LLC (the "Company") does hereby consent to the following actions and adopt the following resolutions by written consent in lieu of a meeting and agrees that said resolutions shall have the same force and effect as if duly adopted at a meeting held for that purpose, which resolutions shall be deemed to be adopted as of the date hereof.

**WHEREAS**, the Member has the authority to approve all Restructuring Actions (as defined below) and take any and all other actions deemed necessary to effectuate the Restructuring Actions;

**WHEREAS**, the Member deems it to be in the best interest of the Company to approve and adopt for all reasons these resolutions;

**WHEREAS,** the Member has determined it is in the best interests of the Company to grant Peter Handy (the "Authorized Person") the power to take any and all actions, on behalf of the Company, to effectuate certain actions and/or transactions (and to act as authorized signatory on behalf of the Company to effectuate such actions and/or transactions) in connection with the Company's restructuring, including, but not limited to, actions and/or transactions related to the following (the "Restructuring Actions"):

- All voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

- Any sale of the assets of the Company pursuant to an in-court restructuring.

- All petitions, schedules, lists and other motions, papers or documents, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

- The appropriate retention agreements and an appropriate application to retain the services of Akin Gump Strauss Hauer & Feld LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of Macquarie Capital (USA) Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Hawkwood Consulting LLC ("Hawkwood") as crisis manager for the Company, including Stephen J. Gawrylewski, an employee of Hawkwood, as Chief Restructuring Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements and an appropriate application to retain the services of Daniel J. Boverman as Chief Financial Officer for the Company, in order to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of The Garden City Group, Inc. as notice, claims and balloting agent to represent and assist the Company and in carrying out its duties under the Bankruptcy Code.

- The appropriate retention agreements, and an appropriate application to retain the services of PriceWaterhouseCoopers LLP as consultants to the Company.

- That certain engagement letter by and between FTI Consulting, Inc., Latham & Watkins LLP, and GE Capital Commercial Services, Inc. in its capacity as administrative agent under that certain Second Amended and Restated Credit Agreement, dated as of December 22, 2010 (as amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement") in which ArchBrook Laguna LLC acknowledges its obligations to pay certain fees and expenses as required under the Credit Agreement.

- Any other appropriate retention agreements, and appropriate applications to retain the services of any other professionals, to assist the Company in carrying out its duties under the Bankruptcy Code.

- The appropriate agreements for the use of post-petition financing in connection with the Company's chapter 11 cases, and to take such additional action and to execute and deliver each other agreement, instrument or document proposed to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Person may approve, such approval to be conclusively evidenced by the taking of such an action or by the execution and delivery thereof.

- The entry into and consummation of an agreement whereby Associated Volume Buyers, Inc. or its designee will purchase inventory of Expert Warehouse LLC.

NOW, THEREFORE, BE IT:

**RESOLVED**, that the Authorized Person be, and he hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to take all such further actions, to cause to be prepared, executed, delivered and filed all such documents, to make all expenditures and incur all expenses, and to pay all required fees, and to execute and deliver in the name of and on behalf of the Company, all agreements, instruments, documents, designations, applications and certificates as the Authorized Person may deem necessary, appropriate or advisable in order to fully effectuate the purpose of each and all of the foregoing resolutions (including, without limitation, all necessary actions in connection with the chapter 11 case) and the execution by any such Authorized Person of any such agreement, instrument, document, designation, application or certificate or the payment of any such expenditures or expenses or the doing by him of any act in connection with the foregoing matters shall conclusively establish his authority therefor from the Company and the approval and ratification by the Company of the agreement, instrument, document or certificate so executed, the expenses or expenditures so paid and the action so taken;

**RESOLVED**, that any and all actions taken by the officers of the Company or the Member of the Company (including, without limitation, those heretofore taken) in connection with and in furtherance of the matters referred to in any of the foregoing resolutions are hereby ratified, confirmed, approved, and adopted in all respects (it being understood that the actions to be ratified, confirmed, approved, and adopted that were heretofore taken shall include only those taken in furtherance of the planning and preparation of such matters referred to in any of the foregoing resolutions and not the main actions contemplated by such foregoing resolutions); and

**RESOLVED**, that the actions taken by this written consent of the Member in lieu of a meeting shall have the same force and effect as if taken by the undersigned at a meeting of the Member duly called and constituted pursuant to the Company's organizational documents and applicable law.

*[Signature Page to Follow]*

IN WITNESS WHEREOF, the undersigned has duly executed this written consent in lieu of a meeting as of the date first written above.

ARCHBROOK LAGUNA LLC, as the sole member

By: ArchBrook Laguna Holdings LLC, as Manager

By: ABL INVEST LLC, in its capacity as Manager of ArchBrook Laguna Holdings LLC

By: _____

Name: Michel F. Freiburghaus
Title: Sole Manager

Accepted and Agreed to as
of the date first written above:

By: _____

Name:     Peter Handy
Title:      Authorized Person

ABL INVEST LLC, pursuant to the amendment dated May 31, 2011 to the Amended and Restated Operating Agreement of ArchBrook Laguna Holdings LLC and as the Class A Common Member

By: _____

Name:     Michel F. Freiburghaus
Title:      Sole Manager

*Signature Page to Written Consent of the Sole Member of ArchBrook Laguna New York LLC*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-_____ (   ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## CONSOLIDATED LIST OF DEBTORS' 30 LARGEST UNSECURED CREDITORS

The following is a list of creditors holding the 30 largest unsecured claims against the above-captioned Debtor and certain affiliated entities that have simultaneously commenced chapter 11 cases in this Court (collectively, the "*Debtors*"). This list has been prepared on a consolidated basis from the unaudited books and records of the Debtors. The list reflects amounts from the Debtors' books and records as of July 8, 2011. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. This list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtor. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Amount of claim | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff |
|---|---|---|---|---|
| Dell Marketing LP | Srinivas Bhima Ramch One Dell Way Round Rock, TX 78682 Tel: 866-380-3355 | $9,763,350 | Trade Debt | Contingent, Unliquidated |
| Direct Entertainment Media Group Inc. | Beverly A. Baker 8280 Willow Oaks Corporate Drive, Suite 800 Farifax, VA 22031 Tel: 703-663-4504 | $8,448,363 | Trade Debt | Contingent, Unliquidated |
| Garmin International Inc. | Yvette Price PO Box 843611 Kansas City, MO 64184 Tel: 913-440-2327 | $5,681,842 | Trade Debt | Contingent, Unliquidated |
| Toshiba America Information System | Tom Cathy 91865 Collections Center Drive Chicago, IL 60693 Tel: 949-587-6208 | $5,341,800 | Trade Debt | Contingent, Unliquidated |
| Samsung Electronics America | Lanicia McCloud 105 Challenger Road, Ridgefield Park, NJ 07660 Tel: 201-229-4217 | $4,919,706 | Trade Debt | Contingent, Unliquidated |
| Hewlett-Packard US Operations | Jonathan Faulkner Bldg. CCM3 MC CCM0301-050 20555 SH 249 Houston, TX 77070 Tel: 281-514-9749 | $4,911,641 | Trade Debt | Contingent, Unliquidated |
| Tomtom Inc. | Brenda Towne 150 Baker Avenue Ext Concord, MA 1742 Tel: 978-287-9555 | $3,747,046 | Trade Debt | Contingent, Unliquidated |
| Acer America | Nga Ly 333 West San Carlos Street Suite 1500 San Jose, CA 95110 Tel: 408-533-7202 | $2,992,557 | Trade Debt | Contingent, Unliquidated |
| Toshiba Consumer Products | Tom Cathy 9740 Irvine Blvd. Irvine, CA 92618 Tel: 949-587-6208 | $2,095,761 | Trade Debt | Contingent, Unliquidated |

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Amount of claim | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff |
|---|---|---|---|---|
| LG Electronics USA Inc. | Alicia Almonte 910 Sylvan Avenue Englewood Cliffs, NJ 07632 Tel: 201-266-2541 | $1,780,419 | Trade Debt | Contingent, Unliquidated |
| Lenovo | Scott Brassington 1009 Think Place Bldg 1 - 2nd Floor 2G2 Morrisville, NC 27560 Tel: 919-257-4867 | $993,065 | Trade Debt | Contingent, Unliquidated |
| Sharp Electronics Corp. | Maggie DeLibero Sharp Plaza, P.O. Box 650 Mahwah, NJ 07495-1163 Tel: 201-684-6048 | $985,181 | Trade Debt | Contingent, Unliquidated |
| Panasonic/First Chicago Nat'l | Johannes Wang 5201 Tollview Drive E1B-9 Rolling Meadows, IL 60008 Tel: 847-637-4794 | $946,188 | Trade Debt | Contingent, Unliquidated |
| Philips Consumer Lifestyle | Rogier van Wijk 1600 Summer Street P.O. Box 120015 Stamford, Connecticut 06905 | $946,145 | Trade Debt | Contingent, Unliquidated |
| DXG Technology USA Inc. | Alicia Funderburk 1001 Lawson Street City of Industry, CA 91748 Tel: 626-581-3742 | $768,044 | Trade Debt | Contingent, Unliquidated |
| Mitac Digital Corp. | Kris Aponte 960 Overland Court San Dimas, CA 91773 Tel: 909-394-6012 | $724,754 | Trade Debt | Contingent, Unliquidated |
| YRC | Martha Y Talavera PO Box 7914 Overland Park, KS 66207 Tel: 913-344-4589 | $702,106 | Trade Debt | Contingent, Unliquidated |
| Tongfang Global LLC | Erin Walters Tongfang Global /Element Electronics Corp. 10909 Valley View Rd., Eden Prairie, MN 55344 Tel: 952-641-6794 | $653,600 | Trade Debt | Contingent, Unliquidated |

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Amount of claim | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff |
|---|---|---|---|---|
| Sterling Commerce | Brett Ingram<br>Sterling Commerce (America), Inc.<br>4600 Lakehurst Ct.<br>PO Box 8000<br>Dublin, OH 43016<br>Tel: 614-790-8714 | $651,109 | Trade Debt | Contingent, Unliquidated |
| Hamilton Beach Brands Inc | James Taylor<br>4421 Waterfront Dr.<br>Glen Allen, VA  23060 | $518,076 | Trade Debt | Contingent, Unliquidated |
| Federal Express Freight East | Carol Breen<br>Department CH<br>PO Box 10306<br>Palentine, IL 60055<br>Tel: 870-741-9000 | $512,487 | Trade Debt | Contingent, Unliquidated |
| Sharp Appliances | Maggie DeLibero<br>SharpPlaza, P.O. Box 650 Mahwah, NJ 07495-1163<br>Tel: 201-684-6048 | $373,011 | Trade Debt | Contingent, Unliquidated |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Thomas P. Scrivo, Esq<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102-4079<br>Tel: (973) 565-2042 | $321,655 | Legal | Contingent, Unliquidated |
| Fuego North America LLC | Dan Popovich<br>1500 Sansome St., Roundhouse One, San Francisco, CA 94111<br>Tel: 925-830-2105 | $315,388 | Trade Debt | Contingent, Unliquidated |
| Helen of Troy LP | Paul Levy<br>#1 Helen of Troy Plaza<br>El Paso, TX  79912 | $298,950 | Trade Debt | Contingent, Unliquidated |
| Centon Electronics Inc. | Lilly Zhang<br>27412 Aliso Viejo Pkwy.<br>Aliso Viejo, CA 92656<br>Tel: 949-699-2045 | $273,112 | Trade Debt | Contingent, Unliquidated |
| Jarden Consumer Solutions | Richard Broxey<br>2381 Executive Center Drive<br>Boca Raton, FL 33431<br>Tel:  561-912-4597 | $272,237 | Trade Debt | Contingent, Unliquidated |
| Manhattan Associates | Dennis B. Story<br>2300 Windy Ridge Pkwy, 10th Floor<br>PO Box 405696<br>Atlanta, GA 30384<br>Tel: 770-955-7070 | $196,019 | Trade Debt | Contingent, Unliquidated |
| EB Excalibur | Lorraine Leal<br>18001 Old Cutler Road<br>Suite 556<br>Miami, FL 33157<br>Tel: 786-619-2828 | $175,418 | Trade Debt | Contingent, Unliquidated |

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Amount of claim | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff |
|---|---|---|---|---|
| Home Entertainment Source | Jim Ristow<br>100 S. Anaheim Blvd. #250<br>Anaheim, CA 92805-3872<br>Tel: 714-502-9620 | $171,231 | Trade Debt | Contingent, Unliquidated |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A
## CORPORATION OR PARTNERSHIP

I, the undersigned authorized person of ArchBrook Laguna Holdings LLC, named

as the debtor in this case (the "*Debtor*"), declare under penalty of perjury that I have reviewed

the consolidated list of Debtors' 30 largest unsecured creditors submitted with the petition of

ArchBrook Laguna Holdings LLC, and that the list is true and correct to the best of my

information and belief.

Dated: July __8__, 2011

By: _____
Authorized Person

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | Case No. 11-_____ ( ) |
| Debtors. | Joint Administration Requested |

## CORPORATE OWNERSHIP STATEMENT

In accordance with rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and

Local Bankruptcy Rule 1007-3, attached hereto is an organizational chart reflecting all of the

ownership interests of the above captioned debtors, as debtors in possession (collectively, the

"***Debtors***"), in each Debtor and ownership interests in non-Debtor affiliates and subsidiaries.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).



## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

Under 28 U.S.C. § 1746, I, Peter Handy, declare as follows under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information, and belief, with reliance on appropriate corporate resources.

Dated: July ___, 2011

By: _____
Authorized Person