AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, | ) | Case No. 11-13292 ( ) |
| Debtor, | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| ARCHBROOK LAGUNA LLC, | ) | |
| | ) | Case No. 11-13293 ( ) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| ARCHBROOK LAGUNA NEW YORK LLC, | ) | Case No. 11-13290 ( ) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| ARCHBROOK LAGUNA WEST LLC, | ) | Case No. 11-13294 ( ) |
| Debtor, | ) | |

| | |
|---|---|
| In re: ) <br> ) <br> CHIMERICA GLOBAL LOGISTICS LLC, ) <br> ) <br> Debtor, ) <br> ) | Chapter 11 <br><br> Case No. 11-13297 ( ) |
| In re: ) <br> ) <br> EXPERT WAREHOUSE LLC, ) <br> ) <br> Debtor, ) <br> ) | Chapter 11 <br><br> Case No. 11-13295 ( ) |
| In re: ) <br> ) <br> LEHRHOFF ABL LLC, ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 11-13296 ( ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

ArchBrook Laguna Holdings LLC ("***ArchBrook***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), file this Motion (the "***Motion***"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of their related chapter 11 cases.  In support of this Motion, the Debtors submit the Declaration of Daniel J. Boverman, Interim Chief Financial Officer, in Support of the First Day Pleadings (the "***Boverman Declaration***").  In further support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 101(2) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

4. On July 8, 2011 (the "**Petition Date**"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5. Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of ArchBrook Laguna Holdings LLC. A description of the Debtors' businesses, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the Boverman Declaration, which is being filed contemporaneously with this Motion.

**Relief Requested**

6. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases. Specifically, the Debtors request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than ArchBrook Laguna Holdings LLC, which is the principal operating Debtor entity, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of ArchBrook Laguna Holdings LLC, ArchBrook Laguna LLC,

Archbrook Laguna New York LLC, ArchBrook Laguna West LLC, Chimerica Global Logistics LLC, Expert Warehouse LLC and Lehrhoff ABL LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in, Case No. 11-13292.

7. The Debtors also request that the Court maintain one file and one docket for all of the jointly-administered cases under the case number of ArchBrook and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (   ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

8. The Debtors, with the assistance of their proposed claims and noticing agent, Garden City Group, Inc. ("*GCG*"), seek permission to maintain one service list which will be regularly updated and filed with the Court.

9. The Debtors will file a consolidated monthly operating report, but intend to track and break out disbursements on a debtor-by-debtor basis and, accordingly, will pay any fees due to the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") on a debtor-by-debtor basis.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

4

**Supporting Authority**

10. As set forth in the Boverman Declaration, the Debtors in these chapter 11 cases include ArchBrook and six other Debtors. Each Debtor is an "affiliate" of ArchBrook, as that term is defined in Bankruptcy Code section 101(2).

11. Rule 1015(b) of the Bankruptcy Rules provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As set forth above in the Boverman Declaration, two of the Debtors – Chimerica Global Logistics LLC and ArchBrook Laguna LLC[2] – are wholly owned subsidiaries of ArchBrook, which is the ultimate parent of all of the Debtors with the exception of Expert Warehouse LLC.

12. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these chapter 11 cases will affect each and every Debtor. Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Joint administration also will allow all parties in interest to monitor these cases with greater ease. Furthermore, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files for each of the Debtors and will simplify administrative supervision of these cases by the Office of the U.S. Trustee.

13. The joint administration of these chapter 11 cases will not give rise to any conflict of interest among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective creditors because the Debtors seek only administrative, not substantive, consolidation

---

[2] Archbrook Laguna LLC owns a 100% interest in ArchBrook Laguna West LLC, Lehrhoff ABL LLC and Archbrook Laguna New York LLC.

of their estates. Intercompany claims among the Debtors also will be preserved and each of the Debtors will maintain separate records of assets and liabilities. Thus, the relief requested will not harm individual creditors' rights; to the contrary, non-Debtor parties in interest will benefit from the cost reductions associated with the joint administration of these cases.

14. Courts in this district regularly grant relief similar to that requested herein; indeed, the entry of joint administration orders is common and generally uncontroversial in large chapter 11 cases in this district. *See, e.g.*, *In re TerreStar Networks Inc.*, No. 10-15446 (SHL) (Bankr. S.D.N.Y. Oct. 20, 2010) [Docket No. 32]; *In re Uno Restaurant Holdings Corp.,* No. 10-10209 (MG) (Bankr. S.D.N.Y. Jan. 20, 2010) [Docket No. 28]; *In re ION Media Networks, Inc.,* No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009) [Docket No. 27]; *In re DBSD N. Am. Inc.,* No. 09-13061 (REG) (Bankr. S.D.N.Y. May 21, 2009) [Docket No. 32]; *In re Chemtura Corp.,* No. 09-11233 (REG) (Bankr. S.D.N.Y. Mar. 19, 2009) [Docket No. 28].

15. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the chapter 11 cases.

## **Motion Practice**

16. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## **Notice**

17. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed

pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of these chapter 11 cases, and (b) grant such other further relief as is just, proper and equitable.

| | |
|---|---|
| New York, New York<br>Dated: July 8, 2011 | */s/ Ira S. Dizengoff*<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>(212) 872-1000 (Telephone)<br>(212) 872-1002 (Facsimile)<br>Ira S. Dizengoff<br>Michael P. Cooley<br>Alexis Freeman<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> ARCHBROOK LAGUNA HOLDINGS LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 11-13292 ( ) |
| In re: <br><br> ARCHBROOK LAGUNA LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 11-13293 ( ) |
| In re: <br><br> ARCHBROOK LAGUNA NEW YORK LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 11-13290 ( ) |
| In re: <br><br> ARCHBROOK LAGUNA WEST LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 11-13294 ( ) |
| In re: <br><br> CHIMERICA GLOBAL LOGISTICS LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 11-13297 ( ) |

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| EXPERT WAREHOUSE LLC, | ) | |
| | ) | Case No. 11-13295 ( ) |
| Debtor, | ) | |
| | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| LEHRHOFF ABL LLC, | ) | |
| | ) | Case No. 11-13296 ( ) |
| Debtor, | ) | |
| | ) | |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "***Motion***")[1] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order directing joint administration of the Debtors' related chapter 11 cases; and upon the Boverman Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue appearing proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 11-13292, the case number for ArchBrook Laguna Holdings LLC.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (   ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

4. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of ArchBrook Laguna Holdings LLC, ArchBrook Laguna LLC, Archbrook Laguna New York LLC, ArchBrook Laguna West LLC, Chimerica Global Logistics LLC, Expert Warehouse LLC and Lehrhoff ABL LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-13292.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

3

5. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and/or any notice and claims agent approved by this Court, updated and filed with the court and kept by the Clerk of the United States Bankruptcy Court for the Southern District of New York.

6. The Debtors shall file a consolidated monthly operating report, but shall track and break out disbursements on a debtor-by-debtor basis and, accordingly, shall pay any fees due to the United States Trustee for the Southern District of New York on a debtor-by-debtor basis.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the chapter 11 cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2011                        UNITED STATES BANKRUPTCY JUDGE