AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | Case No. 11-13292 (   ) |
| Debtors. | Joint Administration Requested |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (A) PREPARE AN ELECTRONIC LIST OF CREDITORS IN LIEU OF SUBMITTING AND FILING A FORMATTED MAILING MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS AND (C) MAIL INITIAL NOTICES

ArchBrook Laguna Holdings LLC ("***ArchBrook***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), file this motion (the "***Motion***"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to (a) prepare an electronic list of creditors in lieu of submitting and filing a formatted mailing matrix, (b) file a consolidated list of the Debtors' 30 largest unsecured creditors and (c) mail initial notices in connection with these chapter 11 cases. In support of this Motion, the Debtors submit the Declaration of Daniel J. Boverman, Interim Chief Financial Officer, in Support of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

First Day Pleadings (the "***Boverman Declaration***"). In further support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 521 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 1007(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rule 1007 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***").

### Background

4. On July 8, 2011 (the "***Petition Date***"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5. Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of ArchBrook Laguna Holdings LLC. A description of the Debtors' businesses, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the Boverman Declaration, which is being filed contemporaneously with this Motion.

## Basis for Relief

6. There are seven Debtor entities involved in these cases. The Debtors hold an aggregate of approximately $246,176,393 in assets and approximately $176,372,973 in liabilities as indicated in their most recent unaudited draft balance sheet. The Debtors anticipate that there will be numerous and voluminous mailings and significant notice burdens in these cases.

7. Contemporaneously with this Motion, the Debtors are seeking to retain Garden City Group, Inc. ("*GCG*") as notice and claims agent in connection with the chapter 11 cases (the "*Proposed Notice and Claims Agent*").[2] If that motion is granted, GCG will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database. Specifically, the Debtors propose that GCG undertake all mailings directed by the Court, the United States Trustee for the Southern District of New York (the "*U.S. Trustee*"), or as required by the Bankruptcy Code, including, without limitation, the notice of commencement of these chapter 11 cases. The Debtors believe that using GCG for these purposes will maximize efficiency in administering these cases and will ease administrative burdens that otherwise would fall upon the Debtors, the Court and the U.S. Trustee. Additionally, GCG will assist the Debtors in preparing, maintaining and updating an electronic list of creditors and mailing initial notices. With such assistance, the Debtors will be prepared to file a computer readable consolidated list of creditors and a list of equity security holders upon request and will be capable of undertaking all necessary mailings.

8. After consultation with GCG, the Debtors believe that preparing the consolidated list in the format or formats currently maintained in the ordinary course of business will be

---

[2] The request to retain GCG is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notices and other administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate. *See* 28 U.S.C. § 156(c).

sufficient to permit GCG to promptly notice all applicable parties. Accordingly, the Debtors believe that it will maximize efficiency and accuracy and reduce costs to maintain electronic lists of creditors and equity security holders rather than preparing and filing separate matrices.

## Relief Requested

9. By this Motion, and in accordance with General Orders M-408 and M-409 the Debtors seek entry of an order authorizing them to (a) prepare a consolidated list of creditors and a list of equity security holders in electronic format only, identifying their creditors in the format or formats currently maintained in the ordinary course of business in lieu of submitting and filing any required formatted mailing matrix, (b) file a consolidated list of the Debtors' 30 largest unsecured creditors and (c) mail initial notices through their Proposed Notice and Claims Agent.

## Supporting Authority

**A. Authority to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix**

10. Unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, Bankruptcy Code section 521(a), Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and General Order M-408 and General Order M-399 (Bankr. S.D.N.Y. May 17, 2010) require a debtor to file a list containing the name and address of each creditor (collectively, the "**Notice Rules**"), with the petition. Under General Order M-408, at the time of filing the petition, the debtor's counsel must (1) file the list of creditors on the docket <u>and</u> (2) upload the creditors' matrix into the ECF creditors' database. Further, and as discussed below, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address and claim of the creditors holding the twenty largest unsecured claims against the debtor. Further, Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 21 days' notice

by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

11. Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of submitting and filing a formatted creditor matrix, is warranted under the circumstances of these cases. Converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk and recurrence of error with respect to information already intact on computer systems maintained by the Debtors or their agents.

12. The Debtors, working together with their Proposed Notice and Claims Agent, have already prepared a single, consolidated list of the Debtors' creditors in electronic format. The Debtors are prepared to make that list available in electronic form to any party in interest who so requests (or in non electronic form at such requesting party's sole cost and expense) in lieu of submitting a formatted mailing matrix to the clerk of this Court and filing such matrix on the case docket.

13. Courts in this district regularly grant relief similar to that requested herein. *See, e.g., In re TerreStar Networks Inc.*, No. 10-15446 (SHL) (Bankr. S.D.N.Y. Oct. 20, 2010) [Docket No. 31]; *In re Uno Rest. Holdings Corp.*, No. 10-10209 (MG) (Bankr. S.D.N.Y. Jan. 20, 2010) [Docket No. 38]; *In re ION Media Networks, Inc.*, No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009) [Docket No. 33]; *In re DBSD N. Am. Inc.*, No. 09-13061 (REG) (Bankr. S.D.N.Y. May 21, 2009) [Docket No. 34]; *In re Chemtura Corp.*, No. 09-11233 (REG) (S.D.N.Y. April 1, 2009) [Docket No. 113].

B.  **Authority to File a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors**

14. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because many, if not most, of the creditors are shared among the Debtors such that there would be substantial overlap among the creditor lists, the Debtors request authority to file a single list of their 30 largest unsecured creditors as determined on a consolidated basis.

15. Because the top 20 lists of several of the Debtors would likely overlap, and certain other Debtors may have fewer than 20 identifiable unsecured creditors, the Debtors submit that filing separate top 20 lists would be of limited utility. In addition, the exercise of compiling separate top 20 creditor lists for each individual Debtor would consume an excessive amount of the Debtors' scarce time and resources. Moreover, as the Debtors will request the U.S. Trustee to appoint a single official committee of unsecured creditors, a consolidated list of the largest creditors is a more appropriate list of the Debtors' most significant unsecured creditors. As such, the Debtors believe filing a single consolidated list of the 30 largest unsecured creditors in the chapter 11 cases is appropriate. Similar relief has been granted in comparable chapter 11 cases in this district. *See, e.g., In re ION Media Networks, Inc.*, No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009) [Docket No. 33]; *In re DBSD N. Am. Inc.*, No. 09-13061 (REG) (Bankr. S.D.N.Y. May 21, 2009) [Docket No. 34]; *In re Chemtura Corp.*, No. 09-11233 (REG) (S.D.N.Y. April 1, 2009) [Docket No. 113].

C.  **Authority to Mail Initial Notices to Creditors**

16. As discussed above, the Debtors propose that GCG undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including,

without limitation, the notice of commencement of these chapter 11 cases. GCG's assistance with mailings and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee. With such assistance, the Debtors will be prepared to file a computer readable consolidated list of creditors and a list of equity security holders upon request and will be capable of undertaking all necessary mailings.

17. In addition, the Debtors propose that the following steps be taken to ensure the accuracy of its mailings and to limit unnecessary costs:

a. Before mailing the notice of commencement, the Proposed Notice and Claims Agent shall run the list of creditors and equity security holders through the United States Postal Service's National Change of Address ("*NCOA*") software to update any addresses provided by the Debtors based on their books and records. If the NCOA software determines that a mailing address has changed, the Proposed Notice and Claims Agent shall mail documents to the updated address and is under no obligation to mail to the original address.

b. If mail is returned to the Proposed Notice and Claims Agent as undeliverable with a forwarding address, the Proposed Notice and Claims Agent shall re-mail the document to the new address and update its mailing database accordingly.

c. If mail is returned to the Proposed Notice and Claims Agent as undeliverable with no forwarding address, the Proposed Notice and Claims Agent is under no further obligation to mail any notices or other pleadings to that address.

**Motion Practice**

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors respectfully submit that this Motion satisfies Local Rule 9013 1(a).

**Notice**

19. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to (i) prepare a list of creditors in lieu of submitting a formatted mailing matrix, (ii) file a list of the Debtors' 30 largest unsecured creditors as determined on a consolidated basis and (iii) mail initial notices; and (b) grant such other and further relief as is just, proper and equitable.

| | |
|---|---|
| New York, New York<br>Dated: July 8, 2011 | */s/ Ira S. Dizengoff*<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>(212) 872-1000 (Telephone)<br>(212) 872-1002 (Facsimile)<br>Ira S. Dizengoff<br>Michael P. Cooley<br>Alexis Freeman<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (   ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO (A) PREPARE AN ELECTRONIC LIST OF CREDITORS IN LIEU OF SUBMITTING AND FILING A FORMATTED MAILING MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS AND (C) MAIL INITIAL NOTICES**

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order authorizing the Debtors to (a) prepare an electronic list of creditors in lieu of submitting and filing a formatted mailing matrix, (b) file a consolidated list of the Debtors' 30 largest unsecured creditors and (c) mail initial notices; and upon the Boverman Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue appearing proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

IT IS ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized to file a consolidated list of their 30 largest unsecured creditors in the Debtors' chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3. In lieu of submitting a formatted mailing matrix to the clerk of the Court and filing such matrix on the case docket, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any party who so requests and in non electronic form at such requesting party's sole cost and expense.

4. The Debtors, with the assistance of the Proposed Notice and Claims Agent (upon this Court's authorization to engage GCG as the Debtors' Proposed Notice and Claims Agent), are authorized, but not directed, to mail initial notices, such as (a) a notice of filing of the chapter 11 cases and (b) any correspondence the Debtors may wish to send to creditors and equity security holders as part of the Debtors' communication efforts to keep their creditors and equity security holders informed with respect to the status of the chapter 11 cases.

5. The Debtors, with the assistance of the Proposed Notice and Claims Agent, are authorized to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including, but not limited to, the notice of commencement and any other correspondence that the Debtors may wish to send to creditors and equity security holders.

6. The Proposed Notice and Claims Agent shall run the list of creditors and equity security holders through the United States Postal Service's National Change of Address ("*NCOA*") software and update any mailing addresses accordingly. If the NCOA software

determines that a mailing address has changed, the Proposed Notice and Claims Agent shall mail documents to the updated address and is under no obligation to mail to the original address.

7. If mail is returned to the Proposed Notice and Claims Agent as undeliverable with a forwarding address, the Proposed Notice and Claims Agent shall re-mail the document to the new address and update its mailing database accordingly. If mail is returned to the Proposed Notice and Claims Agent as undeliverable with no forwarding address, the Proposed Notice and Claims Agent is under no further obligation to mail any notices or other pleadings to that address.

8. The Debtors and the Proposed Notice and Claims Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2011               UNITED STATES BANKRUPTCY JUDGE