AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 11-13292 ( ) |
| Debtors. | ) ) | Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

ArchBrook Laguna Holdings LLC ("**ArchBrook**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), file this motion (the "**Motion**"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' businesses. In support of this Motion, the Debtors submit the Declaration of Daniel J. Boverman, Interim Chief Financial Officer, in Support of the First Day Pleadings (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

"***Boverman Declaration***"). In further support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327, 328, 330 and 331 of title 11 of the United States Code (the "***Bankruptcy Code***").

### Background

4. On July 8, 2011 (the "***Petition Date***"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5. Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of ArchBrook Laguna Holdings LLC. A description of the Debtors' businesses, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the Boverman Declaration, which is being filed contemporaneously with this Motion.

### Basis for Relief

**A.    The Ordinary Course Professionals**

6. As described in the Boverman Declaration, the Debtors employ various attorneys in the ordinary course of their businesses (each, an "***OCP***" and, collectively, the "***OCPs***"). The

OCPs provide services for the Debtors in a variety of matters unrelated to these chapter 11 cases, including legal services with regard to specialized areas of the law, such as tax, corporate governance, labor and employment, immigration and commercial disputes.  A list of the Debtors' current OCPs is attached hereto as **Exhibit B**.[2]

7. The Debtors submit that the continued employment and compensation of the OCPs is in the best interests of their estates, creditors and other parties in interest.  Although the Debtors anticipate that the OCPs will wish to continue to represent the Debtors during these chapter 11 cases, many would not be in a position to do so if the Debtors could not pay them on a regular basis.  Without the background knowledge, expertise and familiarity that the OCPs have relative to the Debtors and their operations, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals.  Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operation of the Debtors' businesses.  Moreover, in light of the number of OCPs, and the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.

8. Although some of the OCPs may hold relatively small unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not

---

[2] The Debtors continue to review the list of OCPs and, to the extent of any changes, will supplement such list with separate filings on the Court's docket.

believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors or other parties in interest.

B. **The Proposed OCP Procedures**

9. The Debtors have designed streamlined procedures for retention and compensation of OCPs after the Petition Date, as reflected on **Exhibit 1** to **Exhibit A** attached hereto (the "*OCP Procedures*"). Briefly, the OCP Procedures will permit the Debtors to employ OCPs upon the filing of a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 2** to **Exhibit A** (the "*Declaration of Disinterestedness*"), and a brief objection period for certain parties, including the United States Trustee for the Southern District of New York and any statutory committee appointed in these chapter 11 cases (collectively, the "*Notice Parties*"). Among other things, each Declaration of Disinterestedness will state that the respective OCP does not have any material interest adverse to the Debtors or their estates.

10. The OCP Procedures further provide that fees and expenses for each OCP, excluding costs and disbursements, do not exceed $50,000 per month (the "*OCP Monthly Cap*") and that each OCP's fees, excluding costs and disbursements, do not exceed $200,000 in the aggregate for these chapter 11 cases (the "*OCP Case Cap*"). Additionally, the Debtors seek to reserve the right to retain additional OCPs from time to time during these cases by (a) including such OCPs on an amended version of **Exhibit B** attached hereto, to be filed with the Court and served on the Notice Parties and (b) having such OCPs comply with the OCP Procedures.[3]

**Relief Requested**

11. By this Motion, the Debtors seek authority to continue, in their sole discretion, to retain and compensate the OCPs on a postpetition basis in accordance with the OCP Procedures,

---

[3] For the avoidance of doubt, except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

4

without the need for each OCP to file formal applications for retention and compensation pursuant to Bankruptcy Code sections 327, 328, 330 and 331.

## Supporting Authority

12. In determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327 and, therefore, must be retained by express approval of the Court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g.*, *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."); *In re Drexel Burnham Lambert Grp. Inc.*, 112 B.R. 584, 587 (Bankr. S.D.N.Y. 1990) (same). Courts often consider the following factors in determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327:

    a. whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

    b. whether the entity is involved in negotiating the terms of a plan of reorganization;

    c. whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

    d. whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

    e. the extent of the entity's involvement in the administration of the debtor's estate; and

    f. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See*, *e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring Bankruptcy Code section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under Bankruptcy Code section 327).

13. The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of Bankruptcy Code section 327. None of the factors alone is dispositive. Considering all of the factors, the Debtors do not believe that the OCPs are "professionals" requiring a full retention under Bankruptcy Code section 327. The OCPs will not be involved in the administration of these chapter 11 cases. Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and payment of the OCPs and thereby avoid any subsequent controversy with respect thereto.

14. Courts in this district regularly grant relief similar to that requested herein. *See, e.g., In re Terrestar Networks Inc.,* No. 10-15446 (SHL) (Bankr. S.D.N.Y. Nov. 17, 2010) [Docket No. 173]; *In re ION Media Networks, Inc.,* No. 09-13125 (JMP) (Bankr. S.D.N.Y. June 26, 2009) [Docket No. 107] (approving $50,000 monthly cap); *In re DBSD N. Am. Inc.,* No. 09-

13061 (REG) (Bankr. S.D.N.Y. June 5, 2009) [Docket No. 88] (same); *In re Chemtura Corp.*, No. 09-11233 (REG) (Bankr. S.D.N.Y. Apr. 13, 2009) [Docket No. 181] (same).

15. The Debtors and their estates would be well served by continued retention of the OCPs because of their established relationships with the Debtors and understanding of the Debtors and their operations.

16. In light of the substantial number of OCPs, and the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. Therefore, the Debtors submit it is in the best interests of all creditors and parties in interest to avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' businesses by retaining and compensating the OCPs in accordance with the Compensation Procedures in the Debtors' discretion within the ordinary course of their businesses.

## **Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

17. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). Pursuant to Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the payments proposed herein are essential to prevent potentially irreparable damage to the Debtors' operations, value, and ability to reorganize. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14 day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

**Motion Practice**

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

**Notice**

19. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and compensate OCPs in accordance with the OCP Procedures and (b) grant such other and further relief as is just, proper and equitable.

New York, New York
Dated: July 8, 2011

*/s/Ira S. Dizengoff*
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 ( ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## ORDER AUTHORIZING THE DEBTORS' RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' businesses; and upon the Boverman Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2. The Debtors are authorized, in their discretion, to retain and pay reasonable fees and expenses for the services of attorneys in the ordinary course of their businesses.

3. The procedures for the retention and compensation of OCPs set forth on **Exhibit 1** attached hereto, including the form of the Declaration of Disinterestedness attached hereto as **Exhibit 2**, are hereby approved in their entirety.

4. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this order from any amounts loaned to the Debtors pursuant to the debtor in possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor in possession financing agreement.

5. Notwithstanding the possible applicability of Rules 6004(a) and 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: _____, 2011                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (   ) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

**RETENTION AND COMPENSATION
PROCEDURES FOR ORDINARY COURSE PROFESSIONALS**

The following procedures (the "***OCP Procedures***") shall govern the retention of professionals retained by the above-captioned debtors (collectively, the "***Debtors***") in the ordinary course of business (each, an "***OCP***," and collectively, the "***OCPs***"):[2]

a.  Each OCP shall file with the Court and serve a declaration of disinterestedness (each, a "***Declaration of Disinterestedness***") substantially in the form attached hereto as **Exhibit 2** upon: (i) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq. and Alexis Freeman, Esq.; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Susan Golden; (iii) Latham & Watkins LLP, counsel to the administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility; 885 Third Avenue, New York, NY, Attn: Roger Schwartz; and (iv) counsel for any statutory committee appointed in these chapter 11 cases (collectively, the "***Notice Parties***").

b.  The Notice Parties shall have 10 days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "***Objection Deadline***"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be resolved within 10 days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 15 days from that date or on a date otherwise agreed to by the parties. The Debtors shall not be authorized to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

retain and pay such OCP until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

c.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to an OCP, the Debtors shall be authorized to retain and pay that OCP in accordance with these OCP Procedures.

d.  The Debtors are authorized to pay any retained OCP, without formal application to the Court, 100% of fees and disbursements upon submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date and the fees and disbursements related thereto; *provided*, *however*, that each OCP's fees, excluding costs and disbursements, do not exceed (i) $50,000 per month (the "***OCP Monthly Cap***") or (ii) an aggregate of $200,000 while these chapter 11 cases are pending (the ***"OCP Case Cap")***.

e.  To the extent that fees payable to any OCP exceed the OCP Monthly Cap set forth in paragraph (d) above, the OCP shall file a fee application (a "***Fee Application***") with the Court for the amount in excess of the OCP Monthly Cap in accordance with sections 330 and 331 of title 11 of the United States Code (the "***Bankruptcy Code***"), the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court, unless the United States Trustee agrees otherwise.

f.  If an OCP exceeds the OCP Case Cap set forth in paragraph (d) above, the OCP shall file a retention application with the Court pursuant to Bankruptcy Code section 327, unless the United States Trustee and counsel for any statutory committee appointed in these cases agrees otherwise.

g.  At three-month intervals during the pendency of these chapter 11 cases beginning on July 8, 2011 through October 7, 2011 and for each three month period thereafter (each, a "***Quarter***"), the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after the end of such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

h.  The Debtors may retain additional OCPs from time to time during these chapter 11 cases by (i) including each additional OCPs on an amended version of **Exhibit B** attached to the Motion that shall be filed with the Court and served on the Notice Parties and (ii) having such additional OCP otherwise comply with the OCP Procedures.

# EXHIBIT 2

# Form Declaration of Disinterestedness

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 ( ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## DECLARATION OF DISINTERESTEDNESS OF [OCP NAME] IN SUPPORT OF RETENTION AS ORDINARY COURSE PROFESSIONAL

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct:

1. I am a _____ of _____, located at _____ (the "**Firm**").

2. The above-captioned debtors (collectively, the "***Debtors***") have requested that the Firm provide [service description] services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates, except as follows: [PROFESSIONAL TO INSERT DISCLOSURE OF ANY NON-MATERIAL POTENTIALLY ADVERSE INTEREST TO THE DEBTORS.]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director or officer of, or professional retained by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director or officer of, or professional retained by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained, except as follows: [PROFESSIONAL TO INSERT DISCLOSURE OF ANY NON-MATERIAL POTENTIALLY ADVERSE INTEREST TO THE DEBTORS.]

7. The Debtors owe the Firm $[_____] for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Executed on
Date: _____, 2011

Name:
Title:

# EXHIBIT B

**List of Ordinary Course Professionals**

# List of Ordinary Course Professionals

| Names | Address | Professional Area | Description of Services |
|---|---|---|---|
| Bondurant, Mixson & Elmore, LLC | 3900 One Atlantic Center, 1201 West Peachtree Street NW, Atlanta, GA 30309 | Legal | Defends company in the Marsh litigation |
| Carruthers & Roth, P.A. | 235 N. Edgeworth Street, P.O. Box 540, Greensboro, NC 27402 | Legal | Defends company in wholly unrelated bankruptcy claw-back suits |
| Christian & Barton LLP | 900 East Main St, Suite 1200 Richmond, VA 23219 | Legal | Defends company in preference actions in Circuit City and Linens 'N Things bankruptcy cases |
| Cross & Simon, LLC | 913 North Market St., 11th floor, P.O. Box 1380, Wilmington, DE 19899 | Legal | Defends company in preference litigation in the Circuit City bankruptcy case |
| Duane Morris LLP | 30 South 17th Street, Philadelphia, PA 19103 | Legal | Provides general corporate governance advice |
| Gibbons, P.C. | 2410 Yates Ave., Commerce, CA 90040 | Legal | Represents company in mediation in the New Age litigation |
| Mcelroy, Deutsch, Mulvaney & Carpenter, LLP | 1300 Mount Kemble Ave., Morristown, NJ 7962 | Legal | Represents company in business torts litigation |
| Seyfarth Shaw LLP | 131 South Dearborn Street, #2400 Chicago, IL 60603<br>3801 Collections Center Drive, Chicago, IL 60603 | Legal | Labor and employment counsel |
| Sharma Yaskhi & Ishar LLP | 12 West 31st St 7th floor, Manhattan, NY 10001 | Legal | Immigration advice with employee related matter |
| O'Toole Fernandez Weiner Van Lieu | 60 Pompton Avenue, Verona, NJ 07044 | Legal | Defends company in breach of contract litigation |