AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) Case No. 11-13292 (    ) |
| Debtors. | ) Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY
TAXES AND FEES AND (B) AUTHORIZING FINANCIAL INSTITUTIONS
TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

ArchBrook Laguna Holdings LLC ("***ArchBrook***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), file this Motion (the "***Motion***"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing, but not directing, the Debtors to pay certain business, franchise, income, personal property, sales and use, goods and services, excise, income and other taxes and (b) authorizing financial institutions to receive, process, honor, and pay checks presented for payment and electronic payment requests relating to the foregoing. In support of this Motion, the Debtors submit the Declaration

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

of Daniel J. Boverman, Interim Chief Financial Officer, in Support of the First Day Pleadings (the "**Boverman Declaration**"). In further support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**").

## Background

4. On July 8, 2011 (the "**Petition Date**"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5. Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of ArchBrook Laguna Holdings LLC. A description of the Debtors' businesses, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the Boverman Declaration, which is being filed contemporaneously with this Motion.

## Basis for Relief

6. In the ordinary course of their businesses, the Debtors: (a) collect and incur taxes, including certain business, franchise, income, personal property, sales and use, goods and services, excise and other taxes[2] in operating their businesses (collectively, the "***Taxes***"); (b) charge fees and other similar charges and assessments (collectively, the "***Fees***") on behalf of various taxing, licensing and other governmental authorities (collectively, the "***Authorities***"); and (c) pay Fees to such Authorities for licenses and permits required to conduct the Debtors' businesses in the ordinary course. The Debtors pay the Taxes and Fees monthly, quarterly or annually to the respective Authorities, in each case as required by applicable laws and regulations.

7. The Debtors' failure to pay the Taxes and Fees could materially and adversely impact the Debtors' business operations in several ways. The Authorities may initiate audits of the Debtors, which would unnecessarily divert the Debtors' attention from the tasks required by the reorganization process at a critical time for the Debtors' businesses. The Authorities may also attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay and pursue other remedies that will be administratively burdensome to the estates. Furthermore, certain directors and officers could be subject to personal liability, which would likely distract those key personnel from their duties related to the Debtors' restructuring. Moreover, with respect to the Fees, the Debtors' failure to pay such Fees to the Authorities and other relevant

---

[2] The Debtors do not seek authority to collect and pay state and federal employee withholding taxes under this motion but rather request such authority as part of the Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing, but not Directing, Debtors (I) to Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (II) to Pay and Honor Employee Medical and Other Benefits and (III) to Continue Employee Benefits Programs and (B) Authorizing Financial Institutions to Honor All Related Checks and Electronic Payment Requests, filed concurrently herewith.

third parties would cause the Debtors to incur late fees, penalties and other charges in addition to the Fees.

A.  **State Sales Taxes**

8. In the ordinary course of business, the Debtors purchase equipment necessary to the Debtors' business operations for which the applicable state taxing authorities require the Debtors to pay sales taxes. The Debtors pay sales taxes on a monthly, quarterly or annual basis, and remit approximately $57,500 in the aggregate in sales taxes per year to certain of the Authorities. The Debtors estimate that, as of the Petition Date, they have approximately $6,000 in accrued, unpaid prepetition use taxes.

B.  **State Property Taxes**

9. Under applicable law, state and local governments in jurisdictions where the Debtors' operations are located, including Georgia, Nevada and New Jersey, are granted the authority to levy property taxes against real and personal property. The Debtors generally do not own real property, but typically pay approximately $45,000 per year in property taxes on their personal property in the ordinary course of business as such taxes are invoiced. The Debtors estimate that, as of the Petition Date, they have approximately $35,000 in accrued, unpaid property taxes that will come due on October 15, 2011.

C.  **Business and Partnership Taxes and Annual Reporting Fees**

10. Certain states require the Debtors to pay various business and partnership taxes. These taxes may be based on gross receipts or other bases determined by the taxing jurisdiction. Further, certain states require the Debtors to pay annual reporting fees to state governments to remain in good standing for purposes of conducting business within the state. The Debtors pay approximately $140,000 per year with respect to these various business and partnership taxes and annual reporting fees. The Debtors estimate that, as of the Petition Date, they have

approximately $74,079 in accrued, unpaid prepetition business and partnership taxes and annual reporting fees. The Debtors acknowledge that some of these business taxes and annual reporting fees may, under applicable law, be entitled to a priority claim.

**D.    Franchise and Income Taxes**

11.    The Debtors pay franchise taxes to the states of California and Texas to operate their businesses in these states. These franchise taxes are paid on an annual basis, in the approximate aggregate amount of $26,800. The Debtors estimate that, as of the Petition Date, there are no amounts owing to the various Authorities with respect to prepetition franchise taxes.

12.    In addition, the Debtors pay income taxes to the states of New Jersey and Pennsylvania. The income taxes are paid on an annual basis, in the approximate aggregate amount of $160,500. The Debtors estimate that, as of the Petition Date, there are no amounts owing with respect to prepetition income taxes.

## Relief Requested

13.    By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Code sections 105(a), 363(b), 507(a)(8) and 541, authorizing, but not directing, the Debtors to pay any amounts that may come due on account of prepetition claims relating to certain business, franchise, personal property, sales and use, goods and services, excise and other Taxes, as well as certain annual reporting fees.

14.    The Debtors further request that the Court authorize financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing, whether such checks were presented or electronic requests were submitted before or after the Petition Date, and that all such financial institutions be authorized to rely on the Debtors' designation of any particular check or electronic payment request as appropriate pursuant to this Motion.

## Supporting Authority

A. **Certain of the Taxes and Fees May Not be Property of the Debtors' Estates**

15. Bankruptcy Code section 541(d) provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

16. Certain of the Taxes and Fees may constitute "trust fund" taxes, which the Debtors are required to collect from their customers and hold in trust for payment to the Authorities. As a result, courts have held that such taxes are not part of a debtor's estate. *See, e.g.*, *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57-60 (1990) (holding that any prepetition payment of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's property); *Shank v. Wash. State Dept. of Revenue (In re Shank)*, 792 F.2d 829, 833 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435-36 (2d Cir. 1985) (same). To the extent these "trust fund" taxes are collected, they are not property of the Debtors' estates under section 541(d). *See, e.g.*, *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 104-105 (Bankr. E.D. Pa. 1987); *Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*, 155 F.3d 718, 721-22 (4th Cir. 1998) (funds from various lenders held by closing agent in trust for designated third parties are not property of debtor's estate). The Debtors, therefore, generally do not have an equitable interest in funds held on account of such "trust fund" taxes, and the Debtors should be permitted to pay those funds to the Authorities as they become due.

17. Additionally, a constructive trust may be imposed on collected taxes where there exists a reasonable nexus between the funds and the taxes in question. *See In re Integrated Health Servs., Inc.*, 344 B.R. 262, 270 (Bankr. D. Del. 2006). The Debtors, therefore, may not have a legally cognizable interest in funds held on account of such "trust fund" taxes and, accordingly, such taxes, which generally consist of sales taxes, would not constitute "property of the [Debtors'] estate[s]" as such term is defined in Bankruptcy Code section 541. The Debtors should be permitted to pay such funds to the Authorities as they become due.

**B. Certain of the Taxes and Fees May Constitute Secured or Priority Claims Entitled to Special Treatment**

18. Payment of certain of the Taxes and Fees likely will give the Authorities no more than what they otherwise would be entitled to receive under a chapter 11 plan. Such payment at this time will save the Debtors interest expense, legal expense and penalties that otherwise might accrue on the Taxes during these chapter 11 cases.

19. Claims for some or all of the use taxes owed by the Debtors are or may be entitled to priority status under Bankruptcy Code section 507(a)(8). Section 507(a)(8) provides that claims entitled to priority status include unsecured claims of governmental units for: (a) taxes on or measured by income or gross receipts for a taxable year ending on or before the Petition Date, for which a return, if required, is last due after three years prior to the Petition Date, and which is assessed within 240 days before the Petition Date (*see* 11 U.S.C. § 507(a)(8)(A)); (b) property taxes incurred before the Petition Date and last payable without penalty after one year before the Petition Date (*see* 11 U.S.C. § 507(a)(8)(B)); and (c) taxes required to be collected or withheld and for which the Debtor is liable in whatever capacity (*see* 11 U.S.C. § 507(a)(8)(C)). Moreover, to the extent that the Taxes and Fees are entitled to priority treatment under Bankruptcy Code section 507(a)(8)(B), the governmental unit also may attempt to assess

7

penalties. *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").

20. In addition, certain of the Taxes and Fees may be the subject of tax liens. Arguably, the relation back of a tax lien to the assessment or tax status date generally does not affect the enforceability of the tax lien against a debtor or violate the automatic stay imposed by Bankruptcy Code section 362(a). *See* 11 U.S.C. § 362(b)(3). In fact, the creation and perfection of such a lien may not violate the automatic stay. *See* 11 U.S.C. § 362(b)(18) (automatic stay does not apply to "the creation or perfection of a statutory lien for an ad valorem property tax, or a special tax or special assessment on real property whether or not ad valorem, imposed by a governmental unit, if such tax or assessment comes due after the date of the filing of the petition."); *see also* 3 Alan N. Resnick & Henry J. Sommer, COLLIER ON BANKRUPTCY ¶ 362.05[17] (15TH REV. ED.) (section 362(b)(18) reversed case law that had held that the creation of a statutory lien for ad valorem property taxes violated the automatic stay). Thus, the Debtors' failure to pay their property taxes, for example, may inadvertently increase the scope of priority claims held against the Debtors' estates.

21. Indeed, absent the granting of the relief requested herein, many Authorities may hold oversecured claims against the Debtors' estates related to the Taxes and Fees. The Bankruptcy Code provides that oversecured claims accrue interest during the pendency of a chapter 11 case. *See* 11 U.S.C. § 506(b); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241-43 (1989) (nonconsensual lienholders may receive interest on their claims under Bankruptcy Code section 506(b)). If the Debtors are required to pay interest on such tax claims, Bankruptcy Code section 511 provides that "the rate of interest shall be the rate determined under applicable nonbankruptcy law," which rate may exceed prevailing market interest rates by a considerable

degree. *See* 11 U.S.C. § 511(a). Accordingly, prompt payment of the Taxes and Fees may eliminate claims for interest at these high rates for any secured claims.

22. In addition, Claims entitled to priority status pursuant to Bankruptcy Code section 507(a)(8) must be paid in full pursuant to a confirmable plan of reorganization under Bankruptcy Code section 1129(a)(9)(c). Thus, payment of the Taxes and Fees at this time only affects the timing of the payment for the vast majority of the amounts at issue and therefore should not unduly prejudice the rights of other creditors.

C. **Payment of the Taxes and Fees May Eliminate Unnecessary Distractions from Reorganization Efforts**

23. If the Debtors fail to pay the Taxes and Fees in a timely manner, the Authorities may assert that the Debtors' directors and officers are personally liable for payment of the Taxes and Fees. This is the case even if the failure to pay such Taxes and Fees was not a result of malfeasance on their part. Any litigation related to the failure to pay Taxes and Fees would prove distracting for the Debtors, their named directors and officers, as well as this Court, which may be asked to entertain various motions seeking injunctions relating to potential court actions. As such, it is in the best interests of the Debtors' estates to eliminate the possibility of these distractions and to enable the Debtors to continue operating without interruption.

D. **Ample Authority Exists to Support Payment of the Taxes and Fees**

24. The Court may grant the relief requested herein pursuant to Bankruptcy Code section 363 where a sound business purpose exists for doing so. Bankruptcy Code section 363(b) provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). Under Bankruptcy Code section 363, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989)

(finding that a sound business justification existed to justify payment of prepetition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on Bankruptcy Code section 363 to allow contractor to pay prepetition claims for suppliers who were potential lien claimants because the payments were necessary for general contractor to release funds owed to debtors). As discussed herein, paying the Taxes and Fees will benefit the estate and its creditors by allowing the Debtors' operations to continue without interruption and by reducing both the amount and priority of claims that could be asserted against the Debtors' estates. Moreover, failure to pay some of the Fees, may result in a loss of the Debtors' business licenses, which, in turn, would bring the Debtors' operations to a halt.

25. The Court may rely on its general equitable powers to grant the relief requested in this Motion as codified in Bankruptcy Code section 105(a) to the extent any of the Taxes and Fees may not constitute "trust fund" taxes in a particular jurisdiction. Bankruptcy Code section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R. at 175–76 (citing *Miltenberger v. Logansport, C. & S. W. Ry. Co.*, 106 U.S. 286 (1882)). Section 105(a) authorizes a court to "permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999).

26. Application of Bankruptcy Code section 105(a) in the context of this Motion is appropriate because the relief requested herein is consistent with the rehabilitative policy of

chapter 11 of the Bankruptcy Code. A debtor in possession is a fiduciary with a duty to protect and preserve the estate, including the value of the business as a going concern. *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this [fiduciary] duty can only be fulfilled by the preplan satisfaction of a prepetition claim."). Absent the relief requested herein, the Debtors' businesses could be significantly disrupted. As discussed more fully herein, the Debtors could incur penalties and liens arising from their failure to pay the Taxes and Fees, thereby increasing unnecessarily both the value and priority of claims against their estates — all to the detriment of the Debtors and their stakeholders. The Debtors' key personnel could also be exposed to personal liability and needlessly distracted from the present reorganization. Thus, granting the relief requested in this Motion will enhance the likelihood of the Debtors' successful rehabilitation, maximize the value of the estates' assets and thus benefit the estates' creditors.

27. Courts in this district regularly grant relief similar to that requested herein. *See, e.g., In re Terrestar Networks Inc.,* No. 10-15446 (SHL) (Bankr. S.D.N.Y. Oct. 19, 2010) [Docket No. 172]; *In re Uno Rest. Holdings Corp.,* No. 10-10209 (MG) (Bankr. S.D.N.Y. Feb. 17, 2010) [Docket No. 145]; *In re ION Media Networks, Inc.,* No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009) [Docket No. 29]; *In re DBSD N. Am. Inc.,* No. 09-13061 (REG) (Bankr. S.D.N.Y. June 5, 2009) [Docket No. 87]; *In re Chemtura Corp.,* No. 09-11233 (REG) (Bankr. S.D.N.Y. April 13, 2009) [Docket No. 180].

**E.  Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers**

28. The Debtors represent that they have sufficient availability of funds to pay the amounts described herein in the ordinary course of business by virtue of cash reserves, expected cash flows from ongoing business operations and anticipated access to debtor in possession

financing. Also, under the Debtors' existing cash management system, the Debtors represent that checks or wire transfer requests can be readily identified as relating to an authorized payment made to an Authority. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently and that all applicable financial institutions should be authorized, when requested by the Debtors, to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Taxes and Fees.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

29. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). Pursuant to Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the payments proposed herein are essential to prevent potentially irreparable damage to the Debtors' operations, value, and ability to reorganize. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14 day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

### Debtors' Reservation of Rights

30. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any claim. The Debtors expressly reserve their rights to contest any claim of an Authority under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an

admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Motion Practice

31. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

32. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing, but not directing, the Debtors to pay certain business, franchise, personal property, sales and use, goods and services, excise and other Taxes, as well as certain annual reporting and regulatory fees and (ii) authorizing and directing banks and other financial institutions to receive, process, honor, and pay checks presented for payment and electronic payment requests relating to the foregoing and (b) grant such other and further relief as is just, proper and equitable.

| | |
|---|---|
| New York, New York<br>Dated: July 8, 2011 | */s/ Ira S. Dizengoff*<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>(212) 872-1000 (Telephone)<br>(212) 872-1002 (Facsimile)<br>Ira S. Dizengoff<br>Michael P. Cooley<br>Alexis Freeman<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (   ) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

ORDER (A) AUTHORIZING,
BUT NOT DIRECTING, THE DEBTORS TO PAY
TAXES AND FEES AND (B) AUTHORIZING FINANCIAL INSTITUTIONS
TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order (a) authorizing, but not directing, the Debtors to pay certain business, franchise, income, personal property, sales and use, goods and services, excise and other Taxes, as well as certain annual reporting fees and (b) authorizing financial institutions to receive, process, honor, and pay checks presented for payment and electronic payment requests relating to the foregoing; and upon the Boverman Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, in their sole discretion, to pay prepetition claims relating to certain business, franchise, income, personal property, sales and use, goods and services, excise and other Taxes, as well as certain annual reporting fees (as more fully described in the Motion) as may be necessary.

3. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

4. Neither the Debtors nor any other party in interest concedes that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Order are valid, and the Debtors expressly reserve the right to contest the extent, validity or perfection or seek the avoidance of all such liens.

5. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor in possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor in possession financing agreement.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute (a) an admission to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to Bankruptcy Code section 365.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding the possible applicability of Rules 6004(a) and 6004(h) of the Federal Rules of Bankruptcy Procedure or, otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2011              UNITED STATES BANKRUPTCY JUDGE