AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (    ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

ArchBrook Laguna Holdings LLC ("***ArchBrook***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), file this motion (the "***Motion***"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, determining adequate assurance of payment for future utility services. In support of this Motion, the Debtors submit the Declaration of Daniel J. Boverman, Interim Chief Financial Officer, in Support of the First Day Pleadings (the "***Boverman Declaration***"). In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

**Jurisdiction**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory basis for the relief requested herein is section 366 of title 11 of the United States Code (the "***Bankruptcy Code***").

**Background**

4.     On July 8, 2011 (the "***Petition Date***"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5.     Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of ArchBrook Laguna Holdings LLC.  A description of the Debtors' businesses, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the Boverman Declaration, which is being filed contemporaneously with this Motion.

**Basis for Relief**

A.     **The Utility Providers**

6.     As described in the Boverman Declaration, in the ordinary course of their businesses, the Debtors incur utility expenses for electric, water, telephone, internet, fuel and other similar utility services.  Approximately 26 utility providers (collectively, the "***Utility Providers***") provide these services through approximately 30 accounts.  A list of the Utility

Providers rendering services to the Debtors as of the Petition Date (the "***Utility Service List***") is attached hereto as **Exhibit B**.[2] On average, the Debtors spend approximately $96,961.00 each month on utility costs.

7.     The Utility Providers service the Debtors' corporate headquarters, storage facilities and operation centers. Preserving utility services on an uninterrupted basis is essential to the Debtors' ongoing operations and, therefore, to the success of their reorganization. Indeed, any interruption in utility services, even for a brief period of time, would disrupt the Debtors' ability to continue operations. Such a result could seriously jeopardize the Debtors' reorganization efforts and, ultimately, value and creditor recoveries. It is critical that utility services continue uninterrupted during these chapter 11 cases.

**B.     The Proposed Adequate Assurance**

8.     The Debtors intend to pay postpetition obligations owed to the Utility Providers in a timely manner. Contemporaneously herewith, the Debtors have filed a motion seeking approval to enter into a $50 million debtor in possession credit facility (the "***Proposed DIP Facility***"). The Debtors expect that cash flows from operations and borrowings under the Proposed DIP Facility will be sufficient to pay postpetition obligations related to their utility services.

9.     Nevertheless, to provide additional assurance of payment for future services to the Utility Providers, the Debtors propose to deposit $48,480.50 – which represents an amount equal to the estimated aggregate cost for two weeks of utility service, calculated based on the historical

---

[2]   Although the Debtors believe that the Utility Service List includes all of their Utility Providers, the Debtors reserve the right to supplement the list if they have inadvertently omitted any Utility Provider. Additionally, the listing of any entity on the Utility Service List is not an admission that such entity is a utility within the meaning of Bankruptcy Code section 366, and the Debtors reserve the right to contest any such characterization in the future.

average over the past 12 months (the "***Adequate Assurance Deposit***") – into a newly created, segregated interest-bearing account (the "***Utility Deposit Account***") for the benefit of Utility Providers on or before the date that is 21 days after the Petition Date.[3]

10.     In the event that the Debtors amend the Utility Service List to add one or more additional Utility Providers, the Debtors shall promptly add to the Adequate Assurance Deposit in the Utility Deposit Account the estimated amount equivalent to two weeks of utility services for each subsequently-added Utility Provider.

11.     The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' demonstrated ability to pay for future utility services in the ordinary course of business (together, the "***Proposed Adequate Assurance***"), constitutes sufficient adequate assurance to the Utility Providers in full satisfaction of Bankruptcy Code section 366.

**C.     The Proposed Adequate Assurance Procedures**

12.     Notwithstanding the Proposed Adequate Assurance, if a Utility Provider is not satisfied that the establishment of the Utility Deposit Account and the Adequate Assurance Deposit provide adequate assurance of future payment, any such Utility Provider may make additional requests for adequate assurance pursuant to the procedures set forth herein (the "***Adequate Assurance Procedures***" a copy of which are also attached hereto as **Exhibit C**). Specifically, the Debtors propose that any Utility Provider that desires to request additional or different adequate assurance of future payment (each, an "***Additional Assurance Request***") must do so in accordance with the Adequate Assurance Procedures, as follows:

---

[3]  The Debtors further request that any Adequate Assurance Deposit required by, and deposited into the Utility Deposit Account on behalf of any Utility Provider, be returned to the Debtors at the conclusion of these chapter 11 cases, if not applied earlier by the Utility Providers.

a. Any Additional Assurance Request must be sent so that it is received by the following parties: (i) ArchBrook Laguna Holdings LLC, 350 Starke Road, Suite 400, Carlstadt, New Jersey 07072, Attn: Daniel J. Boverman; ArchBrook Laguna LLC, 3960 Royal Drive, Kennesaw, Georgia 30144, Attn: Kay Tibbetts; and (ii) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff and Alexis Freeman (together, the "***Notice Parties***").

b. Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c. Any Additional Assurance Request must be made and **actually** **received** by all the Notice Parties listed above by no later than 30 days after entry of an order by this Court approving this Motion. If a Utility Provider fails to file and serve a timely Additional Assurance Request, it shall be: (i) forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the two-week Proposed Adequate Assurance; and (ii) deemed to have received adequate assurance of payment in compliance with Bankruptcy Code section 366.

d. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have 20 days from the receipt of such Additional Assurance Request (the "***Resolution Period***") to negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request.

e. The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

f. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "***Determination Hearing***") pursuant to Bankruptcy Code section 366(c)(3).

g.  Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

13.  The Debtors request that all Utility Providers who do not timely file an objection or make an Additional Assurance Request pursuant to the Adequate Assurance Procedures be deemed to consent to the Proposed Adequate Assurance and be bound by any order entered by this Court granting this Motion.

**D.  Subsequent Modifications**

14.  The Debtors have made an extensive and good faith effort to identify their Utility Providers and include them on the Utility Service List.  Nonetheless, to the extent that the Debtors subsequently identify additional Utility Providers, the Debtors seek authority, in their sole discretion, to amend the Utility Service List to add or remove any Utility Provider.  The Debtors propose to have the terms of the order apply to any such subsequently identified Utility Provider.  Moreover, for those Utility Providers that are subsequently added to the Utility Service List, the Debtors will serve a copy of this Motion and the order (if entered) on such Utility Provider.  Such subsequently added entity shall then have until 14 days from the date of service of such materials to serve an Additional Assurance Request upon the Notice Parties.

<u>**Relief Requested**</u>

15.  By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Code section 366: (a) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of Bankruptcy Code section 366 by virtue of the Proposed Adequate Assurance being provided by the Debtors, as described herein; (b) approving the Adequate Assurance Procedures; (c) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding and on account of any

perceived inadequacy of the Adequate Assurance Procedures; and (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this Motion.

**Supporting Authority**

16.     Congress enacted Bankruptcy Code section 366 to protect debtors from utility service cutoffs upon a bankruptcy filing while providing utility companies with adequate assurance that the debtors will pay for postpetition services.  *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306.  Accordingly, Bankruptcy Code section 366 protects debtors by prohibiting utilities from altering, refusing or discontinuing services to a debtor solely on account of unpaid prepetition amounts for a period of 30 days after a chapter 11 filing.  At the same time, it protects utilities by permitting them to alter, refuse or discontinue service after 30 days if the debtor has not furnished "adequate assurance" of payment in a form "satisfactory" to the utility.

17.     As revised by the Bankruptcy Abuse Prevention and Consumer Protection Act ("***BAPCPA***"), Bankruptcy Code section 366(c)  restricts the factors that a court can consider when determining whether an adequate assurance payment is, in fact, adequate.  Specifically, courts may no longer consider (a) the absence of a security deposit before a debtor's petition date, (b) a debtor's history of timely payments or (c) the availability of an administrative expense priority when determining the amount of a deposit.  Notwithstanding these changes, it does not appear that Congress intended to, or did, abrogate the bankruptcy court's ability to determine the amount of adequate assurance necessary or change the fundamental requirement that assurance of payment must simply be "adequate."

18.     Thus, while Bankruptcy Code section 366(c) limits the factors a court can consider when determining whether a debtor has provided adequate assurance of payment, it does not limit a court's ability to determine the amount of payment necessary, if any, to provide adequate assurance.  Instead, Bankruptcy Code section 366(c) gives courts the same discretion in determining the amount of payment necessary for adequate assurance that they previously had under Bankruptcy Code section 366(b).  *Compare* 11 U.S.C. § 366(b) (2005) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* 11 U.S.C. § 366(c)(3)(A) (2005) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2).").

19.     In addition, it is well established that Bankruptcy Code section 366(b) permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment.  *See Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly . . . a bankruptcy court's authority to 'modify' the level of the 'deposit or other security' provided for under § 366(b), includes the power to require 'no deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").  This principle may be applicable in cases where the debtor has made prepetition deposits or prepayments for services that utilities will ultimately render postpetition.  *See* 11 U.S.C. § 366(c)(1)(A)(v) (recognizing a prepayment for postpetition services as adequate assurance).  Accordingly, even after the recent revisions to Bankruptcy Code section 366, courts continue to have discretion to

determine the amount of adequate assurance payments and, where appropriate, to determine that no such payment is necessary.

20.     Finally, Bankruptcy Code section 366(c), like Bankruptcy Code section 366(b), requires only that a utility's assurance of payment be "adequate." Courts recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay. *See, e.g.*, *Steinebach v. Tuscon Elec. Power Co. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . 'a Bankruptcy Court is not required to give a utility company the equivalent of a guarantee of payment, but must only determine that the utility is not subject to any unreasonable risk of non-payment for postpetition services.'") (quoting *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002)); *see also In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) (section 366(b) "does not require an 'absolute guarantee of payment'") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997). Courts have also recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus upon the need of the utility for assurance, and to require that the debtor supply <u>no more than that</u>, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.2d at 650 (emphasis in original); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits would likely "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected"). Accordingly, demands by a Utility Provider for a guarantee of payment should be refused when the Debtors' specific circumstances already afford adequate assurance of payment.

21.     Based upon the foregoing, the Debtors believe that most, if not all, of their Utility Providers have adequate assurance of payment even without the Adequate Assurance Deposit. Contemporaneously herewith, the Debtors are seeking interim approval of the Proposed DIP Facility that will enable them to pay their operating costs, including utility costs, as they come due.  The Debtors anticipate having sufficient resources to pay, and intend to pay, all valid postpetition obligations for utility services in a timely manner, particularly considering that the aggregate amount of the Debtors' utility obligations is not overwhelming.  In addition, the Debtors' reliance on utility services for the operation of their businesses provides them with a powerful incentive to stay current on their utility obligations.  These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that no adequate assurance payments are required in these chapter 11 cases.  In light of the foregoing, the Debtors respectfully submit that the Proposed Adequate Assurance is more than sufficient to assure the Utility Providers of future payment.

22.     As discussed, Bankruptcy Code section 366 recognizes the necessity of continuous utility services and prohibits the Utility Providers from altering, refusing or discontinuing utility services to, or discriminating against, a debtor due to either its bankruptcy filing or any outstanding prepetition obligations for a period of 30 days after the filing.  At the conclusion of that 30 day period, however, a utility company may discontinue services if a debtor has not furnished adequate assurance of payment.  11 U.S.C. § 366(c)(2).

23.     Absent the approval of the procedures proposed in this Motion, Utility Providers could discontinue service, without warning, 30 days from the Petition Date, if they claim they have not yet received a "satisfactory" adequate assurance payment.  However, in accordance with the Adequate Assurance Procedures, if a Utility Provider fails to timely file an Additional

Assurance Request, such Utility Provider shall be deemed to consent to the Adequate Assurance Procedures and shall be bound by the order. *See In re Syroco Inc.*, 374 B.R. 60, 62 (Bankr. D.P.R. 2007) (a utility provider's lack of objection, response or counter-demand after receiving notice of hearing on utilities motion, notice of interim order and notice of final hearing constitutes tacit acceptance of the debtor's proposed two-week cash deposit as adequate assurance of payment as such term is used in Bankruptcy Code section 366).

24.     The proposed Adequate Assurance Procedures are necessary for the Debtors to carry out their reorganization efforts. If they are not approved, the Debtors could be forced to address numerous requests by their Utility Providers in a disorganized manner at a critical point in their reorganization. Moreover, the Debtors could be blindsided by a Utility Provider unilaterally deciding—on or after the 30th day following the Petition Date—that it is not adequately protected and discontinuing service or making an exorbitant demand for payment to continue service. Such discontinuation of utility service could put the Debtors' reorganization efforts in jeopardy.

25.     Under the circumstances of these cases, the Debtors believe that the establishment of a cash reserve, in an amount that is substantially relative to the Debtors' estimated 2-week utilities consumption, constitutes adequate assurance of payment under Bankruptcy Code section 366(c). Courts in this district have regularly approved similar adequate assurance deposits and procedures in other chapter 11 cases filed after BAPCPA became effective. *See*, *e.g.*, *In re Uno Rest. Holdings Corp.,* No. 10-10209 (MG) (Bankr. S.D.N.Y. Mar. 10, 2010) [Docket No. 357] (approving deposit equal to two weeks of utility service, calculated based on the historical average over the 12 months before the Petition Date, as adequate assurance and opt-out procedures); *In re ION Media Networks, Inc.,* No. 09-13125 (JMP) (Bankr. S.D.N.Y. June 25,

2009) [Docket No. 103] (same); *In re DBSD N. Am. Inc.,* No. 09-13061 (REG) (Bankr. S.D.N.Y. June 5, 2009) [Docket No. 86] (same); *In re Chemtura Corp.*, No. 09-11233 (REG) (Bankr. S.D.N.Y. Apr. 1, 2009) [Docket No. 114] (same).

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

26.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). Pursuant to Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the payments proposed herein are essential to prevent potentially irreparable damage to the Debtors' operations, value, and ability to reorganize. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14 day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## Reservation of Rights

27.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code section 365. The Debtors expressly reserve their rights to contest any claims under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any deposit made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Motion Practice

28.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

29.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the order, substantially in the form attached hereto as **Exhibit A**, (i) determining that their Utility Providers have been provided with adequate assurance of payment within the meaning of Bankruptcy Code section 366, (ii) approving the Adequate Assurance Procedures, (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Adequate Assurance Procedures, and (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this Motion and (b) grant such other relief as is just, proper and equitable.

New York, New York
Dated: July 8, 2011

*/s/ Ira S. Dizengoff*
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (    ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## ORDER DETERMINING ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the

"***Debtors***") for entry of an order determining adequate assurance of payment for future utility

services; and upon the Boverman Declaration; and it appearing that this Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding

and this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

that the relief requested is in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and notice of the Motion appearing to be adequate and appropriate under the

circumstances; and any objections to the requested relief having been withdrawn or overruled on

the merits; and after due deliberation and sufficient cause appearing therefor

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

IT IS HEREBY ORDERED THAT:

1.       The Motion is granted to the extent set forth herein.

2.       All Utility Providers are prohibited from altering, refusing or discontinuing service on account of any unpaid prepetition charges or the commencement of these chapter 11 cases.

3.       All Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the procedures (the "*Adequate Assurance Procedures*") described herein.

4.       On or before the date that is 21 days after the Petition Date, the Debtors shall deposit the Adequate Assurance Deposit, in the amount of $48,480.50, into the Utility Deposit Account.

5.       The Adequate Assurance Deposit attributable for each Utility Provider shall be returned to the Debtors on the earlier of (a) the Debtors' termination of services from such provider and (b) the conclusion of these chapter 11 cases, if not applied earlier.

6.       The Adequate Assurance Deposit, in conjunction with the Debtors' demonstrated ability to pay for future utility services in the ordinary course of business and the Debtors' incentive to stay current on their utility obligations, is hereby approved and is deemed adequate assurance of payment as the term is used in Bankruptcy Code section 366.

7.       A Utility Provider desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve an Additional Assurance Request in accordance with the Adequate Assurance Procedures upon the Debtors and the United States Trustee at the following addresses: (i) ArchBrook Laguna Holdings LLC, 350 Starke Road, Suite 400, Carlstadt, New Jersey  07072, Attn: Daniel J. Boverman; ArchBrook Laguna LLC, 3960 Royal

Drive, Kennesaw, Georgia 30144, Attn: Kay Tibbetts; and (ii) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff and Alexis Freeman (together, the "***Notice Parties***").

8.      Any Additional Assurance Request must (a) be made in writing, (b) set forth the location for which utility services are provided, (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (d) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

9.      Upon the Debtors' receipt of any Additional Assurance Request, the Debtors shall have 20 days from the receipt of the Additional Assurance Request (the "***Resolution Period***") to negotiate with the Utility Provider to resolve the Utility Provider's Additional Assurance Request.

10.     The Debtors may, in their sole discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments and other forms of security, without further order of this Court if the Debtors believe additional assurance is reasonable.

11.     If the Debtors determine that an Additional Assurance Request is not reasonable and they are not able to reach an alternative resolution with the Utility Provider filing the Additional Assurance Request during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court on proper notice to determine

the adequacy of assurances of payment with respect to a particular Utility Provider (the "***Determination Hearing***") pursuant to Bankruptcy Code section 366(c)(3).

12.      Pending resolution of such dispute at the Determination Hearing, the Utility Provider filing the Additional Assurance Request shall be prohibited from altering, refusing or discontinuing service to the Debtors on account of unpaid charges for prepetition services, on account of the commencement of these chapter 11 cases or on account of any objections to the Proposed Adequate Assurance.

13.      A Utility Provider shall be deemed to have adequate assurance of payment within the meaning of Bankruptcy Code section 366 unless and until (a) the Debtors, in their sole discretion, agree to an alternative assurance of payment with the Utility Provider or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

14.      The Debtors are authorized, in their sole discretion, to amend the Utility Service List attached as **Exhibit B** to the Motion to add or delete any Utility Provider, and the Order shall apply to any Utility Provider that is subsequently added to the Utility Service List.

15.      For those Utility Providers that are subsequently added to the Utility Service List, the Debtors will serve a copy of the Motion on the subsequently added Utility Provider. Subsequently added entities would then have 14 days from the date of service of the Motion to make an objection.

16.      Any Utility Provider who fails to request additional assurance in accordance with the Adequate Assurance Procedures is deemed to consent to the Adequate Assurance Procedures and shall be bound by this Order.

17.      Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors

pursuant to the debtor in possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor in possession financing agreement.

18.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute (a) an admission to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to Bankruptcy Code section 365.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h), or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2011          _____
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## Utility Service List

# Utility Service List

| Utility Provider | Address | Type of Service |
|---|---|---|
| AT&T (Bell South) | P.O. Box 105262<br>Atlanta, GA 30348 | Telephone |
| AT&T Mobility | P.O. Box 989045<br>West Sacramento, CA 95798<br><br>P.O. Box 6463<br>Carol Stream, IL 60197 | Telephone |
| Broadview Networks | P.O. Box 9242<br>Uniondale, NY 11555 | Telephone |
| Cobb EMC | P.O. Box 369<br>Marietta, GA 30061 | Natural Gas |
| Edison Twp. Sewer Collector | 100 Municipal Blvd.<br>Edison, NJ 08817 | Waste |
| Edison Water Company | P.O. Box 371852<br>Pittsburgh, PA 15250 | Water |
| Elizabethtown Gas | P.O. Box 11811<br>Newark, NJ 07101 | Natural Gas |
| Gas South | P.O. Box 530552<br>Atlanta, GA 30353 | Natural Gas |
| Georgia Natural Gas | P.O. Box 105445<br>Atlanta, GA 30348 | Natural Gas |
| Inland Internet | P.O. Box 171<br>Roslyn, WA 98941 | Internet |
| Intercall | P.O. Box 281866<br>Atlanta, GA 30384 | Telephone |
| MCI Communications Service | P.O. Box 371815<br>Pittsburgh, PA 15250-7815 | Telephone |
| Midco Waste Systems | P.O. Box 9001790<br>Louisville, KY 40290 | Waste |
| NVENERGY | P.O. Box 10100/6100<br>Neil Rd. Reno, NV 89520 | Electricity |
| Pinto Service | 95 Route 46 west<br>Lodi, NJ 07644 | Waste |
| PSE&G Co. | P.O. Box 14444<br>New Brunswick, NJ 08906 | Electricity |
| Qwest Business Services | P.O. Box 856169<br>Lousiville, KY 40285 | Telephone |
| Savvis | 13322 Collections Center Dr.<br>Chicago, IL 60693 | Internet |
| Southern Waste & Recycling | 4840 Roswell Rd.<br>Atlanta, GA 30342 | Waste |
| T-Mobile | P.O. Box 790047<br>St. Louis, MO 63179<br><br>P.O. Box 742596<br>Cincinnati, OH 45274 | Telephone |
| Verizon | P.O. Box 4833<br>Trenton, NJ 08650 | Telephone |

| Utility Provider | Address | Type of Service |
|---|---|---|
| Verizon Business | P.O. Box 371873<br>Pittsburgh, PA 15250 | Telephone |
| Verizon Wireless | P.O. Box 15062<br>Albany, NY 12212 | Telephone |
| Waste Management of Nevada | P.O. Box 541065<br>Los Angeles, CA 90054 | Waste |

## EXHIBIT C

**Adequate Assurance Procedures**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (    ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## ADEQUATE ASSURANCE PROCEDURES

On July 8, 2011 (the "***Petition Date***"), the above-captioned debtors (collectively, the

"***Debtors***") filed chapter 11 petitions commencing chapter 11 cases under title 11 of the United

States Code (the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the Southern

District of New York (the "***Bankruptcy Court***").  On the Petition Date, the Debtors filed their

Motion for Entry of Order Determining Adequate Assurance of Payment for Future Utility

Services **[Docket No.___]** (the "***Motion***").  On [DATE], the Bankruptcy Court entered the Order

Determining Adequate Assurance of Payment for Future Utility Services **[Docket No.___]** (the

"***Order***").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

**A.      Proposed Adequate Assurance**

The Debtors propose to deposit $48,480.50 – which represents an amount equal to the estimated aggregate cost for two weeks of utility service, calculated as a historical average over the past twelve months (the "***Adequate Assurance Deposit***" and in conjunction with the Debtors' ability to pay for future utility services in the ordinary course of business, the "***Proposed Adequate Assurance***") – into a newly created, segregated interest-bearing account (the "***Utility Deposit Account***") for the benefit of utility providers (the "***Utility Providers***") on or before the date that is 21 days after the Petition Date.

**B.      Adequate Assurance Procedures**

1.      Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve a request (an "***Additional Assurance Request***") so that it is received by the Debtors and the United States Trustee at the following addresses: (i) ArchBrook Laguna Holdings LLC, 350 Starke Road, Suite 400, Carlstadt, New Jersey  07072, Attn: Daniel J. Boverman; ArchBrook Laguna LLC, 3960 Royal Drive, Kennesaw, Georgia 30144, Attn: Kay Tibbetts; and (ii) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff and Alexis Freeman (together, the "***Notice Parties***").   The Additional Assurance Request must be sent to all of the above Notice Parties to be deemed valid.

2.      Any Additional Assurance Request must (a) be made in writing, (b) set forth the location for which utility services are provided, (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (d) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

3.     Any Additional Assurance Request must be made and **actually** **received** by all the Notice Parties listed above by no later than 30 days after entry of the Order by this Court.  If a Utility Provider fails to file and serve a timely Additional Assurance Request, it shall be: (a) forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the two-week Proposed Adequate Assurance; and (b) deemed to have received adequate assurance of payment in compliance with Bankruptcy Code section 366.

4.     Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have 20 days from the receipt of the Additional Assurance Request (the "*Resolution Period*") to negotiate with the Utility Provider to resolve the Utility Provider's Additional Assurance Request.

5.     The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments or other forms of security, without further order of this Court if the Debtors believe additional assurance is reasonable.

6.     If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "*Determination Hearing*") pursuant to Bankruptcy Code section 366(c)(3).

7.      Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

**C.      Subsequent Modifications**

The terms of the Order apply to any subsequently identified Utility Provider.  For those Utility Providers that are subsequently added to **<u>Exhibit B</u>** attached to the Motion (the "***Utility Service List***"), the Debtors will serve a copy of the Motion on the subsequently added Utility Provider.  Subsequently added entities would then have 14 days from service of the Motion to make an objection (the "***Subsequent Objection Deadline***" and, with the Objection Deadline, the "***Deadlines***").