AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | Case No. 11-13292 ( ) |
| Debtors. | Joint Administration Requested |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

ArchBrook Laguna Holdings LLC ("*ArchBrook*") and certain of its affiliates, as debtors

and debtors in possession (collectively, the "*Debtors*"), file this Application (the "*Application*"),

for the entry of an order, substantially in the forms attached hereto as **Exhibit A**, authorizing the

Debtors to employ and retain Akin Gump Strauss Hauer & Feld LLP ("*Akin Gump*") as

attorneys for the Debtors *nunc pro tunc* to the commencement of these chapter 11 cases.  In

support of this Application, Akin Gump submits the declaration of Ira S. Dizengoff, a partner of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

Akin Gump (the *"Dizengoff Declaration"*), which is attached hereto as **Exhibit B** and the Declaration of Daniel J. Boverman, Interim Chief Financial Officer, in Support of the First Day Pleadings (the *"Boverman Declaration"*) filed concurrently herewith. In further support of the Application, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction to hear the Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a), 328(a) and 330 of title 11 of the United States Code (the *"Bankruptcy Code"*), Rules 2014(a), 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*) and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the *"Local Rules"*).

## Background

4. On July 8, 2011 (the *"Petition Date"*), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5. Contemporaneously with the filing of this Application, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of ArchBrook Laguna Holdings LLC. A description of the Debtors' businesses, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the Boverman Declaration, which is being filed contemporaneously with this Application.

2

## Basis for Relief

### A.    Akin Gump's Qualifications

6.    The Debtors have determined that it is necessary to engage attorneys with knowledge and experience in the areas of bankruptcy reorganization, litigation, securities, regulatory and corporate governance.  Such legal counsel will enable the Debtors to carry out their duties in these chapter 11 cases and to assist in the reorganization of their estates.  The Debtors therefore propose to retain the law firm of Akin Gump as counsel in all phases of their chapter 11 cases.

7.    The Debtors have selected Akin Gump as their attorneys because of the firm's knowledge of the Debtors' business and financial affairs and its extensive general experience and institutional knowledge and, in particular, Akin Gump's recognized expertise with business reorganizations under chapter 11 of the Bankruptcy Code.  Akin Gump has been actively involved in many of the largest chapter 11 cases filed in the last 10 years, and represents or has represented debtors in many recent cases, such as *In re Barnes Bay Dev., Ltd., In re Terrestar Networks, Inc., In re Edge Petroleum, In re Granite Broad. Corp., In re Boston Chicken, Inc., In re Florsheim, Inc., In re Hawaiian Airlines, In re Scott Cable Commc'ns* and many others.

8.    Akin Gump is intimately familiar with the Debtors' business and financial affairs and is well qualified to provide the services required by the Debtors in connection with these chapter 11 cases.  Akin Gump has served as counsel to Archbrook Laguna LLC since 2005, providing litigation-related services.  As counsel, Akin Gump represented Archbrook Laguna LLC and certain of its affiliates in several litigations involving contract disputes, business torts, and antitrust claims.  More recently, prior to the commencement of these chapter 11 cases, the Debtors retained Akin Gump to provide general bankruptcy and restructuring advice, and in the

weeks leading up to the Petition Date, Akin Gump was actively involved in the preparation of these chapter 11 cases.

9.     The Debtors firmly believe that Akin Gump, because of its experience in chapter 11 cases and its historical representation of Archbrook Laguna LLC and certain of its affiliates is well qualified and uniquely situated to represent the Debtors' interests and the interests of their estates. Accordingly, the Debtors believe that they will be unduly prejudiced if they are forced to retain counsel other than Akin Gump in connection with the prosecution of these chapter 11 cases. Akin Gump has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors.

**B.     Scope of Services**

10.     Subject to the order of this Court, the Debtors propose to employ Akin Gump to render the following professional services:

a.     advise the Debtors with respect to their powers and duties as debtors in possession in the continued operation of their business and the management of their properties;

b.     advise the Debtors and take all necessary or appropriate actions at the Debtors' direction with respect to protecting and preserving the Debtors' estates, including the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

c.     draft all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates on behalf of the Debtors;

d.     represent the Debtors in negotiations with all other creditors, equity holders, and other parties in interest, including governmental authorities;

e.     take all necessary or appropriate actions in connection with any plan of reorganization or liquidation and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

f.  perform and advise the Debtors (as applicable) as to all other necessary legal services in connection with the chapter 11 cases, including, without limitation, any general corporate legal services.

11.  Akin Gump will work closely with other professionals that may be retained by the Debtors. Akin Gump will take whatever steps are necessary and appropriate to avoid any unnecessary duplication of services with other professionals. In addition, by separate applications filed contemporaneously herewith or expected to be filed shortly hereafter, the Debtors are also seeking to employ (i) Macquarie Capital (USA) Inc. as financial advisor, (ii) The Garden City Group Inc. as claims and noticing agent, (iii) Hawkwood Consulting LLC to provide certain restructuring professional services and (iv) PricewaterhouseCoopers LLP, as accounting consultant. The roles of Akin Gump and the other professionals will be limited to the greatest extent possible to prevent unnecessary and inefficient duplication of services.

## C.  Disinterestedness of Akin Gump

12.  To the best of the Debtors' knowledge, the partners, counsel, and associates of Akin Gump do not have any connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as set forth in the Dizengoff Declaration. Akin Gump has fully informed the Debtors of its ongoing representations as described in the Dizengoff Declaration and the Debtors have consented to Akin Gump's continued representation of such entities in matters unrelated to these proceedings.

13.  Based upon the Dizengoff Declaration, the Debtors submit that Akin Gump is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

14.  Akin Gump has informed the Debtors that it will conduct an ongoing review of its files to ensure that, in the event the circumstances change from those presented in the Dizengoff Declaration, Akin Gump will promptly supplement its disclosure.

### D. Compensation

15.    Akin Gump intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with these chapter 11 cases on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee for the Southern District of New York, and further orders of this Court.

16.    Akin Gump has informed the Debtors that, subject to this Court's approval, it will bill at its standard hourly rates which currently are: $500 - $1,200 for partners; $415 - $850 for counsel; $335 - $625 for associates; and $125 - $310 for paraprofessionals. The current hourly rates for the Akin Gump attorneys with primary responsibility for this matter are:

(a)    Ira S. Dizengoff (Partner – Financial Restructuring), $975;

(b)    Daniel I. Fisher (Partner – Corporate), $600;

(c)    Michael P. Cooley (Senior Counsel – Financial Restructuring), $660;

(d)    Alexis Freeman (Counsel – Financial Restructuring), $675;

(e)    Kristine Manoukian (Associate – Financial Restructuring), $510; and

(f)    Daniel Harris (Associate – Financial Restructuring), $460.

17.    Other attorneys and paralegals will, from time to time, assist in the representation of the Debtors in connection with the chapter 11 cases at Akin Gump's standard hourly rates in effect for those personnel.

18.    The Debtors believe that these rates are consistent with market rates for comparable services. These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Akin Gump will maintain detailed

records of actual and necessary costs and expenses incurred in connection with the legal services described above.

19.     The Debtors understand that Akin Gump is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including, but not limited to, photocopying services, printing, delivery charges, filing fees, postage, and computer research time.

20.     Prior to the Petition Date and as set forth in the Dizengoff Declaration, Akin Gump received certain amounts advanced from the Debtors as compensation for professional services to be performed relating to the potential restructuring of the Debtors' financial obligations and the commencement and administration of the chapter 11 cases, and for the reimbursement of reasonable and necessary expenses incurred in connection therewith. Akin Gump has used this advance to credit the Debtors' account for its charges for professional services performed and expenses incurred before the Petition Date. After application of the amounts from the advance for payment of any additional prepetition professional services and related expenses, any excess amounts will be held as an advance payment retainer and applied to such postpetition allowance of compensation and reimbursement of expenses as allowed by the Court.

## **Relief Requested**

21.     Pursuant to this Application, the Debtors seek entry of an order authorizing the employment and retention of Akin Gump as attorneys for the Debtors effective as of the Petition Date, pursuant to Bankruptcy Code sections 327(a) and 330, Bankruptcy Rules 2014(a), 2016 and 5002, and Local Rule 2014-1. Pursuant to Bankruptcy Code section 328(a), the Debtors further request that the Court approve the retention of Akin Gump under a general retainer in

accordance with Akin Gump's normal hourly rates in effect at the time services are rendered and normal reimbursement policies.

<u>**Supporting Authority**</u>

22.    The Debtors seek retention of Akin Gump as their attorneys pursuant to Bankruptcy Code section 327(a), which provides that a debtor, subject to Court approval—

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

23.    The Debtors seek retention of Akin Gump under a general retainer pursuant to Bankruptcy Code section 328(a), which provides that a debtor, subject to Court approval—

> [may] employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a)

24.    Bankruptcy Rule 2014(a) requires that an application for retention include—

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

25.    The Debtors submit that for all the reasons stated above and in the Dizengoff Declaration, the retention of Akin Gump as counsel to the Debtors is warranted. Further, as stated in the Dizengoff Declaration, Akin Gump is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as required by Bankruptcy Code section 327(a), and does

not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Dizengoff Declaration. Accordingly, the retention of Akin Gump as counsel to the Debtors should be approved.

## Motion Practice

26. This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Application. Accordingly, the Debtors submit that this Application satisfies Local Rule 9013-1(a).

## Notice

27. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just, proper and equitable.

New York, New York
Dated: July 8, 2011

Peter Handy
Authorized Person
ArchBrook Laguna Holdings LLC (for itself and
its affiliated Debtors and Debtors in Possession)
350 Starke Road, Suite 400
Carlstadt, NJ  07072
(201) 559-6200

**EXHIBIT A**

## Proposed Order

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) Case No. 11-13292 ( ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "*Application*")[2] of the above-captioned debtors (collectively, the "*Debtors*") for entry of an order authorizing the Debtors to employ and retain Akin Gump Strauss Hauer & Feld LLP ("*Akin Gump*") as their attorneys effective as of the Petition Date, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, Rules 2014(a), 2016 and 5002 of the Federal Rules of Bankruptcy Procedure, Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and upon the Boverman Declaration; and upon the Dizengoff Declaration attached to the Application as **Exhibit B**; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this Application was appropriate under the particular circumstances and no further or other notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

need be given; and the Court being satisfied, based on the representations made in the Application and the Dizengoff Declaration, that Akin Gump does not represent or hold any interest adverse to the Debtors or their estates as to the matters upon which Akin Gump has been and will be employed, and that Akin Gump is a "disinterested person" as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required under Bankruptcy Code section 327(a); and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having heard the evidence and statements of counsel regarding the Application and having determined that the legal and factual bases set forth in the Application and in the Dizengoff Declaration establish just cause for the relief granted herein

IT IS HEREBY ORDERED THAT:

1.       The Application is approved as set forth herein.

2.       In accordance with Bankruptcy Code section 327(a) and, with respect to Akin Gump's hourly rates, Bankruptcy Code section 328(a), with respect to employment on retainer, Bankruptcy Rules 2014(a), 2016, and 5002 and Local Rule 2014-1, the Debtors are hereby authorized to employ and retain Akin Gump as their attorneys in these chapter 11 cases, as contemplated by the Application.

3.       Akin Gump shall apply for compensation and reimbursement in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, applicable provisions of the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee for the Southern District of New York, and such other procedures as may be fixed by order of this Court.

2

4.     Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor in possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor in possession financing agreement.

5.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.


New York, New York
Date: _____, 2011          _____
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## Declaration of Ira S. Dizengoff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | )    Case No. 11-13292 (   ) |
| | ) |
| Debtors. | )    Joint Administration Requested |
| | ) |

## DECLARATION OF IRA S. DIZENGOFF IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN AKIN GUMP STRAUSS HAUER & FELD LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Under 28 U.S.C. § 1746, I, Ira S. Dizengoff, declare as follows under penalty of perjury:

1. I am an attorney at law admitted to practice in the State of New York and in the United States District Courts for the Southern and Eastern Districts of New York. I am a partner of the firm of Akin Gump Strauss Hauer & Feld LLP (*"Akin Gump"*), which firm maintains offices at One Bryant Park, New York, New York 10036. There are no disciplinary proceedings pending against me.

2. I am familiar with the matters set forth herein and make this declaration (the *"Declaration"*) in support of the above-captioned debtors' (collectively, the *"Debtors"*) application (the *"Application"*) for authority to employ and retain Akin Gump as attorneys for the Debtors, effective as of July 8, 2011 (the *"Petition Date"*), at Akin Gump's normal hourly rates in effect from time to time and in accordance with Akin Gump's normal reimbursement policies, in compliance with Bankruptcy Code sections 327(a), 328(a) and 330, and to provide disclosure required under Rules 2014(a), 2016 and 5002 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

Procedure (the *"Bankruptcy Rules"*) and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (*"Local Rules"*).

3.      On the Petition Date, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with this Court. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4.      I am not, nor is Akin Gump, an insider of the Debtors. Except as set forth below, neither Akin Gump nor I directly hold any claim, debt, or equity security of the Debtors.

5.      To the best of my knowledge and information, no member of Akin Gump has been, within two years from the date of the filing of the Debtors' petition, a director, officer, or employee of the Debtors as specified in subparagraph (B) of 11 U.S.C. § 101(14).

6.      Akin Gump does not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, as specified in subparagraph (C) of Bankruptcy Code section 101(14), or for any other reason.

7.      On June 1, 2011, Akin Gump was retained, pursuant to an engagement letter attached hereto as **Exhibit 1**, by Archbrook Laguna Holdings LLC, on behalf of itself and its Debtor affiliates.

8.      Akin Gump is intimately familiar with the Debtors' businesses and financial affairs and is well qualified to provide the services required by the Debtors in connection with these chapter 11 cases. Akin Gump has served as counsel to Archbrook Laguna LLC and certain of its affiliates (collectively, *"ArchBrook"*) since 2005, providing litigation-related services. As counsel, Akin Gump represented ArchBrook Laguna in several litigations involving contract

disputes, business torts, and antitrust claims. More recently, before the commencement of these chapter 11 cases, ArchBrook retained Akin Gump to provide general bankruptcy and restructuring advice, and in the weeks leading up to the Petition Date, Akin Gump was actively involved in the preparation of these chapter 11 cases.

9.     Accordingly, Akin Gump is uniquely situated to represent the Debtors and to deal effectively and efficiently with the potential legal issues and problems that may arise in the context of the chapter 11 cases and the cross-border restructuring proceedings of ArchBrook. Akin Gump is not a creditor of the Debtors. In the one year prior to the Petition Date, Akin Gump has received payment in the amount of approximately $3,418,000 for services rendered to the Debtors and their affiliates. Of this amount, approximately $1,630,000 was paid to Akin Gump on account of services performed and to be performed and expenses incurred and to be incurred in connection with the filing and prosecution of the Chapter 11 Cases (the "Bankruptcy Services"). As of the Petition Date, the fees and expenses incurred by Akin Gump and debited against the amounts paid to it on account of the Bankruptcy Services approximated $1,630,000, and it is expected that additional fees and expenses incurred on or prior to the Petition Date may not yet be reflected in our accounting system. The precise amount will be determined upon the final recording of all time and expense charges, however, it is not expected that Akin Gump will have any funds in retainer as of the Petition Date.

### Disclosures of Akin Gump

10.     In preparing this Declaration, through my colleagues, I submitted to Akin Gump's computerized client and conflict database (the *"Conflict Database"*) the names set forth below, including (i) the Debtors and the entities affiliated with or related to the Debtors; (ii) officers and directors of the Debtors and their affiliates; (iii) the lenders of the Debtors and their affiliates; (iv) the Debtors' 30 largest unsecured creditors on a consolidated basis; (v) insurance carriers;

(vi) parties to leases; (vii) shareholders; (viii) banks; (ix) professionals proposed to be retained by the Debtors in these chapter 11 cases; (x) significant customers and vendors of the Debtors; and (xi) other professionals known to be retained by parties in interest in these proceedings. A copy of the list of the parties searched by Akin Gump is annexed hereto as **Schedule 1** (collectively, the "*Searched Parties*").

11.    The Conflict Database maintained by Akin Gump is designed to include every matter on which the firm is now and has been engaged, by which entity the firm is now or has been engaged, and, in each instance, the identity of related parties and adverse parties and certain of the attorneys in the firm that are knowledgeable about the matter. It is the policy of Akin Gump that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, Akin Gump maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

## Representation of Parties in Interest

12.    Set forth in **Schedule 2**, annexed hereto, is a listing of those Searched Parties that Akin Gump either (i) currently represents (the "*Current Clients*") in matters wholly unrelated to these chapter 11 cases or (ii) has in the past represented in matters wholly unrelated to these chapter 11 cases. In connection with the services to be rendered to the Debtors, Akin Gump will not commence a cause of action against any Current Client with respect to these chapter 11 cases unless Akin Gump receives a waiver from the Current Client allowing Akin Gump to commence such an action. In connection with these chapter 11 cases, to the extent any causes of action are commenced by or against any Current Client and a waiver letter is not obtained permitting Akin

4

Gump to participate in such action, the Debtors will retain conflicts counsel to represent the Debtors' interests in those matters.

13.    Set forth in **Schedule 3** annexed hereto, is a listing of those parties from the Searched Parties listed on **Schedule 1** that are currently or have in the past been adverse to clients of Akin Gump in matters wholly unrelated to these chapter 11 cases.

## Connections with Parties Representing 1% or More of Akin Gump's Revenues for 2009, 2010, and 2011 Through June 23, 2011

14.    At the inception of each engagement for which a declaration is required pursuant to Bankruptcy Rule 2014(a), Akin Gump reviews the information relating to the parties involved in a bankruptcy case to determine whether any such party, together with its known related entities, were clients of Akin Gump and as a result made payments to Akin Gump for services rendered in the calendar year prior to the date of review that in the aggregate for each such party exceeds 1% of Akin Gump's total revenues for such calendar year. In connection with this Declaration, Akin Gump has reviewed similar information for the years 2009, 2010 and 2011 (through June 20, 2011).

15.    Akin Gump's revenues for services rendered on behalf of each of the parties in interest identified in Schedule 2 total less than 1% of Akin Gump's annual revenues in each of calendar year 2009, 2010 and 2011 (through June 20, 2011.)

## Searched Parties that Currently Serve or Have Served on Informal or Formal Committees Represented By Akin Gump From 2005 to the Present

16.    Set forth in **Schedule 4**, annexed hereto, is a list of those Searched Parties that currently serve or have served on informal and/or official creditors' committees represented by Akin Gump during the period 2005 through the present.

5

## Other Connections and General Disclosures

17.     In addition, Akin Gump regularly represents ad hoc groups of creditors of companies that are facing financial distress, which financial distress may not have been publicly disclosed. Some of these companies may be or may become vendors or creditors of the Debtors. Akin Gump will only represent such ad hoc groups in matters wholly unrelated to the Debtors' chapter 11 cases.

18.     Akin Gump may have represented in the past and/or may currently represent or in the future represent entities (other than parties in the attached schedules) not currently known to Akin Gump in matters wholly unrelated to the chapter 11 cases who may be parties in interest in these cases. To the extent that Akin Gump discovers any such information or needs to update the information disclosed herein, Akin Gump will disclose such information by filing a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

19.     On June 28, 2011, Akin Gump solicited information by firm-wide email from its attorneys and staff to determine if any person employed by Akin Gump holds any of the Debtors' securities. To the best of my knowledge and information based on the responses received, no attorney or staff member holds any of the Debtors' securities.

## Compensation

20.     Akin Gump is willing to be retained by the Debtors as their counsel and intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with these chapter 11 cases, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee for the Southern District of New York, and further orders of this Court. Akin Gump professionals and paraprofessionals will bill at their standard hourly rates which currently are $500-$1,200 for

partners, $415-$850 for counsel, $335-$625 for associates and $125-$310 for paraprofessionals. The current hourly rates for the Akin Gump attorneys with primary responsibility for this matter are:

(a)     Ira S. Dizengoff (Partner – Financial Restructuring), $975;

(b)     Daniel I. Fisher (Partner – Corporate), $600;

(c)     Michael P. Cooley (Senior Counsel – Financial Restructuring), $660;

(d)     Alexis Freeman (Counsel – Financial Restructuring), $675;

(e)     Kristine Manoukian (Associate – Financial Restructuring), $510; and

(f)     Daniel Harris (Associate – Financial Restructuring), $460.

21.     The foregoing hourly rates are subject to periodic increase (typically in January of each year) in the normal course of Akin Gump's business.  Other attorneys and paralegals will, from time to time, assist in the representation of the Debtors in connection with these cases at Akin Gump's standard hourly rates in effect for those personnel.  The hourly rates set forth above are Akin Gump's standard hourly rates for work of this nature.  These rates are set at a level designated to fairly compensate Akin Gump for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Akin Gump operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved and other factors.  Because the sub-markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, Akin Gump's rates for certain individual billers may vary as a function of the type of matter, geographic factors, the nature of certain long-term client relationships, and various factors, including those enumerated above.

22.     It is Akin Gump's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile charges, duplicating charges, travel expenses, expenses for "working meals," and computerized research, as well as non-ordinary overhead expenses, such as secretarial overtime. Akin Gump will seek reimbursement for such expenses pursuant to, among other things, any applicable guidelines established by the Court or the Office of the United States Trustee for the Southern District of New York.

23.     No agreement exists, nor will any be made, to share any compensation received by Akin Gump for its services with any other person or firm other than members of Akin Gump.

24.     For the reasons stated herein, Akin Gump is disinterested and represents no interest adverse to the Debtors and their creditors and, therefore, is capable of fulfilling its fiduciary duty to the Debtors.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 8th day of July, 2011.

By:     _/s/Ira S. Dizengoff_____
Name:    Ira S. Dizengoff

**EXHIBIT 1**

# AKIN GUMP
## STRAUSS HAUER & FELD LLP
■■■■■ Attorneys at Law

**RICK BURDICK**
202.887.4110/fax: 202.887.4288
rburdick@akingump.com

June 1, 2011

ArchBrook Laguna, LLC
350 Stark Road
Suite 400
Carlstadt
New Jersey 07072

Re:     Terms of Engagement

Gentlemen:

I am pleased to confirm our representation of **ArchBrook Laguna, LLC** in connection with providing restructuring advice. The firm appreciates your confidence in us, and we look forward to working with you.

At the beginning of our representation of a client, the firm's policy is to describe the manner in which we will bill for legal services and disbursements. A clear understanding of those matters helps to maintain a harmonious professional relationship. I encourage you to consider the matters set forth in this letter carefully and to raise with us any question that you may have now or later about its contents.

We refer matters to those lawyers in this firm who in our judgment can perform the highest quality work, in a timely and efficient manner, and at the lowest cost. We also employ non-lawyer assistants in tasks where lawyers are not necessary, to facilitate the rapid and efficient performance of services. While I certainly do not expect that you will find the legal representation by this firm to be in any way unsatisfactory, I do encourage you to discuss any problems or questions with me at any time.

For new clients, our firm requires a retainer payment at the outset of the engagement. Accordingly, we will require from you a payment in the amount of $100,000 prior to the commencement of work on your behalf. The retainer will be maintained throughout the engagement and returned upon completion of our services. We reserve the right to apply the retainer to outstanding statements in the event your account falls into arrears, subject to replenishment of the retainer.

The firm charges for my services at the hourly rate of $850, and for other lawyers in the firm at rates between $335 to $915 per hour. Hourly rates for paralegals range from $105 to $275. The firm may change these rates in the future, in which case the new rates will apply to

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

work done after your receipt of written notice from the firm of those rate changes. In addition, expenses advanced on your behalf or internal charges for administrative services (which may exceed our direct costs) are added to the statement rendered for the month in which such expenses or charges are recorded in our billing system.

Our standard practice is to bill on a monthly basis. This allows our clients to monitor both current and cumulative fees and expenses. We require that payment of statements be made within 10 days of receipt, and we may suspend or terminate any work in progress if timely payment is not made. We may also withdraw from the representation in a manner consistent with applicable ethical standards.

Attached to this letter is our Statement of Firm Policies (the "Statement") that will apply to our representation of you, provided that to the extent of a conflict between the terms of the Statement and the terms of this letter, the terms of this letter shall control. Please review these policies and let me know if you have any questions concerning them. If the terms described above and in the attached Statement of Firm Policies are satisfactory to you, please so indicate by signing the enclosed copy of this letter and returning the signed copy with the retainer check.

Sincerely,

AKIN GUMP STRAUSS HAUER & FELD LLP

*Akin Gump Strauss Hauer + Feld.*

Rick Burdick

Enclosures

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

ArchBrook Laguna, LLC
June 1, 2011
Page 3

**AGREED:**

## ARCHBROOK LAGUNA, LLC

By: _____

Date: _____ 01 June 2011 _____

## STATEMENT OF FIRM POLICIES

We appreciate your decision to retain Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as your legal counsel and look forward to developing our relationship with you in the course of our representation. Our engagement is limited to the matter identified in the engagement letter to which this Statement of Firm Policies is attached. Except as may be modified by the accompanying engagement letter, the following summarizes our billing practices and certain other terms that will apply to our engagement.

### 1.    Determination of Fees

When establishing fees for services that we render, we are guided primarily by the time and labor required, although we also consider other appropriate factors, such as the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; time-saving use of resources (including research, analysis, data and documentation) that we have previously developed and stored electronically or otherwise in quickly retrievable form; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk and the results obtained; and the time constraints imposed by either the client or the circumstances. The firm generally requires a retainer in an amount which is appropriate with respect to the proposed representation. Unless otherwise agreed, the retainer will be applied to statements rendered in connection with the representation, with any unused portion being returned to the client.

In determining a reasonable fee for the time and labor required for a particular matter, we consider the ability, experience, and reputation of the lawyer or lawyers in our firm who perform the services. To facilitate this determination, we internally assign to each lawyer an hourly rate based on these factors. When selecting lawyers to perform services for a client, we generally seek to assign lawyers having the lowest hourly rates consistent with the skills, time demands, and other factors influencing the professional responsibility required for each matter. Of course, our internal allocation of values for lawyer time changes periodically (at least annually) to account for increases in our cost of delivering legal service, other economic factors, and the augmentation of a particular lawyer's ability, experience and reputation. Any such changes in hourly rates are applied prospectively as well as to unbilled time previously expended. We record and bill our time in one-tenth hour (six-minute) increments.

The time for which a client will be charged will include, but will not be limited to, telephone and office conferences between client and counsel, witnesses, consultants, court personnel and others; conferences among our legal personnel; factual investigation; legal research; responding to clients' requests for us to provide information to their auditors in connection with reviews or audits of financial invoices; drafting of agreements, contracts, letters, pleadings, briefs and other documents; travel time; waiting time in court; and time in depositions and other discovery proceedings. In an effort to reduce legal fees, we utilize paralegal personnel.

Time devoted by paralegals to client matters is charged at special billing rates, which also are subject to adjustment from time to time by the firm. Our current range of hourly rates for lawyers and paralegals is referenced in the accompanying engagement letter.

## 2. Expenses

In addition to legal fees, our statements will include out-of-pocket expenses that we have advanced on behalf of the client and our internal charges (which may exceed direct costs) for certain support activities. Advanced costs generally will include such items as travel expenses and fees for postage, filing, recording, certification, registration, and the like. Our internal charges typically cover such items as long distance telephone calls, facsimile transmissions, messenger services, overnight courier services, terminal time for computer research and complex document production, secretarial and paralegal overtime and photocopying or printing materials sent to the client or third parties or required for our use. We may request an advance cost deposit (in addition to the advance fee deposit) when we expect that we will be required to incur substantial costs on behalf of the client.

During the course of our representation, it may be appropriate or necessary to hire third parties to provide services on your behalf. These services may include such things as consulting or testifying experts, investigators, providers of computerized litigation support, court reporters, providers of filing services and searches of governmental records and filings, and local counsel. Because of the legal "work product" protection afforded to services that an attorney requests from third parties, in certain situations, our firm may assume responsibility for retaining the appropriate service providers. If we do so, you will be responsible for paying all fees and expenses directly to the service providers or reimbursing us for these costs.

## 3. Billings

We bill monthly throughout the engagement for a particular matter, and our monthly statements are due within ten days after your receipt thereof. In instances in which we represent more than one person with respect to a matter, each person that we represent is jointly and severally liable for our fees with respect to the representation. Our statements contain a concise summary of each matter for which legal services were rendered and a fee was charged.

We invite our clients to discuss freely with us any questions that they have concerning a fee charged for any matter. We want our clients to be satisfied with both the quality of our services and the reasonableness of the fees that we charge for those services. We will attempt to provide as much billing information as the client requires and in such customary form that it desires, and are willing to discuss with our clients any of the various billing formats we have available that best suits their needs.

Robert S. Strauss Building / 1333 New Hampshire Avenue, N.W. / Washington, D.C. 20036-1564 / 202.887.4000 / fax: 202.887.4288 / www.akingump.com

2

If any monthly statement is not paid within 60 days after the original statement date, we reserve the right to discontinue services on all pending matters for you until all of your accounts with us have been brought current. Additionally, if any statement is not paid within 60 days from the date of the original statement, we may, by written notice to you on a subsequent statement or otherwise, declare the overdue account to be delinquent. We have no obligation to declare any account delinquent. If we declare an account to be delinquent, the amount owing on that account will accrue interest at a rate equal to one percent (1%) per month (a 12% annual percentage rate) from the date of our delinquency notice to you until the balance is paid in full, but in no event shall such rate exceed the maximum rate permitted by applicable law. Any payments made on past due statements are applied first to interest, if any, and then to the account balance, beginning with the oldest outstanding statement. In addition, we are entitled to attorneys' fees and costs if collection activities are necessary.

### 4.    Scope of Engagement

We will provide services of a strictly legal nature of the kind generally described in the engagement letter that accompanies this attachment. It is understood that you are not relying on us for business, investment, or accounting decisions, or to investigate the character or credit of persons with whom you may be dealing, or to advise you about changes in the law that might affect you unless otherwise specified in the letter. We will keep you advised of developments as necessary to perform our services and will consult with you as necessary to ensure the timely, effective, and efficient completion of our work. Attorneys in the firm typically have several client matters pending and are required to coordinate the scheduling of activities required for each pending client matter.

### 5.    Necessary Information

It is anticipated that you and any other entities affiliated with you will furnish us promptly with all information that we deem to be required to perform the services described in our engagement letter, including financial statements from qualified accountants and auditors, as appropriate, and documents prepared by other legal counsel employed by you in connection with prior or other matters. You will make such business or technical decisions or determinations as are appropriate to carry out our engagement.

Our engagement is premised and conditioned upon your representation that you are not aware of any material facts or current or historical problem (involving such matters as court orders, injunctions, cease and desist orders, judgments, liabilities, litigation, administrative proceedings, crimes, prosecutions, bankruptcies or securities violations) on the part of any person to be connected with you that you have not fully disclosed to us. You understand that the accuracy and completeness of any document (including securities disclosure documents, litigation pleadings and court filings) prepared by us is dependent upon your alertness to assure that it contains all material facts relating to the subject and purpose of such document and that

Robert S. Strauss Building / 1333 New Hampshire Avenue, N.W. / Washington, D.C. 20036-1564 / 202.887.4000 / fax: 202.887.4288 / www.akingump.com

3

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

████████████ Attorneys at Law

such document must not contain any misrepresentation of a material fact nor omit information necessary to make the statements therein not misleading. To that end, you agree to review all documents prepared by us for their factual accuracy and completeness prior to any use thereof. You also acknowledge that this responsibility continues through our engagement in the event that such document becomes deficient in this regard. You hereby represent and warrant that any material, information, reports and financial statements, whether rendered orally or in writing, furnished to us by you will be accurate, and that we may rely upon the truth or accuracy of such information.

### 6. Confidentiality and Conflicts

Akin Gump is a large law firm with multiple offices around the world. Because of the firm's size and geographic scope, as well as the breadth and diversity of our practice, other present or future clients of the firm inevitably will have contacts with you. Accordingly, to prevent any future misunderstanding and to preserve the firm's ability to represent you and our other clients, we confirm the following understanding about certain conflicts of interest issues:

Unless we have your specific agreement that we may do so, we will not represent another client in a matter that is substantially related to a matter in which we represent you and in which the other client is adverse to you. We understand the term "matter" to refer to transactions, negotiations, proceedings and other representations involving specific parties.

In the absence of a conflict as described above, you acknowledge that we will be free to represent any other client either generally or in any matter in which you may have an interest, including, but not limited to: (i) agreements; licenses; mergers and acquisitions; joint ventures; loans and financings; securities offerings; bankruptcy or insolvency; patents, copyrights, trademarks, trade secrets or other intellectual property; real estate; government contracts; the protection of rights; and representation before regulatory authorities; and (ii) representation and advocacy with respect to legislative issues, policy issues, administrative proceedings, or rulemakings.

We do not view this advance consent to permit unauthorized disclosure or use of any client confidences. Under applicable Rules of Professional Conduct, we are obligated to and shall preserve the confidentiality of any confidential information you provide to us. In this connection, we may obtain nonpublic personal information about you in the course of our representation. We restrict access to your nonpublic personal information to firm personnel who need to know that information in connection with our representation and, as appropriate, third parties assisting in that representation. We maintain appropriate physical, electronic, and procedural safeguards to protect your nonpublic personal information. We do not disclose nonpublic personal information about our clients or former clients to anyone, except as permitted by law and applicable Rules of Professional Conduct.

—

Robert S. Strauss Building / 1333 New Hampshire Avenue, N.W. / Washington, D.C. 20036-1564 / 202.887.4000 / fax: 202.887.4288 / www.akingump.com

4

We will not disclose to you or use on your behalf any documents or information with respect to which we owe a duty of confidentiality to another client or person.

The fact that we may have your documents and/or information that may be relevant to another matter in which we are representing another client will not prevent us from representing that other client in that matter without any further consent from you. In such a case, we will put in place screening and other arrangements to ensure that the confidentiality of your documents and/or information is maintained.

Our professional obligations to you and to our other clients will require us to run a new conflicts check if there is any change in the parties to the matter or any material change in its nature. We must also run a new conflicts check before undertaking any new matters with you.

## 7. Termination of Engagement

Upon completion of the matter to which this representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless you and we have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. You have the right at any time to terminate our services and representation upon written notice to the firm. We reserve the right to withdraw from our representation if circumstances arise that under the applicable rules of professional conduct, allow or require us to.

## 8. Disagreements Regarding Fees

In the event that you believe any statement for our services is erroneous for any reason, you shall notify us of the same within 10 business days after receipt of such statement stating the basis for your belief. If agreement cannot be reached with respect to the amount owed, you agree to promptly pay the non-disputed portion of our statement and submit the disputed portion for resolution by the appropriate committee of the organized bar of the city where our office rendering such services is located. If no organized bar exists in that city, then you can submit to the Committee on Arbitration Relating to Fee Disputes (or similar committee) of the regulatory body governing the practice of law in the state or jurisdiction where our office rendering such services is located.

## 9. Governing Law

OUR ENGAGEMENT SHALL BE GOVERNED BY THE LAWS OF THE JURISDICTION WHERE OUR OFFICE RENDERING OUR SERVICES IS LOCATED AND, EXCEPT FOR DISAGREEMENTS REGARDING FEES SUBMITTED TO ARBITRATION PURSUANT TO PARAGRAPH 8 ABOVE, VENUE FOR ANY OTHER ACTION

Robert S. Strauss Building / 1333 New Hampshire Avenue, N.W. / Washington, D.C. 20036-1564 / 202.887.4000 / fax: 202.887.4288 / www.akingump.com

5

HEREUNDER SHALL BE IN THE COUNTY WHERE OUR OFFICE RENDERING SUCH
SERVICES IS LOCATED.

### 10. Miscellaneous

The engagement letter to which this Statement of Firm Policies is attached constitutes our
entire understanding and agreement with respect to the terms of our engagement and supersedes
any prior understandings and agreements, written or oral. If any provision of our engagement
letter is held by a court of competent jurisdiction to be invalid, void or unenforceable, the
remainder of the provisions shall remain in full force and effect. Our engagement letter may
only be amended in writing by the parties hereto.

Your agreement to this engagement constitutes your acceptance of the foregoing terms
and conditions. If any of them is unacceptable to you, please advise us now so that we can
resolve any differences and proceed with a clear, complete, and consistent understanding of our
relationship.

Robert S. Strauss Building / 1333 New Hampshire Avenue, N.W. / Washington, D.C. 20036-1564 / 202.887.4000 / fax: 202.887.4288 / www.akingump.com

6

# SCHEDULE 1

## PARTIES SEARCHED IN THE CONFLICT DATABASE

## CONFLICTS LIST- ARCHBROOK LAGUNA HOLDINGS LLC

### ALL ARCHBROOK LAGUNA ENTITIES
(including non-debtor affiliates and former names)

ArchBrook Laguna Holdings LLC
ArchBrook Laguna LLC
Lehrhoff ABL LLC
Expert Warehouse LLC
Chimerica Global Logistics LLC
BDILH Consolidated
Chimerica Global Logistics
ABL Management LLC
ABL Invest LLC
BDI Laguna Inc.
BDI Laguna Holdings, Inc.
Sterling Imports, a Division of Lehrhoff ABL, LLC
ArchBrook Laguna West

BDI-BLM Trucking, Inc.
BDI-CL Holdings, Inc.
BDI Distributors, Inc.
BDI-Big City Express, Inc.
Esend, Inc.
BDI Laguna West, Inc
Entroute Solutions, Inc.
I Lehrhoof # Co
Sterling Imports
Integrated Premium Concepts
Beyond Technology, Inc.

### ALL ARCHBROOK LAGUNA JOINT VENTURE PARTIES
(including non-debtor affiliates and former names)

Associated Volume Buyers of "AVB" Anaheim
California

### THIRTY LARGEST UNSECURED CREDITORS

Direct Entertainment Media Group Inc.
Toshiba America Information Systems, Inc.
Hewlett-Packard US Operations
Tomtom Inc
LG Electronics USA Inc
Panasonic/First Chicago Nat'l
Acer America
Tongfang Global LLC
Federal Express Freight East

Dell Marketing LP
Garmin International Inc.
Samsung Electronics America
Toshiba Consumer Products
DXG Technology USA Inc
Lenovo
Mitac Digital Corp
Sterling Commerce
Home Entertainment Source

Sharp Appliances
Centon Electronics Inc
Jarden
Helen of Troy LP
Mcelroy, Deutsch, Mulvaney & Carpenter, LLP
Philips

Fuego North America LLC
YRC Worldwide, Inc.
Manhattan Associates
EB Excalibur
Hamilton Beach
Sharp Electronics Corp

## KEY VENDORS

Acer America Corporation
Dell Marketing LLP
Garmin USA Inc.
Panasonic Consumer Electronics
Samsung Electronics America, Inc.
Sharp Electronics Corp
TomTom, Inc.
Toshiba Consumer Products
Toshiba America Information Systems, Inc.
Acer America Corporation
LG Electronics
Samsung Electronics America, Inc.
Sharp Electronics Corp
Applica, Inc. / Spectrum Brands
Jarden

Garmin International Inc
Hewlett-Packard Us Operations
Lehrhoff Abl interco Purch
LG Electronics USA Inc
DXG Technology USA Inc
Panasonic/First Chicago Nat'l
Lenovo
Direct Entertainment Media Group Inc.
Philips
Electrolux Home Products, Inc.
General Electric Company
Pioneer Home Electronics
Whirlpool Corporation, Inc.
Hamilton Beach/Proctor Silex

## ADDITIONAL MAJOR CREDITORS

Expresso Satellite Navigation, Inc.

## CONTRACT COUNTER-PARTIES

Amazon Fulfillment Services, Inc
Samsung Electronics America, Inc
Hewlett-Packard Company
Toshiba America Information Systems, Inc.
HSN LP
Magnell Associate, Inc. (Newegg Inc.)
Rent-A-Center, Inc.
Crown Leasing Corp.

Raymond Handling Concepts Corp.
Carolina Handling LLC
The Raymond Corporation
Dell Marketing LLP
Raymond Leasing (Raymond Leasing Corp.)
Crown Credit
Hewlett Packard Financial Services
Delage Landen.

## PREPETITION LENDERS TO THE DEBTORS

Bank of America NA
GE Capital Commercial Services, Inc.

GE Capital Markets, Inc.
PNC Bank

## LEASE COUNTER-PARTIES

D/P Rickenbacker, LLC
Whirlpool Corporation
ITS Logistics
Heller Family L.L.C.
Panatoni Development Company, LLC
Pannatoni development DE, LLC
Carmel River LLC
Shelby Properties DE, Inc.
Roberts Investments, LLC
James Patrick Conahan, trustee James Patrick Conahan Revocable Trust
Kathleen Kani Conahan, trustee Kathleen Kani Conahan Revocable trust
Meadowlands Partners, LLC
LIT/Hodges development Holdco LLC
Serbing Associates

## DEBTORS' FINANCIAL INSTITUTIONS

Bank of America
Wells Fargo
PNC Bank

## AGENTS FOR THE PREPETITION LENDERS

GE Capital Commercial Services, Inc.

## PARTIES TO SIGNIFICANT LITIGATION WITH THE DEBTORS

New Age Electronics (Adverse)
Yvette Myers Zimmerman
Marshall Mizell (Adverse)

Chuck Marsh (Adverse)
D&H Distributing (Adverse)

## MAJOR CUSTOMERS OF THE DEBTORS

Rent-A-Center Inc.
Magnell Associates Inc.
Wal-Mart Stores Inc.
Beach Camera
Intent International Inc
ValueVision Media Inc.
Amazon.Com

Buy.Com
Jair Electronics Corporation
Eraguna Usa
Digital In The House; Inc.
Bed Bath & Beyond Inc
Rand's Camera & Hi Fi; Inc.
Direct Entertainment Media Group

3

ATEC Distribution NJ
Abboud Trading Corp
IQVC
Sears Holding Corporation
Compuwiz Group South Florida
Digital Data Devices Ltd
SYX Distribution Inc.
Micro Informatica, LLC
Home Shopping Network
B&H Photo-Video
Sunshine Computers

AF Services LLC
Bassgar-Illinois, Inc.
Burlington Coat Factory
Fred Meyers Stores Inc.
Best Buy Co. Inc.
J & R Electronics DBA
EGANET
Costco Wholesale Corp.
GVO Trading Inc.
The Wise Computer, Inc.
Mezuri Systems

## MAJOR INSURANCE CARRIERS, AGENTS, AND BROKERS

| Insurance | Insurer |
| --- | --- |
| Risk Management Property Policy | CAN |
| Workers Compensation | Palomar Insurance Corporation |
| Workers Compensation | American CAS Co. of Reading PA |
| General Liability | National Fire Ins of Hartford |
| Commercial Umbrella | Continental Casualty Company |
| International Commercial General Liability | The Continental Insurance Company |
| Commercial Package Policy | Palomar International Corp, LLC |
| Employers Liability | Valley Forge Ins Co |
| Medical Insurance/Dental Insurance | Horizon Blue Cross/Blue Shield of New Jersey |
| Long Term Disability, Short Term Disability, Life Insurance | Guardian |
| Long Term Care for Executives & Wives | John Hancock Financial Services |
| Long Term Disability (excess) | Mass Mutual Financial Group |

## EQUITY HOLDERS HOLDING MORE THAN 5% OF ARCHBROOK LAGUNA HOLDINGS LLC

BDI Laguna Holdings, Inc.
ABL Invest LLC

## CURRENT DIRECTORS AND OFFICERS OF THE DEBTORS

Joel Blank
Darren Marino
William Fritz Kopeinig
Daniel Lehrhoff
Michael McIntyre

## CURRENT DIRECTORS AND OFFICERS OF THE DEBTORS

John White
Arthur Lehrhoff
Daniel Boverman
Michael Bohardt
Stephen Gawrylewski
Peter Handy

## OTHER PROFESSIONALS RETAINED BY THE DEBTORS

Macquarie Capital (USA) Inc.
PricewaterhouseCoopers LLC
Garden City Group, Inc.
Hawkwood Consulting
Lee Garza
Dennis Killeen
David Drinan
Susan Tall

## ORDINARY COURSE PROFESSIONALS

Bondurant, Mixson & Elmore, LLC
Carruthers & Roth, P.A.
Christian & Barton LLP
Cross & Simon, LLC
Duane Morris LLP
Gibbons, P.C.
Mcelroy, Deutsch, Mulvaney & Carpenter, LLP
Seyfarth Shaw LLP
Sharma Yaskhi & Ishar LLP
O'Toole Fernandez Weiner Van Lieu

## KEY STAFF MEMBERS OF THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

Tracy Hope Davis
Vincent Abriano
Linda A. Riffkin
Catletha Brooks
Maria Catapano
Danny A. Choy
Stephanie B. Crowder
Elizabetta C. Dub

Marylou Martin
Anna M. Martinez
Brian S. Masumoto
Ercilia A. Mendoza
Mary V. Moroney
Richard C. Morrissey
Serene Nakano
Savitri Nguyen

## KEY STAFF MEMBERS OF THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

Marilyn Felton
Myrna R. Fields
Elizabeth Gasparini
Susan Golden
Nadkarni Joseph
Nazar Khodorovsky

Andrea B. Schwartz
Paul K. Schwartzberg
Sylvester Sharp
Andy Velez-Rivera
Greg M. Zipes

## FORMER DIRECTORS AND OFFICERS OF DEBTOR ENTITIES

### ARCHBROOK LAGUNA HOLDINGS LLC

| Former Directors | Former Officers |
|---|---|
| | Peter Handy |

### ARCHBROOK LAGUNA LLC

| Former Directors | Former Officers |
|---|---|
| Peter Castenfelt | Peter Handy |

### BDI LAGUNA HOLDINGS, INC.

| Former Directors | Former Officers |
|---|---|
| | Peter Handy |

### ARCHBROOK LAGUNA WEST LLC

| Former Directors | Former Officers |
|---|---|
| Peter Castenfelt | Peter Handy |

### LEHRHOFF ABL LLC (NEVADA)

| Former Directors | Former Officers |
|---|---|
| Joel Blank | Peter Handy |
| Darren Marino | |
| Steven Silverman | |

### EXPERT WAREHOUSE LLC

| Former Directors | Former Officers |
|---|---|
| Peter Castenfelt | Peter Handy |
| James Ristow | David Meekings |
| Robert Lawrence | |

## PROSPECTIVE DIP LENDERS

GE Capital Commercial Services, Inc.

## PROSPECTIVE DIP AGENT

GE Capital Commercial Services, Inc.

## COUNSEL TO PROSPECTIVE DIP AGENT

Latham & Watkins LLP

**PARTIES AND/OR RELATED PARTIES LISTED ON SCHEDULE 1
WHO ARE RECORDED IN THE CONFLICT DATABASE AS BEING
CURRENT OR FORMER CLIENTS OF AKIN GUMP**

## ALL ARCHBROK LAGUNA ENTITIES
(including non-debtor affiliates and former names)

As described in the Dizengoff declaration, Akin has in the past represented and currently represents ArchBrook Laguna Holdings, LLC and/or certain related parties.

## ALL ARCHBROOK LAGUNA JOINT VENTURE PARTIES
(including non-debtor affiliates and former names)

Akin Gump has in the past represented Associated Volume Buyers of "AVB" Anaheim California.

## THIRTY LARGEST UNSECURED CREDITORS

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Toshiba America Information Systems, Inc.
Samsung Electronics America
Toshiba Consumer Products
LG Electronics USA Inc.
Lenovo
Acer America
United Parcel Service
YRC Worldwide, Inc.

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Dell Marketing
Hewlett-Packard US Operations
Sharp Electronics Corp
Federal Express Freight East
Whirlpool Corporation
Sharp Appliances
Canon Inc.
Viewsonic Corp

In addition, Akin Gump has in the past represented and currently represents the Ad Hoc Committee of Lenders of YRC Worldwide, Inc. on matters wholly unrelated to the Debtors' chapter 11 cases.

## CRITICAL VENDORS

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Acer America Corporation
LG Electronics
Samsung Electronics America, Inc.
Toshiba Consumer Products
Toshiba American Information Systems, Inc.
LG Electronics USA Inc.
Lenovo
General Electric Company

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Dell Marketing
Garmin USA Inc.
Sharp Electronics Corp
Garmin International Inc.
Hewlett-Packard US Operations
Whirlpool Corporation
Hamilton Beach/Proctor Silex
Jarden

## CONTRACT COUNTER-PARTIES

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Amazon Fulfillment Services, Inc.
Samsung Electronics America, Inc.
Toshiba America Information Systems, Inc.
HSN LP

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Hewlett-Packard Company
Dell Marketing LLP
Rent-A-Center
Hewlett-Packard Financial Services

**PETITION LENDERS TO THE DEBTORS**

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Bank of America NA
GE Capital Commercial Services, Inc.
PNC Bank
GE Capital Markets, Inc.

**LEASE COUNTER-PARTIES**

Akin Gump has in the past represented Whirlpool Corporation and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases.

**DEBTORS' FINANCIAL INSTITUTIONS**

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases.

Bank of America
Wells Fargo
PNC Bank

**AGENTS FOR THE PREPETITION LENDERS**

Akin Gump has in the past represented and currently represents GE Capital Commercial Ventures Inc. and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases.

**PARTIES TO SIGNIFICANT LITIGATION WITH THE DEBTORS**

Akin Gump has not represented any of these companies or individuals.

**MAJOR CUSTOMERS OF THE DEBTORS**

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Wal-Mart Stores Inc.
ArchBrook Laguna
ValueVision Media Inc.
Amazon.Com
Home Shopping Network

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Rent-A-Center Inc.
Buy.Com
Sears Holding Corporation
Bed Bath & Beyond Inc.
Burlington Coat Factory

## MAJOR INSURANCE CARRIERS, AGENTS, AND BROKERS

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

CNA
National Fire Ins of Hartford
Continental Casualty Company
Guardian

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

The Continental Insurance Company
Valley Forge Ins Co
Mass Mutual Financial Group

## EQUITY HOLERS HOLDING MORE THAN 5% OF ARCHBROOK LAGUANA HOLDINGS LLC

Akin Gump has in the past represented and currently represents the following companies:

BDI Laguna Holdings, Inc.
ABL Invest LLC

## OTHER PROFESSIONALS RETAINED BY THE DEBTORS

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Macquarie Capital (USA) Inc.
PricewaterhouseCoopers LLC
The Garden City Group, Inc.

## ORDINARY COURSE PROFESSIONALS

Akin Gump has in the past represented Grant Thornton and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

## KEY STAFF MEMBERS OF THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

Akin Gump has not represented any of these individuals.

## FORMER DIRECTORS AND OFFICERS OF DEBTOR ENTITIES

### ARCHBROOK LAGUNA HOLDINGS LLC

Akin Gump has in the past represented Peter Handy on matters wholly unrelated to the Debtors' chapter 11 cases.

### ARCHBROOK LAGUNA LLC

Akin Gump has in the past represented Peter Handy and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

### ARCHBROOK LAGUNA WEST LLC

Akin Gump has in the past represented Peter Handy on matters wholly unrelated to the Debtors' chapter 11 cases.

### LEHRHOFF ABL LLC

Akin Gump has in the past represented Peter Handy on matters wholly unrelated to the Debtors' chapter 11 cases.

## PROSPECTIVE DIP LENDERS

Akin Gump has in the past represented and currently represents GE Commercial Services, Inc. and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

## PROSPECTIVE DIP AGENT

Akin Gump has in the past represented and currently represents GE Commercial Services, Inc. and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

## COUNSEL TO PROSPECTIVE DIP AGENT

Akin Gump has in the past represented and currently represents Latham & Watkins LLP and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

## SCHEDULE 3

### PARTIES AND/OR RELATED PARTIES LISTED ON SCHEDULE 1
### WHO ARE RECORDED IN THE CONFLICT DATABASE AS BEING CURRENTLY
### OR FORMERLY ADVERSE TO CLIENTS OF AKIN GUMP

Acer America Corporation
Amazon Fulfillment Services, Inc.
Amazon.Com
Applica, Inc. / Spectrum Brands
B&H Photo-Video
Bank of America NA
Bed Bath & Beyond Inc.
Best Buy Co. Inc.
Burlington Coat Factory
Buy.Com
Canon Inc.
CNA
Continental Casualty Company
Costco Wholesale Corp.
D&H Distributing
Dell Marketing LLP
Federal Express Freight east
Garden City Group, Inc.
Garmin International Inc.
Garmin USA Inc.
GE Capital Commercial Services, Inc.
GE Capital Markets, Inc.
General Electric Company
Grant Thornton
Guardian
Hewlett-Packard Company
Hewlett-Packard Financial Services
Hewlett-Packard US Operations
Home Shopping Network
HSN LP
Lenovo
LG Electronics
LIT/Hodges Development Holdco LLC
Macquarie Capital (USA) Inc.
Marshall Mizell
Mass Mutual Financial Group
McKenna Long & Aldridge
National Fire Ins of Hartford
New Age Electronics
Panasonic Consumer Electronics

Pioneer Home Electronics
PNC Bank
PricewaterhouseCoopers LLC
Raymond Leasing (Raymond Leasing Corp.)
Rent-A-Center, Inc.
Samsung Electronics America, Inc.
Sears Holding Corporation
Seyfarth Shaw LLP
Sharp Appliances
Sharp Electronics Corp.
Sterling Commerce
The Continental Insurance Company
Toshiba America Information Systems
Toshiba Consumer Products
United Parcel Service
Valley Forge Ins Co.
ValueVision Media, Inc.
Wal-Mart Stores Inc.
Wells Fargo
Whirlpool Corporation
YRC Worldwide, Inc.

## SCHEDULE 4

## PARTIES LISTED ON SCHEDULE 1
## WHO ARE RECORDED IN THE CONFLICT DATABASE AS SERVING OR HAVING
## SERVED ON OTHER INFORMAL AND/OR OFFICIAL CREDITORS'
## COMMITTEES REPRESENTED BY AKIN GUMP

Bank of America NA
GE Capital Commercial Services, Inc.
GE Capital Markets, Inc.
Hewlett-Packard US Operations
Hewlett-Packard Company
Toshiba America Information Systems, Inc.
Toshiba Consumer Products
ValueVision Media Inc.