AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (   ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF PRICEWATERHOUSECOOPERS LLP AS ACCOUNTING**
**CONSULTANTS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

ArchBrook Laguna Holdings LLC ("***ArchBrook***") and certain of its affiliates, as debtors

and debtors in possession (collectively, the "***Debtors***"), file this Application (the "***Application***"),

for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the

Debtors to employ and retain PricewaterhouseCoopers LLP ("***PwC***") as their accounting

consultants in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined herein) on

the terms set forth in the Engagement Letter (as defined herein).[2]   In support of this Application,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Pursuant to the Engagement Letter, PwC is being retained by Akin Gump Strauss Hauer & Feld LLP, proposed counsel to the Debtors, on behalf of the Debtors; *provided, however*, the Debtors shall be solely responsible for the payment of PwC's fees and expenses.

the Debtors submit the Declaration of Robert Gallagher, a partner at PwC (the "***Gallagher Declaration***"), a copy of which is attached hereto as **<u>Exhibit B</u>** and incorporated by reference herein and the Declaration of Daniel J. Boverman, Interim Chief Financial Officer, in Support of First Day Pleadings (the "***Boverman Declaration***").  In further support of this Application, the Debtors respectfully state as follows:

<b><u>Jurisdiction</u></b>

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are title 11 of the United States Code (the "***Bankruptcy Code***") section 327(a), rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***").

<b><u>Background</u></b>

4.      On July 8, 2011 (the "***Petition Date***"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5.      Contemporaneously with the filing of this Application, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of ArchBrook Laguna Holdings LLC.  A description of the Debtors' businesses, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition

into operations under chapter 11 is set forth in the Boverman Declaration, which is being filed contemporaneously with this Application.

**Relief Requested**

6.     The Debtors seek entry of an order pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of PwC as their accounting consultants in connection with these chapter 11 cases, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter (the "***Engagement Letter***"), a copy of which is attached as **Exhibit 1** to **Exhibit B**.

**PwC's Qualifications**

7.     PwC has significant qualifications and experience as accounting consultants. PwC is a leading full service, accounting, consulting, and financial services firm with over 75 offices and over 30,000 employees in the United States.  PwC is the United States-based firm of a global network of separate and independent member firms that operate locally in countries around the world.  PwC has considerable experience providing accounting, tax and financial advisory services to businesses in a chapter 11 environment.  PwC has acted as independent auditor and accountant in both in-court and out-of-court restructurings of companies of various sizes across a wide array of industries.  PwC has been employed in numerous bankruptcy cases, including the chapter 11 cases of Adelphia Communications Corp.; Blockbuster Inc., Calpine Corporation; Dana Corporation; Delphi Corporation; General Growth Properties, Inc.; the Great Atlantic & Pacific Tea Co.; Lehman Bros. Holdings Inc.; Lyondell Chemical Company; Petra Fund REIT Corp.; RHI Entertainment, Inc.; Sbarro, Inc.; Young Broadcasting Inc.; and many others.

8.     The consulting and accounting services (the "**_Services_**") that PwC will provide to the Debtors are necessary to provide accounting consultation to the Debtors and their proposed counsel in their chapter 11 cases.  The Services to be provided by PwC will not duplicate the services of any of the other professionals retained by the Debtors and PwC will use reasonable efforts to coordinate the Services with the Debtors and the Debtors' other professionals to avoid such unnecessary duplication.

9.     Based on the above representations, the Debtors believe that PwC is well qualified and able to advise the Debtors in their chapter 11 cases.

## Services to Be Provided

10.     Pursuant to the terms of the Engagement Letter, since June 8, 2011, PwC has been providing Services in connection with the review and evaluation of the Debtors' accounting and credit practices.  PwC intends to continue to provide such Services as set forth in the Engagement Letter during the chapter 11 cases.

11.     To the extent the Debtors request additional services not covered under the Engagement Letter, PwC and the Debtors will enter into additional engagement letters, as necessary, and will file and serve a notice of presentment of an order to the Court for approval of any such additional engagement letters.

## Professional Compensation

12.     Subject to the Court's approval, and pursuant to the terms and conditions of the Engagement Letter, PwC intends to charge the Debtors for the Services rendered in these chapter 11 cases its hourly rates for such services, which are as follows:

| Personnel Classification | Hourly Rate |
| --- | --- |
| Partners | $600 |
| Directors | $530 |
| Managers | $450 |

| Senior Associates | $365 |
|---|---|
| Associates | $290 |

13.     PwC's hourly rates are revised periodically in the ordinary course of their business.  PwC will (a) provide ten business days' notice to the Debtors, the U.S. Trustee and counsel to any statutory committee appointed in these chapter 11 cases of any increases in the rates set forth in the Engagement Letter and (b) file such notice with the Court.

14.     In addition to the hourly rates set forth above, the Debtors will reimburse PwC for any expenses incurred in connection with PwC's retention in these chapter 11 cases and the performance of the Services set forth in the Engagement Letter.  PwC's expenses will include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses.

15.     In addition to the fees set forth above, the Debtors will reimburse PwC for any direct expenses incurred in connection with PwC's retention in these cases and the performance of the Services set forth in the Engagement Letter, including all applicable taxes incurred in connection with the delivery of the Services (except for taxes imposed on PwC's income).  PwC's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of PwC's legal counsel relating to consideration or responses to discovery requests or participate as a witness) specifically related to this engagement.  PwC may receive rebates in connection with certain purchases, which are used to reduce overhead charges that PwC would otherwise pass on to its clients.

16.     Local Bankruptcy Rule 2016-2(g) provides that a professional may be exempted from any of the information requirements of Local Rule 2016-2 "for cause."  In this instance,

PwC advised the Debtors that it is not the practice of PwC's professionals to keep detailed time records in one-tenth-of-an-hour increments (*i.e.*, six minute increments) as customarily kept by attorneys who are compensated subject to approval of the Court. Instead, the customary practice of PwC's professionals is to keep reasonably detailed records of services rendered during the course of an engagement in half-hour (0.5) increments.

**PwC's Disinterestedness**

17.     To the best of the Debtors' knowledge, based on the Gallagher Declaration: (a) PwC has no connection to the Debtors, their creditors, or related parties except as may be disclosed in the Gallagher Declaration; (b) PwC does not hold any interest adverse to the Debtors' estates for the matters for which PwC is to be employed; and (c) PwC is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as required by Bankruptcy Code section 327(a). As of the Petition Date, PwC does not hold a prepetition claim against the Debtors with respect to any prepetition services rendered.

18.     PwC is a global firm. As a result, PwC may in the future be engaged by certain interested parties in matters unrelated to these chapter 11 cases. PwC has not provided, and will not provide, any professional services to any of the creditors or other parties in interest in matters related to these chapter 11 cases. Despite its efforts to identify and disclose connections with parties-in-interest in these cases, because the Debtors are a large enterprise with numerous creditors and other relationships, PwC is unable to state with certainty that every client representation or other connection of PwC with parties-in-interest in these cases has been disclosed in the Gallagher Declaration. In this regard, if PwC discovers additional information that requires disclosure, PwC will file supplemental disclosures with this Court.

## Supporting Authority

19.    The Debtors seek retention of PwC as their accounting consultants pursuant to Bankruptcy Code section 327(a), which provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21.    The Debtors submit that for all the reasons stated above and in the Gallagher Declaration, the retention of PwC as accounting consultants for the Debtors is warranted. Further, as stated in the Gallagher Declaration PwC is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as required by Bankruptcy Code section 327(a), and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Gallagher Declaration.  Accordingly, the retention of PwC as accounting consultant to the Debtors should be approved.

## Motion Practice

22.    This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this

Application.  Accordingly, the Debtors submit that this Application satisfies Local Rule 9013-1(a).

## <u>Notice</u>

23.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order authorizing the Debtors to (i) employ and retain PwC as their accounting consultants *nunc pro tunc* to the Petition Date and (ii) approve the terms of the Engagement Letter; and (b) grant such other and further relief as is just, equitable and proper.

New York, New York
Dated: July __8__, 2011

_____
Peter Handy
Authorized Person
ArchBrook Laguna Holdings LLC (for itself and
its affiliated Debtors and Debtors in Possession)
350 Starke Road, Suite 400
Carlstadt, NJ 07072
(201) 559-6200

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) Case No. 11-13292 (   ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS ACCOUNTING CONSULTANTS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "***Application***")[2] of the Debtors for entry of an order authorizing

the Debtors to employ and retain PwC as their accounting consultants effective as of the Petition

Date, pursuant to Bankruptcy Code sections 327(a), Bankruptcy Rules 2014(a) and 2016, Local

Rules 2014-1 and 2016-1; and upon the Gallagher Declaration attached to the Application as

**Exhibit B**; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the

United States Code to consider the Application and the relief requested therein; and venue being

proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and

the Court being satisfied that notice of the Application and the opportunity for a hearing on the

Application was appropriate under the particular circumstances and no further or other notice

need be given; and the Court being satisfied, based on the representations made in the

Application and the Gallagher Declaration, that PwC does not represent or hold any interest

adverse to the Debtors or their estates as to the matters upon which PwC has been and is to be

employed, and that PwC is a "disinterested person" as such term is defined in Bankruptcy Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

section 101(14), as modified by Bankruptcy Code section 1107(b), and as required under Bankruptcy Code section 327(a); and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having heard the evidence and statements of counsel regarding the Application and having determined that the legal and factual bases set forth in the Application, the Boverman Declaration and in the Gallagher Declaration establish just cause for the relief granted herein,

IT IS HEREBY ORDERED THAT:

1.      The Application is approved as set forth herein.

2.      In accordance with Bankruptcy Code section 327(a), Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain PwC as their accounting consultants in these chapter 11 cases, *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions of the Engagement Letter, a copy of which is attached as **Exhibit 1** to the Gallagher Declaration.

3.      The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

4.      PwC shall (a) provide ten business days' notice to the Debtors, the U.S. Trustee and counsel to any statutory committee appointed in these chapter 11 cases of any increases in the rates set forth in the Engagement Letter and (b) file such notice with the Court.

5.      Notwithstanding anything contained in the Engagement Letter or the Application to the contrary, to the extent that it uses the services of independent contractors (the "*Contractors*") in these chapter 11 cases, PwC shall pass-through the cost of such Contractors to the Debtors at the same rate that PwC pays the Contractors.

6. All of PwC's compensation as set forth in the Engagement Letter is approved pursuant to Bankruptcy Code section 328(a) and PwC shall be compensated in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court, *provided, however*, that PwC shall not be required to maintain time records in one-tenth of an hour increments, rather, PwC shall maintain detailed time records in half-hour increments.

7. PwC shall be reimbursed only for reasonable and necessary expenses. PwC will not bill the Debtors for their internal per ticket charges for booking travel.

8. To the extent requested in the Application, PwC is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) and from any similar requirements in any interim compensation order of professionals.

9. Notwithstanding anything to the contrary in the Engagement Letter, any limitation of liability and any other amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated and of no force and effect.

10. To the extent the Application or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

13. This Court retains exclusive jurisdiction over any controversy or claim arising out of, or in any way related to PwC's engagement hereunder; *provided that* in the event this Court

does not have or retain jurisdiction over such controversy or claim, the mediation and arbitration provisions of the Engagement Letter shall apply to such controversy or claim.

New York, New York
Date: _____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

## Declaration of Robert Gallagher

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (    ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**DECLARATION OF ROBERT GALLAGHER IN SUPPORT DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS ACCOUNTING
CONSULTANTS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "***Local Rules***"), I, Robert Gallagher, being duly sworn, state the following under penalty of perjury declare:

1.    I am a partner of PricewaterhouseCoopers LLP ("***PwC***").    I submit this Declaration (the "***Declaration***") on behalf of PwC in support of the application (the "***Application***")[2] of the Debtors for an order authorizing the employment and retention of PwC as Accounting Consultants for the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in the Engagement Letter.[3]  A copy of the Engagement Letter is annexed hereto as **Exhibit 1** for approval.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC; Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

[3] The Engagement Letter consists of an engagement letter, dated June 24, 2011 and a letter providing notice of the confidentiality of certain information, dated June 8, 2011.

## PwC's Qualifications

2.      PwC is a leading full-service, accounting, consulting and financial services firm with over 75 offices and more than 30,000 employees in the United States.  PwC is the United States-based firm of a global network of separate and independent member firms that operate locally in countries around the world.  Pursuant to the Engagement Letter between PwC and the Debtors, the Debtors hired PwC as accounting consultants.  PwC is well qualified, possesses extensive experience and knowledge in performing such accounting services and is widely recognized for its expertise in the provision of such services both in court and out of court to companies of various sizes across a wide array of industries.  PwC has considerable experience providing accounting, tax and financial advisory services to businesses in a chapter 11 environment, and has been employed in numerous bankruptcy cases, including the chapter 11 cases of:  Adelphia Communications Corp.; Blockbuster, Inc., Calpine Corporation; Dana Corporation; Delphi Corporation; General Growth Properties, Inc.; the Great Atlantic & Pacific Tea Co.; Lehman Bros. Holdings Inc.; Lyondell Chemical Company;  Petra Fund REIT Corp.; RHI Entertainment, Inc.; Young Broadcasting Inc.; and many others.  Accordingly, PwC is both well-qualified and uniquely able to provide accounting services during these chapter 11 bankruptcy cases in an efficient and timely manner.

3.      The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of PwC under my supervision and direction.  The procedures pursuant to which PwC determined whether there were any connections between PwC and interested parties in these cases is described below.  The results of that investigation are set forth herein and in **Exhibit 3** annexed hereto.

## Services to Be Provided

4.	As set forth in further detail in the Engagement Letter, PwC has agreed to provide services in connection with analyzing the Debtors' accounting and credit policies relating to accounts receivable (the "***Services***"). PwC intends to continue providing such services as set forth in the Engagement Letter during the chapter 11 cases.

5.	PwC currently intends to charge the Debtors for the Services based on the hourly rates set forth below.

| **Personnel Classification** | **Hourly Rate** |
| --- | --- |
| Partners | $600 |
| Directors | $530 |
| Managers | $450 |
| Senior Associates | $365 |
| Associates | $290 |

6.	To the extent the Debtors request additional services not covered under the Engagement Letter, PwC and the Debtors will enter into additional engagement letters, as necessary, and will file and serve a notice of presentment of an order to the Court for approval of any such additional engagement letters.

7.	PwC's hourly rates are revised periodically in the ordinary course of PwC's business. PwC shall advise the Debtors of its new rates once they are established, if a rate change is effective during the course of this engagement.

8.	In addition to the fees set forth above, the Debtors will reimburse PwC for any direct expenses incurred in connection with PwC's retention in these cases and the performance of the Services set forth in the Engagement Letter, including all applicable taxes incurred in connection with the delivery of the Services (except for taxes imposed on PwC's income). PwC's direct expenses shall include, but not be limited to, reasonable and customary out-of-

pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of PwC's legal counsel relating to considering or responding to discovery requests or participating as a witness) specifically related to this engagement.  PwC may receive rebates in connection with certain purchases, which are used to reduce overhead charges that PwC would otherwise pass on to its clients.

9.    The compensation arrangements provided for in the Engagement Letter are consistent with and typical of arrangements entered into by PwC and other accounting firms with respect to rendering comparable services for clients similar to the Debtors, both in and outside of bankruptcy.

10.    PwC professionals providing services to the Debtors will consult with internal PwC bankruptcy retention and billing advisors to ensure compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee and any other applicable procedures and orders of the Court, as well as to decrease the overall fees associated with the administrative aspects of PwC's engagement.  The services provided by these bankruptcy retention and billing advisors shall include, but are not limited to (a) assistance with preparation of the bankruptcy retention documents; (b) assistance with the disinterestedness disclosures; and (c) preparation of monthly fee statements and interim and final fee applications.  Due to the specialized nature of these services, specific billing rates exist for these PwC bankruptcy retention and billing advisors.[4]

11.    The Engagement Letter may be terminated at any time by PwC or the Debtors, but in any event the Engagement Letter will expire upon the effective date of the Debtors'

---

[4]  The rate per hour for these PwC bankruptcy retention and billing advisors by level of experience will be as follows: Director: $550; Manager: $400; Senior Associate: $290; Associate: $225 and Paraprofessional: $150.  These rates also are subject to periodic adjustments.

confirmed plan of reorganization, or the liquidation of the Debtors' assets under chapter 11 or 7 the Bankruptcy Code, or otherwise.

**PwC's Disinterestedness**

12.     In connection with its proposed retention by the Debtors in these chapter 11 cases, PwC utilized the list of interested parties attached hereto as **Exhibit 2**, which was provided by the Debtors, for the purpose of running its conflict check.  Other than as described in the Application and on **Exhibit 3** hereto, I am unaware of any connections that PwC or its affiliates have with the Debtors, any of the Debtors' creditors, other parties in interest, or their respective attorneys or accountants.  It is possible, however, that other principals or employees of PwC or its affiliates may have been retained by one or more of the Debtors' creditors, shareholders, or other parties in interest in unrelated matters without my knowledge.  To the extent that PwC discovers any such additional connections, it will supplement this disclosure to the Court as required by Bankruptcy Rule 2014(a).

13.     PwC's conflict analysis consisted of queries of an internal computer database containing names of individuals and entities that are present or recent former clients of PwC in order to identify relationships with potential parties in interest in these chapter 11 cases.  A summary of the relationships and representations that PwC was able to identify using its reasonable efforts is set forth on **Exhibit 3** to this Declaration.  PwC's representation of each entity listed on **Exhibit 3** (or its apparent affiliate, as the case may be), however, was or is only on matters that are unrelated to the Debtors and these chapter 11 cases.

14.     Except as set forth on **Exhibit 3** hereto:  (a) PwC has no connection with the Debtors, the Debtors' creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants; (b) PwC is not a creditor, equity security holder or insider of

5

the Debtors; (c) neither PwC (nor any of its principals) is or was, within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) PwC does not have an interest materially adverse to the Debtors, their respective estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.  Accordingly, PwC is a "disinterested person," as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a).

15.     PwC is not providing, and will not provide, services to any of the clients that are listed on **Exhibit 3** that are adverse to the Debtors or their estates or related to issues connected to the Debtors' chapter 11 bankruptcy cases.  Further, PwC is not providing, and will not provide, services to the Debtors that would be adverse to any of the entities listed on **Exhibit 3**.

16.     PwC has provided, and likely will continue to provide, services unrelated to these chapter 11 cases for the various potential parties in interest listed on **Exhibit 3**.  PwC's provision of services to these potential parties in interest primarily has involved the provision of tax and/or other consulting services.  To the best of my knowledge, information and belief:  (a) PwC's services to these parties were and are wholly unrelated to the Debtors, their estates and these chapter 11 cases; (b) PwC has not provided services to these parties that could impact their rights in these chapter 11 cases; and (c) PwC's involvement in these chapter 11 cases does not compromise its ability to continue providing such tax and/or consulting services to these potential parties in interest.

17.     As part of its diverse practice, PwC appears in numerous cases, proceedings and transactions involving many different professionals, attorneys, accountants and financial consultants, some of which may represent claimants and other parties in interest in these chapter 11 cases.  Further, PwC has in the past, and may in the future, be represented by several

attorneys and law firms in the legal community, some of whom may be involved in these cases. In addition, PwC has in the past worked, and will likely in the future be working, with or against the professionals involved in these cases on matters unrelated to these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of PwC's business relationships constitutes an interest materially adverse to the Debtors with respect to matters upon which PwC is to be employed and none is in connection with these cases.

18. Although PwC has researched the potential parties in interest list, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom we may maintain business relationships. Other than as disclosed herein, PwC has no relationship with the Debtors of which I am aware after due inquiry.

19. To the best of my knowledge, no professional of PwC who will work on this engagement is related or connected to any United States Bankruptcy Judge for the Southern District of New York, any District Judge for the Southern District of New York or any employee of the Office of the United States Trustee.

20. To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of PwC's retention are discovered or arise, PwC will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Affirmative Statement of Disinterestedness

21. To the best of my knowledge, information and belief, formed after reasonable inquiry, none of the services rendered by PwC to the entities set forth in **Exhibit 3** hereto have been in connection with the Debtors or these chapter 11 cases. PwC believes that these

relationships will not impair its ability to objectively perform professional services on behalf of the Debtors. PwC will not accept any engagement that would require PwC to represent an interest materially adverse to the Debtors.

22. To the best of my knowledge, information and belief formed after reasonable inquiry, PwC does not hold nor represent any interest materially adverse to the Debtors in the matters for which PwC is proposed to be retained. Accordingly, I believe that PwC is eligible for retention by the Debtors under the Bankruptcy Code.

23. During the 90 days immediately preceding the Petition Date, the Debtors paid $62,000 to PwC. In connection with the Engagement Letter, PwC received a retainer (the "**_Retainer_**") in the amount of $25,000 (included within the $62,000 payment), which was applied towards fees and expenses incurred prior to the Petition Date. There will be no Retainer funds available for post-petition services.

24. To the extent PwC has any fees outstanding for Services unpaid, PwC has agreed to waive any claims it has against the Debtors for such fees. As such, to the best of my knowledge, as of the Petition Date, no fees are outstanding on account of Services provided by PwC prior to the Petition Date.

25. PwC and the professionals that it employs are qualified to represent the Debtors in the matters for which PwC is proposed to be employed.

26. Except as otherwise set forth herein, PwC has not shared or agreed to share any of its compensation in connection with this matter with any other person.

27. It is PwC's intention to seek compensation for its services as described in the Application and the Engagement Letters in accordance with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee's Guidelines and any and all rules and orders of this Court.

28.     PwC intends to apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Engagement Letter, and pursuant to any additional procedures that may be established by this Court in these cases.

29.     PwC advised the Debtors that it is not the practice of PwC's professionals to keep detailed time records in one-tenth-of-an-hour increments (*i.e.*, six minute increments) as customarily kept by attorneys who are compensated subject to approval of the Bankruptcy Court. Instead, the customary practice of PwC's professionals is to keep reasonably detailed records of services rendered during the course of an engagement in half-hour (0.5) increments.  PwC will provide the following in its monthly, interim and final fee applications: (a) narrative summarizing each project category and the services rendered under each project category; (b) as an exhibit to each monthly, interim and final fee application that PwC files in these chapter 11 cases, a summary, by project category, of services rendered to the Debtors, which identifies each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered by each professional; and (c) reasonably detailed records of time in half-hour (0.5) increments, describing the services rendered by each professional and the amount of time spent on each date.

30.     PwC believes that given the nature of the Services to be provided, such billing format and associated time details will be sufficient for the Debtors and other parties-in-interest to make informed judgments regarding the nature and appropriateness of PwC's services and fees.

Robert Gallagher
Partner
PricewaterhouseCoopers LLP

Dated: July 5, 2011

## Exhibit 1

## Engagement Letter

ELIZABETH CYR
202.887.4518/fax: 202.887.4288
ecyr@akingump.com

**ATTORNEY-CLIENT PRIVILEGED**
**ATTORNEY-WORK PRODUCT**
**CONFIDENTIAL**


June 24, 2011


Robert E. Gallagher
PricewaterhouseCoopers, LLP
10 Tenth Street, Suite 1400
Atlanta, GA 30309

Dear Mr. Gallagher:

This letter will confirm that as of June 8, 2011, Akin Gump Strauss Hauer & Feld, LLP ("Akin Gump") has engaged PricewaterhouseCoopers, LLP ("PwC") for the benefit of Akin Gump and its client, ArchBrook Laguna, LLC ("ABL"), in connection with Akin Gump's representation of ABL in its analysis of its accounting and credit policies and practices. PwC is being retained to review and analyze the accounting practices of ABL and its employees related to accounts receivable in order to assist Akin Gump in its representation of ABL.

ABL has authorized Akin Gump to retain PwC to work under our direction and report directly to us. The terms of Akin Gump's engagement and retention of PwC are contained in the Engagement Letter (the "Agreement"), dated June 8, 2011, by and between PwC and Akin Gump, attached hereto as Exhibit A. In the event of any conflict between the terms herein and in the Agreement, the Agreement controls.

All communications between PwC and ABL, as well as communications between PwC and any attorney, agent, or employee acting on behalf of ABL, shall be for the sole purpose of assisting counsel in giving legal advice and providing legal services to ABL. Except as otherwise contemplated in the Agreement, PwC will not disclose to any third party, without Akin Gump's written permission, the nature or content of any oral or written communication, nor any information gained from the inspection of any record(s) or document(s) submitted to PwC, including information obtained from corporate records or documents.

PricewaterhouseCoopers, LLP
June 24, 2011
Page 2

Please sign below and return this original letter to me to indicate your agreement and understanding of the terms of your engagement.

We look forward to working with you.  Thank you.


Sincerely,

**Akin Gump Strauss Hauer & Feld, LLP**

By:  _____
**Elizabeth Cyr**


**AGREED AND ACCEPTED:**
**PricewaterhouseCoopers, LLP**

_____
**Robert E. Gallagher**
**Title:**  Partner

**Date:**  _6/27/11_

EXHIBIT

A



**pwc**

Elizabeth A. Cyr, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

8 June 2011

Dear Ms. Cyr,

This engagement letter confirms that Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" and "you") on your own behalf and as counsel for your client ArchBrook Laguna LLC ( "ABL" or "your Client") have engaged PricewaterhouseCoopers LLP ("we" or "us" or "PwC") to perform the services described below to assist you in connection with your giving legal advice to your Client.

## Scope of Our Services

You and your Client are engaging us to provide the following services (the "Services"): assist in analyzing accounting and credit policies relating to accounts receivable.

## Deliverables

We expect to provide you and your Client with tangible written material prepared for and delivered to you and your Client under this engagement letter ("deliverables") including the following: a report summarizing our findings.

You and your Client will own all deliverables except as follows: we own our working papers, pre-existing materials and any general skills, know-how, processes, or other intellectual property (including a non-client specific version of any deliverables) which we may have discovered or created as a result of the Services. You and your Client have a nonexclusive, non-transferable license to use such materials included in the deliverables for your and your Client's own internal use as part of such deliverables.

In addition to deliverables, we may develop software or electronic materials (including spreadsheets, documents, databases and other tools) to assist us with an engagement. If we make these available to you and your Client, they are provided "as is" and your and your Client's use of these materials is at your and your Client's own risk.

## Use of Deliverables

PwC is providing the Services and deliverables solely for your and your Client's use and benefit pursuant to a client relationship exclusively with you and your Client. The Services and deliverables are not intended for a third party's use, benefit or reliance and PwC disclaims any contractual or other responsibility or duty of care to others based upon these Services or deliverables. Except as described below, you and your Client shall not discuss the Services with or disclose deliverables to any third party, or otherwise disclose the Services or deliverables without PwC's prior written consent, other than as required in connection with the Services.

If your Client's third-party professional advisors (including accountants, attorneys, financial and other advisors), in providing advice or services to your Client, have a need to know information relating to our Services or deliverables and are acting solely for the benefit and on behalf of your Client, your Client may disclose the Services or deliverables to such professional advisors provided that such advisors agree: (i) that PwC did not perform the Services or prepare deliverables for such advisors' use, benefit or reliance and PwC assumes no duty, liability or responsibility to such advisors, and (ii) to not disclose the Services or deliverables to any other party without PwC's prior written consent; other than as required in connection with the Services or give assurance to others based upon the Services. Third-party professional advisors do not include any parties that are providing or may provide insurance, financing, capital in any form, a fairness opinion, or selling or underwriting securities in connection with any transaction that is the subject of the Services or any parties which have or may obtain a financial interest in you or your Client or an anticipated transaction.

## Confidentiality

"Confidential Information" means non-public information that a party marks as "confidential" or "proprietary" or that otherwise should be understood by a reasonable person to be confidential in nature. All terms of this engagement letter, including but not limited to fee and expense structure, are considered confidential. Confidential Information does not include any information which (i) is rightfully known to the recipient prior to its disclosure; (ii) is released to any other person or entity (including governmental agencies) without restriction; (iii) is independently developed by the recipient without use of or reliance on Confidential Information; or (iv) is or later becomes publicly available without violation of this engagement letter or may be lawfully obtained by a party from a non-party. All parties will protect the confidentiality of Confidential Information that it receives from the other parties except as required by applicable law, statute, rule, regulation or professional standard, without the other parties' prior consent. If disclosure is required by law, statute, rule or regulation (including any subpoena or other similar form of process), or by professional standards, the party to which the request for disclosure is made shall (other than in connection with routine supervisory examinations by regulatory authorities with jurisdiction and without breaching any legal or regulatory requirement) provide the other parties with prior prompt written notice thereof and, if practicable under the circumstances, allow the other parties to seek a restraining order or other appropriate relief.

## Our Responsibilities

We will perform the Services in accordance with the Standards for Consulting Services established by the American Institute of Certified Public Accountants. Accordingly, we will not provide an audit or attest opinion or other form of assurance, and we will not verify or audit any information provided to us.

## Your Client's Responsibilities

Our role is advisory only. It is your Client's responsibility to establish and maintain its internal controls. We expect that you and your Client will provide timely, accurate and complete information and reasonable assistance, and we will perform the engagement on that basis.

## Conflicts of Interest

We have undertaken a reasonable review of our records to determine PwC's professional relationships with the following persons or entities you and your Client identified: ABL Invest LLC, ABL Management LLC, Associated Volume Buyers and ABL. We are not aware of any conflicts of interest or relationships that would preclude us from performing the above work for you or your Client.

## Fees and Expenses

Your Client will pay a non refundable retainer of $25,000 to be applied to our final bill for the Services. The retainer is not intended to be an estimate for the total cost of the work to be performed. The total cost will be based upon the time spent in providing the Services and will be charged at the following rates:

|                   | Per Hour $ |
|-------------------|-----------|
| Partner           | 600       |
| Director          | 530       |
| Manager           | 450       |
| Senior Associate  | 365       |
| Associate         | 290       |

Hourly rates may be revised from time to time, and the adjusted rates will be reflected in billings.

PwC also will bill your Client for our reasonable out-of-pocket expenses, any applicable sales, use or value added tax, and internal per-ticket charges for booking travel. Invoices are due within 30 days of the invoice date. Your Client is responsible for paying our fees.

## Termination and Dispute Resolution

Any party to this engagement letter may terminate the Services by giving notice to that effect.

Any unresolved dispute relating in any way to the Services or this engagement letter shall be resolved by arbitration. The arbitration will be conducted in accordance with the Rules for Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution then in effect. The arbitration will be conducted before a panel of three arbitrators. The arbitration panel shall have no power to award non-monetary or equitable relief of any sort. It shall also have no power to award damages inconsistent with the Limitations of Liability provisions below. You and your Client accept and acknowledge that any demand for arbitration arising from or in connection with the Services must be issued within one year from the date either you or your Client became aware or should reasonably have become aware of the facts that give rise to our alleged liability and in any event no later than two years after any such cause of action accrued.

This engagement letter and any dispute relating to the Services will be governed by and construed, interpreted and enforced in accordance with the laws of the State of New York, without giving effect to any provisions relating to conflict of laws that require the laws of another jurisdiction to apply.

## Limitations on Liability

Except to the extent finally determined to have resulted from our gross negligence or intentional misconduct, our aggregate liability to pay damages for any losses incurred by you or your Client as a result of breach of contract, negligence or other tort committed by us, regardless of the theory of liability asserted, is limited in the aggregate to no more than the total amount of fees paid to us under this engagement letter. In addition, we will not be liable in any event for lost profits, consequential, indirect, punitive, exemplary or special damages. Also, we shall have no liability to you or your Client arising from or relating to third-party hardware, software, information or materials selected or supplied by you or your Client.

PwC is the U.S. firm of the global network of separate and independent PricewaterhouseCoopers firms (exclusive of PwC, the "Other PwC Firms"). During its performance of the Services, PwC may, in its discretion, draw on the resources of and subcontract to its subsidiaries, the Other PwC Firms and/or third party subcontractors (each a "PwC Subcontractor"), in each case within or outside of the United States. Upon request, we will be happy to provide details on the supervision and billing arrangements

we use in connection with these professionals. You and your Client agree that PwC may provide information PwC receives in connection with this engagement letter to each PwC Subcontractor to perform the Services and/or for internal administrative and regulatory compliance purposes. PwC will be solely responsible for the provision of the Services (including those performed by the PwC Subcontractors) and the PwC Subcontractors, their and PwC's respective partners, principals or employees (collectively the "Beneficiaries") shall have no liability or obligations arising out of this engagement letter. Your Client agrees to: (a) bring any claim or other legal proceeding of any nature arising from the Services against PwC and not against the Beneficiaries; and (b) ensure or procure that your Client's consolidated subsidiaries or affiliates receiving services under this engagement letter who your Client binds to this engagement letter by its signature ("your Client's Subsidiaries") do not assert any such claim or other legal proceeding against PwC or the Beneficiaries. If any of your Client's Subsidiaries receive Services under this engagement letter, your Client agrees to provide a copy of this engagement letter to such Subsidiaries, and your Client will notify them that although PwC Subcontractors may interact with them, the delivery of the Services is governed by the terms of this engagement letter (including the liability limitations herein), and your Client's Subsidiaries should notify your Client of any disputes or potential claims arising from the Services. PwC disclaims any contractual or other responsibility or duty of care to any other subsidiaries or affiliates. While PwC is entering into this engagement letter on its own behalf, this section also is intended for the benefit of each PwC Subcontractor.

**Other Matters**

PwC is owned by professionals who hold CPA licenses as well as by professionals who are not licensed CPAs. Depending on the nature of the services we provide, non-CPA owners may be involved in providing services to you or your Client now or in the future.

No party to this engagement letter may assign or transfer this engagement letter, or any rights, obligations, claims or proceeds from claims arising under it, without the prior written consent of the other party, and any assignment without such consent shall be void and invalid. If any provision of this engagement letter is found to be unenforceable, the remainder of this engagement letter shall be enforced to the extent permitted by law. If we perform the Services prior to both parties executing this engagement letter, this engagement letter shall be effective as of the date we began the Services. You and your Client agree we may use your name or your Client's name in experience citations and recruiting materials. This engagement letter supersedes any prior understandings, proposals or agreements with respect to the Services, and any changes must be agreed to in writing through an amendment to this letter or a change order.

By entering into this engagement letter your Client is binding your Client's Subsidiaries to the extent that your Client has authority to do so. We disclaim any contractual or other responsibility or duty of care to any other subsidiaries or affiliates.

*  *  *  *  *

We are pleased to have the opportunity to provide services to Akin Gump and ABL. If you or your Client have any questions about this engagement letter, please discuss them with Robert Gallagher at (678) 419-4314. If the Services and terms outlined in this engagement letter are acceptable, please sign one copy of this engagement letter in the space provided and return it to the undersigned. You and your Client may return the signed copy to me by mail or air courier to 10 Tenth Street, Suite 1400, Atlanta, Georgia 30309-3851, by facsimile to my attention at (813) 375-5849 or attached as a pdf, jpeg or similar file type to an e-mail to me at robert.e.gallagher@us.pwc.com.

Very truly yours,

Pricewaterhousecoopers LLP

By: _____

Robert E. Gallagher, Partner

Date: ____6/13/11_____

ACKNOWLEDGED AND AGREED:

**ArchBrook Laguna LLC**

Signature of client official: _____

Please print name: ____PETER A. HAND_____

Title: ____AUTHORIZED PERSON_____

Date: ____6/29/11_____

ACKNOWLEDGED AND AGREED:

**Akin Gump Strauss Hauer & Feld LLP**

Signature of client official: ____James P. Tuite_____

Please print name: ____JAMES P. TUITE_____

Title: ____PARTNER_____

Date: ____7/1/11_____

# Exhibit 2

## Parties in Interest

**PARTIES SEARCHED IN THE CONFLICT DATABASE**

**CONFLICTS LIST- ARCHBROOK LAGUNA HOLDINGS LLC**

**ALL ARCHBROOK LAGUNA ENTITIES**
(including non-debtor affiliates and former names)

ArchBrook Laguna Holdings LLC
ArchBrook Laguna LLC
Lehrhoff ABL LLC
Expert Warehouse LLC
Chimerica Global Logistics LLC
BDILH Consolidated
Chimerica Global Logistics
ABL Management LLC
ABL Invest LLC
BDI Laguna Inc.
ArchBrook Laguna West
BDI Laguna Holdings, Inc.
Sterling Imports, a Division of Lehrhoff ABL, LLC

BDI-BLM Trucking, Inc.
BDI-CL Holdings, Inc.
BDI Distributors, Inc.
BDI-Big City Express, Inc.
Esend, Inc.
BDI Laguna West, Inc
Entroute Solutions, Inc.
I Lehrhoof # Co
Sterling Imports
Integrated Premium Concepts
Beyond Technology, Inc.
ArchBrook Laguna West

**ALL ARCHBROOK LAGUNA JOINT VENTURE PARTIES**
(including non-debtor affiliates and former names)

Associated Volume Buyers of "AVB" Anaheim
California

**THIRTY LARGEST UNSECURED CREDITORS[5]**

Direct Entertainment Media Group Inc.
Toshiba America Information Systems, Inc.
Hewlett-Packard US Operations
Tomtom Inc
LG Electronics USA Inc
Panasonic/First Chicago Nat'l

Dell Marketing LP
Garmin International Inc.
Samsung Electronics America
Toshiba Consumer Products
DXG Technology USA Inc
Lenovo

---

[5] Helen of Troy LP and Home Entertainment Source were added to the top 30 list of unsecured creditors immediately prior to the filing of these chapter 11 cases. Accordingly, PwC cannot confirm whether it has an active relationship with any of these parties. To the extent that such relationship exists, PwC will promptly file a supplemental declaration disclosing these relationships.

Acer America
Tongfang Global LLC
Federal Express Freight East
Sharp Appliances
Centon Electronics Inc
Jarden
Helen of Troy LP
Mcelroy, Deutsch, Mulvaney & Carpenter, LLP
Philips

Mitac Digital Corp
Sterling Commerce
Home Entertainment Source
Fuego North America LLC
YRC Worldwide, Inc.
Manhattan Associates
EB Excalibur
Hamilton Beach
Sharp Electronics Corp

## KEY VENDORS

Acer America Corporation
Dell Marketing LLP
Garmin USA Inc.
Panasonic Consumer Electronics
Samsung Electronics America, Inc.
Sharp Electronics Corp
TomTom, Inc.
Toshiba Consumer Products
Toshiba America Information Systems, Inc.
Acer America Corporation
LG Electronics
Samsung Electronics America, Inc.
Sharp Electronics Corp
Applica, Inc. / Spectrum Brands
Jarden

Garmin International Inc
Hewlett-Packard Us Operations
Lehrhoff Abl interco Purch
LG Electronics USA Inc
DXG Technology USA Inc
Panasonic/First Chicago Nat'l
Lenovo
Direct Entertainment Media Group Inc.
Philips
Electrolux Home Products, Inc.
General Electric Company
Pioneer Home Electronics
Whirlpool Corporation, Inc.
Hamilton Beach/Proctor Silex

## ADDITIONAL MAJOR CREDITORS

Expresso Satellite Navigation, Inc.

## CONTRACT COUNTER-PARTIES

Amazon Fulfillment Services, Inc
Samsung Electronics America, Inc
Hewlett-Packard Company
Toshiba America Information Systems, Inc.
HSN LP
Magnell Associate, Inc. (Newegg Inc.)
Rent-A-Center, Inc.
Crown Leasing Corp.

Raymond Handling Concepts Corp.
Carolina Handling LLC
The Raymond Corporation
Dell Marketing LLP
Raymond Leasing (Raymond Leasing Corp.)
Crown Credit
Hewlett Packard Financial Services
Delage Landen

## PREPETITION LENDERS TO THE DEBTORS

Bank of America NA                        GE Capital Markets, Inc.
GE Capital Commercial Services, Inc.      PNC Bank

## LEASE COUNTER-PARTIES

D/P Rickenbacker, LLC
Whirlpool Corporation
ITS Logistics
Heller Family L.L.C.
Panatoni Development Company, LLC
Pannatoni development DE, LLC
Carmel River LLC
Shelby Properties DE, Inc.
Roberts Investments, LLC
James Patrick Conahan, trustee James Patrick Conahan Revocable Trust
Kathleen Kani Conahan, trustee Kathleen Kani Conahan Revocable trust
Meadowlands Partners, LLC
LIT/Hodges development Holdco LLC
Serbing Associates

## DEBTORS' FINANCIAL INSTITUTIONS

Bank of America
Wells Fargo
PNC Bank

## AGENTS FOR THE PREPETITION LENDERS

GE Capital Commercial Services, Inc.

## PARTIES TO SIGNIFICANT LITIGATION WITH THE DEBTORS

New Age Electronics (Adverse)            Chuck Marsh (Adverse)
Yvette Myers Zimmerman                    D&H Distributing (Adverse)
Marshall Mizell (Adverse)

## MAJOR CUSTOMERS OF THE DEBTORS

Rent-A-Center Inc.                        Buy.Com
Magnell Associates Inc.                   Jair Electronics Corporation
Wal-Mart Stores Inc.                      Eraguna Usa
Beach Camera                              Digital In The House; Inc.

| | |
|---|---|
| Intent International Inc | Bed Bath & Beyond Inc |
| ValueVision Media Inc. | Rand's Camera & Hi Fi; Inc. |
| Amazon.Com | Direct Entertainment Media Group |
| ATEC Distribution NJ | AF Services LLC |
| Abboud Trading Corp | Bassgar-Illinois, Inc. |
| IQVC | Burlington Coat Factory |
| Sears Holding Corporation | Fred Meyers Stores Inc. |
| Compuwiz Group South Florida | Best Buy Co. Inc. |
| Digital Data Devices Ltd | J & R Electronics DBA |
| SYX Distribution Inc. | EGANET |
| Micro Informatica, LLC | Costco Wholesale Corp. |
| Home Shopping Network | GVO Trading Inc. |
| B&H Photo-Video | The Wise Computer, Inc. |
| Sunshine Computers | Mezuri Systems |

## MAJOR INSURANCE CARRIERS, AGENTS, AND BROKERS

| Insurance | Insurer |
|---|---|
| Risk Management Property Policy | CAN |
| Workers Compensation | Palomar Insurance Corporation |
| Workers Compensation | American CAS Co. of Reading PA |
| General Liability | National Fire Ins of Hartford |
| Commercial Umbrella | Continental Casualty Company |
| International Commercial General Liability | The Continental Insurance Company |
| Commercial Package Policy | Palomar International Corp, LLC |
| Employers Liability | Valley Forge Ins Co |
| Medical Insurance/Dental Insurance | Horizon Blue Cross/Blue Shield of New Jersey |
| Long Term Disability, Short Term Disability, Life Insurance | Guardian |
| Long Term Care for Executives & Wives | John Hancock Financial Services |
| Long Term Disability (excess) | Mass Mutual Financial Group |

## EQUITY HOLDERS HOLDING MORE THAN 5% OF ARCHBROOK LAGUNA HOLDINGS LLC

BDI Laguna Holdings, Inc.
ABL Invest LLC

## CURRENT DIRECTORS AND OFFICERS OF THE DEBTORS

Joel Blank
Darren Marino

## CURRENT DIRECTORS AND OFFICERS OF THE DEBTORS

William Fritz Kopeinig
Daniel Lehrhoff
Michael McIntyre
John White
Arthur Lehrhoff
Daniel Boverman
Michael Bohardt
Dean Sottile
Stephen Gawrylewski
Peter Handy

## OTHER PROFESSIONALS RETAINED BY THE DEBTORS

Macquarie Capital (USA) Inc.
Akin Gump Strauss Hauer & Feld LLP
Garden City Group, Inc.
Hawkwood Consulting
Lee Garza
Dennis Killeen
David Drinan
Susan Tall

## ORDINARY COURSE PROFESSIONALS

Bondurant, Mixson & Elmore, LLC
Carruthers & Roth, P.A.
Christian & Barton LLP
Cross & Simon, LLC
Duane Morris LLP
Gibbons, P.C.
Mcelroy, Deutsch, Mulvaney & Carpenter, LLP
Seyfarth Shaw LLP
Sharma Yaskhi & Ishar LLP
O'Toole Fernandez Weiner Van Lieu

## KEY STAFF MEMBERS OF THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

Tracy Hope Davis
Vincent Abriano
Linda A. Riffkin
Catletha Brooks

Marylou Martin
Anna M. Martinez
Brian S. Masumoto
Ercilia A. Mendoza

## KEY STAFF MEMBERS OF THE OFFICE OF THE UNITED STATES TRUSTEE
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Catapano | Mary V. Moroney |
| Danny A. Choy | Richard C. Morrissey |
| Stephanie B. Crowder | Serene Nakano |
| Elizabetta C. Dub | Savitri Nguyen |
| Marilyn Felton | Andrea B. Schwartz |
| Myrna R. Fields | Paul K. Schwartzberg |
| Elizabeth Gasparini | Sylvester Sharp |
| Susan Golden | Andy Velez-Rivera |
| Nadkarni Joseph | Greg M. Zipes |
| Nazar Khodorovsky | |

## FORMER DIRECTORS AND OFFICERS OF DEBTOR ENTITIES

### ARCHBROOK LAGUNA HOLDINGS LLC

| Former Directors | Former Officers |
|---|---|
| | Peter Handy |

### ARCHBROOK LAGUNA LLC

| Former Directors | Former Officers |
|---|---|
| Peter Castenfelt | Peter Handy |

### BDI LAGUNA HOLDINGS, INC.

| Former Directors | Former Officers |
|---|---|
| | Peter Handy |

### ARCHBROOK LAGUNA WEST LLC

| Former Directors | Former Officers |
|---|---|
| Peter Castenfelt | Peter Handy |

## FORMER DIRECTORS AND OFFICERS OF DEBTOR ENTITIES

**LEHRHOFF ABL LLC (NEVADA)**

| Former Directors | Former Officers |
| --- | --- |
| Joel Blank | Peter Handy |
| Darren Marino | |
| Steven Silverman | |

**EXPERT WAREHOUSE LLC**

| Former Directors | Former Officers |
| --- | --- |
| Peter Castenfelt | Peter Handy |
| James Ristow | David Meekings |
| Robert Lawrence | |

## PROSPECTIVE DIP LENDERS

GE Capital Commercial Services, Inc.

## PROSPECTIVE DIP AGENT

GE Capital Commercial Services, Inc.

## COUNSEL TO PROSPECTIVE DIP AGENT

Latham & Watkins LLP

**Exhibit 3**

**Disinterestedness Disclosures**

PwC or its affiliates currently perform, or have previously performed, services in matters unrelated to these chapter 11 bankruptcy cases for the following individuals or entities or have other relationships with such entities, such as banking relationships.

## Relationships Known as of July 1, 2011:

**ALL ARCHBROOK LAGUNA ENTITIES**
ABL Invest LLC
ABL Management LLC
ArchBrook Laguna Holdings LLC
ArchBrook Laguna LLC
ArchBrook Laguna West

**THIRTY LARGEST UNSECURED CREDITORS**
Acer America Corporation
Canon Inc
Dell Marketing LP
Federal Express Freight East
Garmin International Inc
Hewlett-Packard US Operations
LENOVO
LG Electronics USA Inc
Manhattan Associates
MITAC DIGITAL CORP
Samsung Electronics America, Inc.
Sharp Electronics Corp
Sterling Commerce
Toshiba America Inform. System
United Parcel Service
VIEWSONIC CORP
Whirlpool Corporation
YRC

**CRITICAL VENDORS**
Electrolux Home Products, Inc.
General Electric Company
Hamilton Beach/Proctor Silex
Jarden
LG Electronics
Philips
Samsung Electronics America
TomTom, Inc.
Toshiba America Information Systems, Inc.
Whirlpool Corporation, Inc.

**CONTRACT COUNTER-PARTIES**
Hewlett Packard Financial Services

Hewlett-Packard Company (contract cancelled)
Magnell Associate, Inc. (Newegg Inc.)
Raymond Handling Concepts Corp.
Raymond Leasing (Raymond Leasing Corp.)
Samsung Electronics America, Inc
The Raymond Corporation

**PREPETITION LENDERS TO THE DEBTORS**
Bank of America NA
GE Capital Commercial Services, Inc
PNC Bank

**DEBTORS' FINANCIAL INSTITUTIONS**
Bank of America
Wells Fargo

**AGENTS FOR THE PREPETITION LENDERS**
GE Capital Commercial Services, Inc.

**MAJOR CUSTOMERS OF THE DEBTORS**
Amazon.Com
Bed Bath & Beyond Inc
Best Buy Co. Inc.
Burlington Coat Factory
Buy.Com
Costco Wholesale Corp.
Fred Meyers Stores Inc.
Magnell Associates Inc.
Sears Holding Corporation
Wal-Mart Stores Inc.

**MAJOR INSURANCE CARRIERS, AGENTS, AND BROKERS**

CNA
Continental Casualty Company

Guardian
Horizon Blue Cross/Blue Shield of New Jersey
John Hancock Financial Services
The Continental Insurance Company

**OTHER PROFESSIONALS RETAINED BY THE DEBTORS**
Akin Gump Strauss Hauer & Feld LLP
Macquarie Capital (USA) Inc.

**ORDINARY COURSE PROFESSIONALS**
Bondurant, Mixson & Elmore, LLP
Carruthers & Roth, P.A.
Christian & Barton LLP
Duane Morris LLP
Grant Thornton
Macquarie Capital (USA) Inc.
McKenna Long & Aldridge
Monster Cables
Seyfarth Shaw LLP

**COUNSEL TO PROSPECTIVE DIP AGENT**
Latham & Watkins LLP