UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 11-13292 (SCC) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER PURSUANT TO 28 U.S.C. § 156(c) AUTHORIZING THE
EMPLOYMENT AND RETENTION OF THE GARDEN CITY GROUP AS
NOTICE AND CLAIMS AGENT, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the section 156(c) Application (the "***Section 156(c) Application***") [Docket No. 3] of ArchBrook Laguna Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***") seeking entry of an order pursuant to 28 U.S.C. § 156(c) and Rule 5075-1(a) of the Local Bankruptcy Rules for the Southern District of New York, authorizing the retention of The Garden City Group, Inc. ("***GCG***") as notice and claims agent to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, and (iii) provide such other administrative services that the Debtors may require on the terms and conditions set forth in the agreement between the Debtors and GCG (the "***Retention Agreement***") and all as described more fully in the Section 156(c) Application; and upon the Declaration of Angela Ferrante submitted in support of the Section 156(c) Application (the "***Ferrante Declaration***"); and the Debtors having estimated that there are in excess of 7,500 creditors in these chapter 11 cases, many of which are expected to file proofs of claim, and it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

appearing that the receiving, docketing, and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk;[2] and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that GCG has the capability and experience to provide such services and that GCG does not hold an interest adverse to the Debtors or their estates respecting the matters upon which it is to be engaged; and it appearing that the Court has jurisdiction to consider the Section 156(c) Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and it appearing that this matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O); and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1408; and it appearing that GCG is disinterested and eligible for retention pursuant to Bankruptcy Code sections 101(14) and 327(a) and that the terms of the Retention Agreement are reasonable and appropriate; and good and sufficient notice of the Section 156(c) Application having been given and no other or further notice being required; and it appearing that the employment of GCG is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT:

1. The Section 156(c) Application is approved as set forth herein.

2. The Debtors are authorized to employ and retain GCG as its notice and claims agent on the terms and conditions set forth in the Retention Agreement.

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. GCG is authorized to perform the noticing and other services set forth in the Section 156(c) Application and to receive, maintain, record and otherwise administer the proofs of claim filed in this chapter 11 case.

4. GCG is the custodian of Court records and designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain the official claim register for the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. GCG is authorized and directed to perform all related tasks to process the proofs of claim and maintain a claims register including:

    a. Notify all potential creditors of the filing of the bankruptcy petitions and of the setting of the date for the first meeting of creditors pursuant to Bankruptcy Code section 341(a), under the proper provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

    b. Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

    c. Notify all potential creditors of the existence and amount of its respective claims as evidenced by the Debtors' books and records and as set forth in the Schedules;

    d. Furnish a notice of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

    e. Maintain a post office box for the purpose of receiving claims;

    f. Print, copy, and serve (by mail, overnight courier, facsimile, e-mail, or otherwise) on the appropriate creditors and parties in interest any and all relevant notices, motions, orders and other pleadings;

    g. For all notices, file with the Clerk an affidavit or certificate of service which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date mailed, within seven (7) days of service;

h. Docket all claims received by the Clerk's Office, maintain the official claims register (the "*Claims Register*") for the Debtors on behalf of the Clerk, and, upon the Clerk's request, provide the Clerk with a certified duplicate, unofficial Claims Register;

i. Specify, in the Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, and (iv) the classification(s) of the claim (*e.g.*, secured, unsecured, priority);

j. Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

k. Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

l. Relocate, by messenger or overnight courier, all of the court-filed proofs of claim to the offices of GCG, not less than weekly;

m. Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the claims register for the Clerk's review (upon the Clerk's request);

n. Make changes in the Claims Registers pursuant to Court Order;

o. Maintain the official mailing list for the Debtors of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Clerk;

p. If the case is converted to chapter 7, contact the Clerk's Office within seven (7) days of the entry of the order converting the case;

q. Thirty (30) days prior to the close of these Cases, arrange to have submitted to the Court a proposed Order dismissing the notice and claims agent and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of these Cases;

r. File with the Court the final version of the claims register immediately before the close of the Cases; and

s. At the close of the Cases, box and transport all original documents, in proper format, as provided by the Clerk's Office, to the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, Missouri 64064.

6. GCG is authorized to take such other action to comply with all duties set forth in the Section 156(c) Application.

7. The Clerk of the Court shall release all filed claims directly to GCG, and GCG will provide the Clerk of the Court with the necessary labels and boxes for shipping the claims to GCG.

8. GCG shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on (i) the Debtors, (ii) any statutory committee monitoring the expenses of the Debtors, and (iii) any party-in-interest who requests service of the monthly invoices (each a "***Notice Party***", and collectively, the "***Notice Parties***").

9. The Debtors are authorized to compensate GCG on a monthly basis (without the necessity of GCG's filing of a fee application with the Court), and without further order of the Court. GCG's fees and expenses shall be treated as an administrative expense of the Debtors' estates and shall be paid by the Debtors in accordance with the Retention Agreement upon receipt of each GCG invoice by the Debtors, unless GCG is advised, within ten (10) days of receipt of the invoice, that any of the Notice Parties objects to the invoice, in which case the Debtors will schedule a hearing before the Court to consider the disputed invoice. In the event of a disputed invoice, the Debtors shall remit to GCG only upon the resolution of the disputed portion, as mandated by the Court. If GCG's fees increase from the fees of the Retention Agreement, GCG shall file an affidavit with the Court describing such increases.

10. If any amounts are prepaid by the Debtors to GCG under the terms of the Retention Agreement, then GCG shall provide notice of such prepayment to the Notice Parties and such parties shall have ten (10) days from the receipt of such prepayment to provide GCG

with notice of an objection to the prepayment, in which case the Debtors will schedule a hearing before the Court to consider the disputed amount of the prepayment. Any such disputed amount shall be subject to disgorgement up until Court resolution of the dispute.

11. GCG and the applicable Notice Parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Retention Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

12. In the event GCG is unable to provide the services set out in this order, GCG will immediately notify the Clerk and the Debtors' counsel and cause to have all original proofs of claim and computer information turned over to another notice and claims agent with the advice and consent of the Clerk and the Debtors' counsel.

13. In connection with its appointment as notice and claims agent in these Cases, GCG:

   a. will not consider itself employed by the United States and shall not seek any compensation from the United States government in its capacity as the notice and claims agent in this chapter 11 case;

   b. waives any rights to receive compensation from the United States government; and

   c. will not be an agent of the United States and will not act on behalf of the United States.

14. The Debtors may submit a separate application to retain GCG pursuant to 11 U.S.C. § 327 for work to be performed outside the scope of 28 U.S.C. § 156(c).

15. In the event of an inconsistency between the Section 156(c) Application, Retention Agreement, and this Order, this Order shall govern.

16. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

New York, New York  /s/ Shelley C. Chapman
Date: July 12, 2011  HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE