UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] ) | Case No. 11-13292 (SCC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**ORDER ESTABLISHING CERTAIN NOTICE, CASE
MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

Upon the motion (the "***Motion***")[2] [Docket No. 5] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order establishing notice, case management and administrative procedures attached hereto as **Exhibit 1**; and upon the Boverman Declaration; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and other parties in interest; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of this Motion and the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue appearing proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Case Management Procedures are approved and shall govern all applicable aspects of these chapter 11 cases.

3. Upon this Court's authorization to engage The Garden City Group, Inc. ("**GCG**") as the Debtors' notice and claims agent, GCG is authorized, but not directed, to establish a case website available at www.archbrookrestructuring.com, where, among other things, key dates and information about the Debtors' chapter 11 cases will be posted.

4. Any notice sent by the Debtors or any other party in interest to those parties listed in the Master Service List or the 2002 List (as each is defined in the Case Management Procedures) or to any party or parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, Case Management Procedures or further order of this Court shall be deemed sufficient and in compliance thereof.

5. Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in Bankruptcy Code section 342(c)(1) so long as the notice is accompanied by a document, substantially in the form attached hereto as **Exhibit 2**, containing the name, address and last four digits of the taxpayer identification number of each of the Debtors in these cases.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

| | |
|---|---|
| New York, New York<br>Date: July 12, 2011 | */s/ Shelley C. Chapman*<br>THE HONORABLE SHELLEY C. CHAPMAN<br>UNITED STATES BANKRUPTCY JUDGE |

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (SCC) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

The notice, case management and administrative procedures (the "*Case Management Procedures*") have been approved by the United States Bankruptcy Court for the Southern District of New York (the "*Court*") for the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") pursuant to the *Debtors' Motion for entry of an Order Establishing Certain Notice, Case Management and Administrative Procedures* (the "*Motion*").

On July 12, 2011, the Court entered an order (the "*Case Management Order*") approving the Notice, Case Management and Administrative Procedures. A copy of the Case Management Order may be obtained by (a) accessing the website maintained by The Garden City Group, Inc. ("*GCG*"), the Debtors' claims and noticing agent, at www.archbrookrestructuring.com (the "*Case Website*"); (b) contacting GCG directly at ARB Bankruptcy Administration c/o GCG, PO Box 9792, Dublin, OH 43017- 5692 or (c) accessing PACER on the Court's website at http://www.nysb.uscourts.gov/ for a nominal fee. Finally, paper copies of all pleadings filed in the Debtors' chapter 11 cases may be available from the Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

**A.     Omnibus Hearings**

1.  <u>All Matters to be Heard at Omnibus Hearings</u>.  The Court shall schedule periodic omnibus hearings (the "*Omnibus Hearings*") to consider all notices, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief (collectively, the "*Requests for Relief*") and all objections and responses to such Requests for Relief (collectively, the "*Objections*," and together with the Requests for Relief and all other filed documents, the "*Court Filings*") pursuant to the following procedures:

> a.  <u>Initial Omnibus Hearings</u>.  The first four Omnibus Hearings shall be held on the following dates and times:
>
> > (1)   10:00 a.m. on the 2nd day of August, 2011;
> >
> > (2)   10:00 a.m. on the 7th day of September, 2011;
> >
> > (3)   10:00 a.m. on the 3rd day of October, 2011;
> >
> > (4)   10:00 a.m. on the 2nd day of November, 2011.
>
> b.  <u>Subsequent Omnibus Hearings</u>.  The Debtors shall request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, GCG shall post the date of the Omnibus Hearing on the Case Website.  Entities may contact GCG for information concerning all scheduled Omnibus Hearings.

2.  <u>Proposed Omnibus Hearing Agenda</u>.  The Debtors shall prepare Omnibus Hearing agendas in accordance with the following:

> a.  Two (2) business days before each Omnibus Hearing, Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing (the "*Proposed Hearing Agenda*").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of such adjournment; *provided, that*, for all matters adjourned to be

heard at a later Omnibus Hearing or some other future date, the Debtors will also electronically file on the docket (but need not serve) a notice of adjournment with respect to such matter(s).

    b.    The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel: (i) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.

**B.    Filing Procedures; General Motion Practice; Deadlines for the Filing of Responsive Pleadings**

    3.    <u>Procedures Established for Court Filings</u>.  All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re ArchBrook Laguna Holdings LLC*, Case No. 11-13292 (SCC), in accordance with the Court's General Order M- 399, by registered users of this Court's electronic case filing system and by all other parties in interest on a 3.5 inch floppy disk.  Further, pursuant to Local Rule 9070-1, at least one hard copy of any Court Filings filed with the Court (other than proofs of claim) shall be (a) marked "Chambers Copy" and delivered in an unsealed envelope to the chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Court, U.S. Custom House, One Bowling Green, New York, New York 10004, not later than the next business day following the date on which such Court Filing is electronically filed and (b) delivered to the Office of the United States Trustee for the Southern District of New York (the "***U.S. Trustee***").

    4.    <u>General Motion Practice</u>. The following procedures shall be followed for Requests for Relief generally, except those filed by non-Debtor parties seeking relief pursuant to Bankruptcy Code section 362:

3

a. <u>Ordinary Scheduling Procedures</u>. In accordance with Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***"), in the event that a party files and serves a Request for Relief at least 14 days before the next regularly scheduled Omnibus Hearing, the matter shall be set for hearing on the next regularly scheduled Omnibus Hearing date. If a Request for Relief is to be served by U.S. Mail only, it must be filed and served at least 17 calendar days before the Omnibus Hearing.

b. <u>Service of Requests for Relief</u>. Each Request for Relief shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and the Case Management Order. In addition, each Request for Relief shall state in the upper right-hand corner of its caption the objection date and time for the Request for Relief and the hearing date and time for the Request for Relief.

c. <u>Notices of Requests for Relief</u>. A notice shall be affixed to the front of each Request for Relief, and the notice shall set forth (a) the title of the Request for Relief, (b) the time and date of the objection deadline (as determined herein) and (c) the Omnibus Hearing date at which the party intends to present the Request for Relief. The notice may also include a statement that the relief requested therein may be granted without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (a "***Presentment Notice***"). If the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with the procedures set forth herein, counsel to the entity who has filed a Request for Relief may file a certification that no objection has been filed or served on the entity who has filed the Request for Relief and may request that the proposed order be entered without a hearing.

d. <u>Emergency Scheduling Procedures</u>. Notwithstanding the Ordinary Scheduling Procedures, every party shall retain the ability to request an emergency hearing pursuant to the Local Rules.

5. <u>Filing and Service of Objections, Replies and Other Responsive Pleadings</u>.

a. <u>Deadline for Objections</u>. The deadline to file Objections (the "***Objection Deadline***") shall be (i) five (5) calendar

4

days before the applicable hearing by 4:00 p.m. (Eastern Time) or (ii) otherwise as ordered by the Court. For Requests for Relief that are set on an expedited basis and less than ten (10) days after such Request for Relief is filed, the Objection Deadline shall be by 12:00 p.m. (Eastern Time) on the business day preceding the hearing date. Failure to file Objections by the Objection Deadline may cause the Court to not consider the Objection.

b. Extension of Objection Deadline. The Objection Deadline may be extended without order of the Court upon the consent of the entity filing the Request for Relief.

c. Service of Objections. All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the entity filing the Request for Relief, those entities on the Master Service List, the 2002 List, and each Affected Entity (all as defined herein), with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Objection Deadline is after the date that is five (5) days before the applicable hearing, then Objections shall also be served by e-mail, facsimile, hand delivery, or overnight mail upon the Debtors, any committee appointed in these cases and its counsel and each Affected Entity.

d. Certificate of No Objection. If no Objection is filed and served in a timely fashion, the movant may submit an order granting the relief requested in the Motion to the Court along with a Certificate of No Objection stating that no objection has been filed or served on the movant. By filing such certification, counsel for the movant is representing to the Court that the movant is unaware of any objection to the Motion and that counsel has reviewed the Court's docket and no objection appears thereon. Upon receipt of the Certificate of No Objection, the Court may enter the order submitted with the Certificate of No Objection without conducting a hearing.

e. Service of Replies to Objections. If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served so as to actually be received by the Debtors, each party that filed an Objection, any committee appointed in these cases and its counsel, and each Affected Entity, in all cases by 12:00 p.m. (Eastern Time) at least one (1) business day before the applicable hearing date,

unless otherwise agreed by the Affected Entity(ies) and the Debtors.

6. <u>Motion Practice for Lift Stay Actions</u>. Motions filed by non-Debtor parties seeking relief pursuant to Bankruptcy Code section 362 and objections thereto shall be governed by the following procedures: (i) any motion shall be filed and served at least 20 days before an Omnibus Hearing to be initially heard at such hearing; and (ii) if the Omnibus Hearing at which such motion shall be heard is more than 30 days after the date of service of the motion, the movant shall be deemed to have consented to the continuation of the automatic stay and waived its right to assert termination of the automatic stay pursuant to Bankruptcy Code section 362(e) until such Omnibus Hearing. If parties agree to adjournment, the waiver of the movant's rights under Bankruptcy Code section 362(e) should carry over to the adjourned Omnibus Hearing date each time there is an adjournment.

## C. Service and Notice Procedures

7. <u>Procedures Established for Notices</u>. All Court Filings shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "***Notice Procedures***").

8. <u>Definition of Entities Entitled to Service</u>. All Court Filings shall be served on the Master Service List, the 2002 List (each as defined hereinafter and together, the "***Service List***") and any other Affected Entities (as defined hereinafter) according to the Notice Procedures.

> a. <u>Master Service List</u>. In accordance with Bankruptcy Rule 2002 and Local Rule 2002-1, GCG shall maintain a master service list (the "***Master Service List***"), which shall be updated monthly. An updated Master Service List shall be made available by (a) accessing the Case Website; (b) contacting GCG directly; or (c) contacting the Debtors' counsel directly. The Master Service List shall include the following parties:
>
> (i) The U.S. Trustee;

(ii) the Debtors and their counsel;

(iii) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "*Committee*"), or until such time as any such committee is appointed, those creditors holding the 30 largest general unsecured claims against the Debtors on a consolidated basis;

(iv) any other statutory committee appointed in the cases;

(v) Latham & Watkins LLP, counsel to the agent for the Debtors' prepetition secured lender;

(vi) the Internal Revenue Service; and

(vii) the Securities and Exchange Commission.

b. <u>2002 List</u>. This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002. An updated 2002 List can be obtained on the Case Website.

c. <u>Affected Entities</u>. This group shall be comprised of all entities with a particularized interest in the subject matter of the specific Court Filing, including the entity filing the Request for Relief (each, an "*Affected Entity*").

9. <u>Requests for Documents Require E-mail Address</u>. A request for service of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") (each, a "*2002 Notice Request*") filed with the Court shall be deemed proper if and only if it includes the following information with respect to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) electronic mail (or e-mail) address.

a. <u>Certification Opting out of E-mail Service</u>. Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and thereafter cannot receive service by e-mail must include in the 2002 Notice Request a certification to that effect (the "*Certification*"). The Certification shall include a statement certifying that the individual or entity (a) does

not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail. Such individual entity will thereafter receive paper service as provided in the Case Management Procedures.

If a 2002 Notice Request fails to include an e-mail address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five (5) business days specifically requesting an e-mail address. If no e-mail address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of Court Filings filed in these cases unless such pleadings and/or documents directly affect such party.

10. <u>2002 Notice List</u>. The Debtors shall be responsible for maintaining an updated list (the "*2002 List*") of those who have submitted a proper 2002 Notice Request. It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court updated 2002 Notice Requests from time to time as necessary to reflect changes to any information, including e-mail address and contact person, and to serve a copy of any such update upon the Debtors.

11. <u>Maintenance of the Service List</u>. At least every fifteen (15) days during the first sixty (60) days of the Debtors' chapter 11 cases, and thereafter at least every thirty (30) days, GCG shall maintain and update the Service List by: (a) making any additions and deletions; and (b) posting an updated version of the Service List on the Case Website.

12. <u>Service of Motions</u>. With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 or 9019, parties shall serve all such filings only on the Service List by e-mail or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court—

a. in the case of any use, sale, lease or abandonment of substantially all of the Debtors' property, on each entity asserting an interest in that property;

b. in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

c. in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

d. in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

e. in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

f. any objection, opposition, response, reply or further document filed directly in response to a document shall be served on the entity who filed such document; and

g. all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

13. Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

    a. Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

    b. Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

    c. Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

    d. Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

e. Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

f. Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

g. Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

h. Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

i. Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

j. Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

k. Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

l. Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

m. Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

14. <u>Service by Electronic Mail</u>. All Court Filings shall be electronically filed on the Court's Electronic Filing System and served via e-mail,[2] other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such e-mail service.

 a. <u>Consent to Electronic Service</u>. Each creditor or party in interest on the Master Service List or that files a 2002 Notice Request shall be deemed to have consented to service of all Court Filings solely by electronic transmission, unless such creditor or party in interest has included a Certification opting out of such service. For the avoidance of doubt, the service of all Court Filings upon

---

[2] If an e-mailing address is not available, Court Filings shall be served by facsimile and where facsimile is unavailable, Court Filings shall be served by first class mail.

the U.S. Trustee must be accomplished by regular mail, overnight mail, facsimile or hand delivery.

    b.    <u>E-mail Subject Line</u>. With respect to the service of any Court Filing, the subject line of the e-mail shall include the following: (i) the Debtors' case name (*In re ArchBrook Laguna Holdings LLC, et al.*) and consolidated case number; (ii) the name of the party serving such Court Filing; and (iii) the title of the Court Filing being served. If the title of the Court Filing is too long to fit within the subject line of the e-mail, the subject line shall contain a shortened version of such title, and the text of the e-mail shall contain the full name of such Court Filing.

    c.    <u>E-mail Attachments</u>. All Court Filings served by e-mail shall include access to a computer file containing the entire document, including any proposed form of order and exhibits, attachments or other materials in ".pdf" format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format. Notwithstanding the foregoing, if a document cannot be annexed to an e-mail (because of its size, technical difficulties, or other concerns), the Debtors may, in their sole discretion (i) serve the entire document by U.S. Mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; (ii) e-mail the party being served and include a notation that the document has not been annexed and will be mailed if requested; or (iii) e-mail the party being served and include a link to the document on the Case Website.

15.    <u>Mailing Procedures</u>. Before mailing the notice of commencement, GCG shall run the list of creditors and equity security holders through the United States Postal Service's National Change of Address ("***NCOA***") software to update any addresses provided by the Debtors based on their books and records. If the NCOA software determines that a mailing address has changed, GCG shall mail documents to the updated address and is under no obligation to mail to the original address. If mail is returned to GCG as undeliverable with a forwarding address, GCG shall re-mail the document to the new address and update its mailing

database accordingly. If mail is returned to GCG as undeliverable with no forwarding address, GCG is under no further obligation to mail any notices or other pleadings to that address.

16. <u>Affidavits of Service</u>. Affidavits of service of all Court Filings, including a Service List, shall be filed with the Court; *provided, however*, that parties shall not be required to serve the affidavits of service to recipients of such service.

17. <u>Serving Adversary Proceedings</u>. All pleadings and other Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other entities required to be served under any applicable Bankruptcy Rule or Local Rule.

18. <u>Service of Orders</u>. All parties submitting orders shall serve a conformed copy of any entered order on (i) each Affected Entity, (ii) GCG and (iii) the Debtors within two (2) business days of entry of the order. The Debtors shall post all orders on the Case Website.

19. <u>Right to Request Special Notice Procedures</u>. Nothing herein shall prejudice the right of any entity to move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including without limitation the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

20. <u>Section 342 Notice Requirements</u>. Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in Bankruptcy Code section 342(c)(1) so long as the notice is accompanied by an insert, substantially in the form attached hereto as **Exhibit 2**, containing the name, address and last four digits of the taxpayer identification number of each of the Debtors in these cases.

### D. Additional Case Management Procedures

21. <u>Modification of Case Procedures</u>.  Nothing in the Case Management Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

22. <u>Adequate Notice</u>.  Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

23. <u>Computation of Time</u>.  Unless otherwise specified, all time periods referenced in this Motion will be calculated in accordance with Bankruptcy Rule 9006(a).

24. <u>Effect of the Case Management Procedures</u>.  The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in these cases except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

25. <u>Promulgation of the Case Management Procedures</u>.  Within five (5) business days after the entry of the Case Management Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Service List.  In addition, shortly after the end of each calendar month, counsel to the Debtors or GCG shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

# EXHIBIT 2

**Notice of Debtors' Tax Identification Numbers**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) Case No. 11-13292 (SCC) |
| Debtors. | ) Joint Administration Requested |

## NOTICE OF DEBTORS' TAX IDENTIFICATION NUMBERS

PLEASE TAKE NOTICE that pursuant to the *Order Establishing Certain Notice, Case Management and Administrative Procedures* approved by the Bankruptcy Court on July 12, 2011, the above-captioned debtors and debtors in possession hereby file, make available and give notice of the following information:

| Debtor Name | Address | Last Four Digits of Taxpayer Identification Number |
|---|---|---|
| ArchBrook Laguna LLC | 350 Starke Road, Suite 400 Carlstadt, NJ 07072 | 6166 |
| ArchBrook Laguna Holdings LLC | 350 Starke Road, Suite 400 Carlstadt, NJ 07072 | 6156 |
| Chimerica Global Logistics LLC | 350 Starke Road, Suite 400 Carlstadt, NJ 07072 | 3745 |
| ArchBrook Laguna West LLC | 3960 Royal DR NW Kennesaw, GA 30144 | 9631 |
| Lehrhoff ABL LLC | 350 Starke Road, Suite 400 Carlstadt, NJ 07072 | 6386 |
| Expert Warehouse LLC | 350 Starke Road, Suite 400 Carlstadt, NJ 07072 | 4487 |
| ArchBrook Laguna New York LLC | 545 8th Avenue, 4th Floor Room 401, New York, NY 10018 | 5385 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).