**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**INTERIM ORDER (A) AUTHORIZING, BUT NOT DIRECTING, DEBTORS (I) TO PAY CERTAIN PREPETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (II) TO PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS AND (III) TO CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon the motion (the "***Motion***")[2] [Docket No. 7] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order (the "***Order***") (a) authorizing the Debtors to (i) pay certain prepetition wages, salaries and other compensation, taxes, withholdings and reimbursable expenses, (ii) pay and honor obligations relating to medical and other benefits programs and (iii) continue their employee benefits programs on a postpetition basis (collectively, and as further described in the Motion, the "***Employee Obligations***"), and (b) scheduling a final hearing (the "***Final Hearing***") to consider entry of an order granting this and other relief on a permanent basis (the "***Final Order***"), all as more fully set forth in the Motion; and upon the Boverman Declaration; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion was appropriate under the particular circumstances; and this Court having reviewed the Motion and the Boverman Declaration, and having heard the statements in support of the relief requested therein at the hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to honor and pay, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and in the Debtors' sole discretion (subject to the terms of this Order), prepetition amounts outstanding on account of the Employee Obligations as follows: (a) Unpaid Compensation, including payments related to Commissions and the Employee Incentive Program, if any, up to a maximum of $11,725 per individual for prepetition payroll amounts outstanding in an aggregate amount not to exceed $535,071; (b) Unpaid Service Fees; (c) Unremitted Deductions; (d) Unremitted Payroll Taxes; (e) Unpaid Reimbursable Expenses in an amount not to exceed $1,000 per Employee; (f) Unpaid Medical and Dental Expenses; (g) Unpaid Insurance and Disability Benefits; (h) Unpaid Workers' Compensation Premiums; and (i) Unused Paid Time Off.

3. The Debtors are authorized, but not directed, to continue the following Employee Obligations during the Interim Period in the ordinary course of business on a postpetition basis,

in accordance with the Debtors' prepetition policies and practices and in the Debtors' sole discretion (subject to the terms of this Order), and to pay and honor claims related thereto: (a) Employee Payroll Obligations; (b) Service Fees; (c) the Commissions; (d) the Employee Incentive Program; (e) the Severance Plan; (f) Deductions; (g) Payroll Taxes; (h) Reimbursable Expenses; (i) the Medical and Dental Plans; (j) the Insurance and Disability Benefits; (k) the Workers' Compensation Program; (l) Paid Time Off; (m) the 401(k) Plan; and (n) the Flexible Spending Account.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, in accordance with the Motion.

5. The Debtors are authorized, but not directed, to pay all postpetition costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs and payments to outside professionals in the ordinary course of business.

6. The Debtors are authorized to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

7. Pursuant to Bankruptcy Code section 362(d), Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program, and the Debtors are authorized to take all steps necessary and appropriate with respect to the resolution of any such claims.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these cases with respect to prepetition amounts owed to their Employees.

9. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or other parties in interest's rights to dispute any claim; or (c) an approval or assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a), 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

11. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor-in-possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor-in-possession financing agreement.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

13. The Final Hearing on the Motion shall be held on August 2, 2011 at 10:00 a.m. (prevailing Eastern Time). Any objections or responses to entry of the Final Order must be filed with this Court and served so as to be actually received on or before July 28, 2011 at 4:00 p.m. (prevailing Eastern Time) by the following parties: (a) the Office of the United States Trustee for

the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Attorney for the Southern District of New York; and (h) the parties listed on the Master Service List and any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion and the Boverman Declaration, or are otherwise deemed waived.

15. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

New York, New York  
Date: July 12, 2011

*/s/ Shelley C. Chapman*  
HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE