UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re: | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | Case No. 11-13292 (SCC) |
| Debtors. | Jointly Administered |

**INTERIM ORDER (A) AUTHORIZING DEBTORS TO
PAY PREPETITION CLAIMS OF DISTRIBUTION NETWORK
VENDORS AND THIRD-PARTY WAREHOUSES; (B) AUTHORIZING
THE DEBTORS TO GRANT ADMINISTRATIVE EXPENSE PRIORITY TO ALL
UNDISPUTED OBLIGATIONS FOR MERCHANDISE ORDERED PREPETITION
AND DELIVERED POSTPETITION AND SATISFY SUCH OBLIGATIONS IN THE
ORDINARY COURSE OF BUSINESS; AND (C) SCHEDULING A FINAL HEARING**

Upon the motion (the "*Motion*") [Docket No. 8] of ArchBrook Laguna Holdings LLC ("*ArchBrook*") and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*"), seeking entry of an interim order (this "*Order*") (a) authorizing, but not directing, the Debtors to pay undisputed prepetition Distribution Network Charges[2] and Warehouse Charges in their sole discretion; (b) authorizing, but not directing, the Debtors to pay the amounts in connection with the Outstanding Orders to customers; (c) authorizing and directing the banks and other financial institutions to receive, process, honor and pay checks presented for payment and electronic payment requests relating to the foregoing; and (d) scheduling a final hearing; and upon the Boverman Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

and this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on an interim basis until such time as the Court conducts a final hearing on this matter (the "***Final Hearing Date***").

2. The Final Hearing Date shall be on August 2, 2011 at 10:00 a.m. (prevailing Eastern Time).

3. Any objections or responses to this Order becoming a final order shall be filed on or before July 28, 2011 at 4:00 p.m (prevailing Eastern Time) (the "***Objection Deadline***") and served on the following parties: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Attorney for the Southern District of New York; and (h) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002.

4. The Debtors shall serve a notice of the Final Hearing Date. Such notice shall be served via first class mail, postage prepaid. No further notice of the Final Hearing Date or of the entry of this Order need be served by the Debtors.

5. Subject to further order, the Debtors are authorized, but not directed, in their sole discretion, to pay all undisputed prepetition Distribution Network Charges consistent with their customary practices in the ordinary course of business; *provided, however*, that, prior to the entry of a final order, the Debtors shall only make those payments that actually become due and owing prior to the Final Hearing Date.

6. Subject to further order, the Debtors are authorized, but not directed, in their sole discretion, to pay all undisputed prepetition Warehouse Charges consistent with their customary practices in the ordinary course of business; *provided, however*, that, prior to the entry of a final order, the Debtors shall only make those payments that actually become due and owing prior to the Final Hearing Date.

7. The Debtors, in their sole discretion, shall undertake appropriate efforts to cause the Lien Claimants to acknowledge in writing that payment of their respective Lien Claimant Charges is conditioned upon such Lien Claimants continuing to supply services to the Debtors on trade terms that, at a minimum, such Lien Claimants provided to the Debtors on a historical basis prior to the Petition Date, or such other trade practices and programs that are at least as favorable to the Debtors as those in effect during such time, and the Debtors reserve the right to negotiate new trade terms with any Lien Claimant as a condition to payment of any such Lien Claimant Charge (the "***Trade Terms***").

8. If any Lien Claimant accepts payment on account of its Lien Claimant Charges and thereafter does not continue to provide services to the Debtors on the Trade Terms, then the

Debtors may, in their sole discretion and without further order of the Court: (a) declare that any payments made to such Lien Claimant on Lien Claimant Charges be deemed to have been in payment of any then-outstanding (or subsequently accruing) postpetition claims of such party without further action by any person or entity; and (b) recover any payments made to such Lien Claimant on account of its Distribution Network Charge and Warehouse Charge, as applicable, to the extent that such payments exceeded the undisputed postpetition claims of such Lien Claimant, without giving effect to any rights of setoff or recoupment, claims, provision for payment of reclamation or trust fund claims or other defenses. Under any such circumstances, such Lien Claimant shall immediately repay to the Debtors any payment made to it on account of its Lien Claimant Charge the extent that such payments exceed any undisputed postpetition claims of such Lien Claimant then outstanding or subsequently accruing, without giving effect to any rights of setoff or recoupment, claims, provision for payment of reclamation or trust fund claims, or other defenses. Upon recovery of any such payments by the Debtors, the applicable portion of the Lien Claimant Charge shall be reinstated as a prepetition claim in the amount recovered by the Debtors.

9. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claims and/or liens against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim and/or lien on any grounds, including such claim's validity and/or seeking the avoidance of all such liens and payments; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute a Distribution Network Charge or a Warehouse Charge; or (v) a request to assume any executory contract or unexpired lease, pursuant to Bankruptcy Code section 365.

10. All undisputed amounts arising from the Debtors' acceptance of Merchandise subject to Outstanding Orders are hereby deemed postpetition administrative expense claims pursuant to Bankruptcy Code section 503(b) and the Debtors are authorized, but not directed, to pay, such amounts in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

11. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption or adoption of any contract or agreement under Bankruptcy Code section 365.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized, but not directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, to the extent the Debtors have sufficient funds standing to their credit with such financial institutions, and that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

13. The entry of this Order is necessary to avoid immediate and irreparable harm and to the extent the relief granted herein implicates the use of property of the estates and Bankruptcy Code section 363, the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

14. Notwithstanding the possible applicability of Rules 6004(a) and 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor in possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor in possession financing agreement.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: July 12, 2011

*/s/ Shelley C. Chapman*  
HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE