**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) Case No. 11-13292 (SCC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### INTERIM ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE THEIR EXISTING CASH MANAGEMENT SYSTEM AND (B) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS

Upon the motion (the "***Motion***")[2] [Docket No. 9] of the above-captioned debtors (collectively, the "***Debtors***") for the entry of an order authorizing the Debtors to (a) continue using their existing Cash Management System and (b) maintain existing Bank Accounts and business forms; and upon the Boverman Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on an interim basis, subject to becoming a final order as provided herein.

2. The Debtors are authorized to continue using their integrated Cash Management System as described in the Motion.

3. The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the bank accounts in existence as of the Petition Date, including, without limitation, those accounts identified on **Exhibit B** to the Motion; (b) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders and invoices), as well as checks written manually and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to their status as debtors in possession; *provided, however*, that upon depletion of the Debtors' correspondence and business forms, the Debtors will obtain new business forms reflecting their status as debtors in possession; and, *provided, further, however*, that as soon as practicable after the Petition Date, the Debtors will note their status as "debtors in possession" on checks that are electronically printed; and (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession.

4. Except as otherwise expressly provided in this Order, all Banks are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

5. The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided*, *however*, that the Debtors may only open a new bank account with a bank designated as an Authorized Depository under the U.S. Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee.

6. The Debtors are authorized to direct the Banks and the Banks are authorized and directed to pay obligations in accordance with this or any separate order of this Court.

7. Except as otherwise provided in this Order or in a separate order of this Court, all Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued prior to the Petition Date.

8. As soon as practicable after the entry of this Order, the Debtors shall serve a copy of this Order on those Banks that make disbursements pursuant to the Debtors' Cash Management System except as expressly directed by the Debtors pursuant to paragraph 10, above.

9. Any objections to the relief requested in the Motion on a permanent basis must be filed no later than July 28, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "***Objection Deadline***"). If an objection is timely filed and served so as to be received on or before the Objection Deadline, such objection shall be set for hearing on August 2, 2011 at 10:00 a.m. (prevailing Eastern Time). This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection.

10. Any objections or responses to this Order becoming a final order shall be filed on or before the Objection Deadline and served on the following parties: (a) the Office of the

United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

11. In the event that no objection to the Motion or this Order is timely filed and served, then this Order shall become a final order as of the day immediately following the Objection Deadline, *nunc pro tunc* to the Petition Date, without further hearing or order of this Court.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor in possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor in possession financing agreement.

15. Notwithstanding the possible applicability of Rules 6004(a) and 6004(h) of the Federal Rules of Bankruptcy or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: July 12, 2011

      */s/ Shelley C. Chapman*  
      HONORABLE SHELLEY C. CHAPMAN  
      UNITED STATES BANKRUPTCY JUDGE