UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) ) ) ) | Case No. 11-13292 (SCC) |
| Debtors. | ) ) | Jointly Administered |

### INTERIM ORDER AUTHORIZING THE DEBTORS TO MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND PRACTICES AND HONOR RELATED PREPETITION OBLIGATIONS

Upon the motion (the "***Motion***")[2] [Docket No. 10] of ArchBrook Laguna Holdings LLC ("***ArchBrook***") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") for the entry of an order authorizing, but not directing, the Debtors to maintain customer programs in the ordinary course of business and honor certain prepetition obligations related thereto and authorizing financial institutions to honor all related checks and electronic payment requests; and upon the Boverman Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances and it appearing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to maintain the Customer Programs in the ordinary course of business and to honor any prepetition obligations related thereto.

3. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

4. Nothing contained herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any claim by a customer with respect to any Customer Program.

5. Any objections to the relief requested in the Motion on a permanent basis must be filed no later than July 28, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "*Objection Deadline*"). If an objection is timely filed and served so as to be received on or before the Objection Deadline, such objection shall be set for hearing on August 2, 2011 at 10:00 a.m. (prevailing Eastern Time). This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection.

6. Any objections or responses to this Order becoming a final order shall be filed on or before the Objection Deadline and served on the following parties: (a) the Office of the

United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney for the Southern District of New York.

7. In the event that no objection to the Motion or this Order is timely filed and served, then this Order shall become a final order as of the day immediately following the Objection Deadline, *nunc pro tunc* to the Petition Date, without further hearing or order of this Court.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor-in-possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor-in-possession financing agreement.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: July 12, 2011

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE