UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 11-13292 (SCC) |
| Debtors. | ) ) ) | Jointly Administered |

**INTERIM ORDER (A) AUTHORIZING, BUT NOT DIRECTING,
DEBTORS TO CONTINUE TO ADMINISTER INSURANCE
COVERAGE AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO
HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon the motion (the "***Motion***")[2] [Docket No. 11] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an interim order (this "***Order***") (a) authorizing, but not directing, the Debtors to (i) continue to administer insurance coverage currently in effect and pay any prepetition premiums, taxes and fees related to the Policies and (ii) revise, extend, supplement or change insurance coverage as needed, including authorizing the Debtors to enter into new insurance policies through renewal of the Policies or purchase of new policies, and (b) authorizing financial institutions to honor all related checks and electronic payment requests; and upon the Boverman Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

IT IS HERBY ORDERED THAT:

1. The Motion is granted as set forth herein on an interim basis until such time as the Court conducts a final hearing on this matter (the "***Final Hearing Date***").

2. The Final Hearing Date shall be on August 2, 2011 at 10:00 a.m. (prevailing Eastern Time).

3. Any objections or responses to this Order becoming a final order shall be filed on or before July 28, 2011 at 4:00 p.m (prevailing Eastern Time) (the "***Objection Deadline***") and served on the following parties: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Declaration Concerning List of the Debtors' 30 Largest Unsecured Claims on an Consolidated Basis filed pursuant to Bankruptcy Rule 1007(d); (c) GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility, (d) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Attorney for the Southern District of New York; and (h) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002.

4. The Debtors shall serve a notice of the Final Hearing Date. Such notice shall be served via first class mail, postage prepaid. No further notice of the Final Hearing Date or of the entry of this Order need be served by the Debtors.

5. The Debtors are authorized, but not directed, in their sole discretion, to continue to administer insurance coverage currently in effect and pay any prepetition Insurance Premiums related to the Policies, including the Known Prepetition Insurance Premium Obligation, to the extent that the Debtors determine in their discretion that such payments are necessary or appropriate.

6. The Debtors are authorized, but not directed, to revise, extend, supplement or change insurance coverage as needed, including entering into new insurance policies, through renewal of the Policies or purchase of new policies.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding the possible applicability of Rules 6004(a) and 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

10. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor in possession financing unless such payments or disbursements are

included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor in possession financing agreement.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: July 12, 2011

*/s/ Shelley C. Chapman*  
HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE