**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | Case No. 11-13292 (SCC) |
| Debtors. | Jointly Administered |

## ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, 364, 365, 503 AND 507 AND FED. R. BANKR. P. 2002, 4001, 6004, 6006, 9008, AND 9014 APPROVING (A) BID PROCEDURES, (B) NOTICE OF SALE, AUCTION, AND SALE HEARING, AND (C) ASSUMPTION PROCEDURES AND RELATED NOTICES

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the "***Debtors***"), pursuant to 11 U.S.C. §§ 105, 363, 364, 365, 503 and 507 and Fed. R. Bankr. P. 2002, 4001, 6004, 6006, 9008, and 9014, for entry of (1) an order approving (a) bid procedures in connection with the sale of substantially of all of the Debtors' assets (the "***Assets***"), substantially in the form attached hereto as **Exhibit A** but excluding the schedules attached thereto,[3] (b) the notice (the "***Sale Notice***") of sale, Auction, and Sale Hearing (each as defined below) and (c) procedures and a cure notice with respect to the assumption and assignment of executory contracts and unexpired leases in connection with the Sale Transaction (as hereinafter defined); and (2) an order approving the sale of the Assets and related transactions (the "***Sale Transaction***") to the Successful Bidder(s); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[3] The Schedules to the Bid Procedures are attached to the Motion and available to all parties in interest on the Debtors' restructuring website maintained by the Debtors' claims agent, The Garden City Group, at www.archbookrestructuring.com.

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and upon the Court's consideration of the Motion, the record of the hearing with respect to the Motion (the "**Bid Procedures Hearing**"), including any objections filed and raised at the Hearing; and upon all of the proceedings had before the Court; and any objections to the Motion having been withdrawn, resolved, or overruled on the merits; and it appearing that there exists just cause for the relief granted herein and such relief is in the best interests of the Debtors, their estates and creditors and all other parties in interest

IT IS HEREBY ORDERED THAT:[4]

1.     The Motion is granted to the extent provided herein.

2.     As stated on the record at the Bid Procedures Hearing, Direct Entertainment Media Group, Inc. and Philips Electronic North America Corp. have reserved their rights to object to the sale of the Assets at the Sale Hearing.

## Bid Procedures

3.     The Bid Procedures are hereby approved.  The failure specifically to include or reference a particular provision of the Bid Procedures in this order shall not diminish or impair the effectiveness of such provision.

## Bid Deadline, Auction and Sale Hearing

4.     The deadline for a Potential Bidder to submit bids shall be August 4, 2011 at 5:00 p.m. (Eastern Daylight Time) (the "**Bid Deadline**").  The Auction shall be held on August 8, 2011 at 10:00 a.m. (Eastern Daylight Time) at the offices of Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036.

---

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* Fed. R. Bankr. P. 7052.

5.     The Court shall hold a hearing on August 10, 2011 at 2:00 p.m. (Eastern Daylight Time) (the "**Sale Hearing**") in the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, at which time the Court shall consider the approval of the Sale Transaction as set forth in the Motion, approve the Successful Bidder(s), and confirm the results of the Auction, if any.   Objections to the Sale Transaction[5] shall be in writing, filed and served so as to be actually received by the Court and the following parties (the "**Objection Recipients**") on or before August 1, 2011 at 4:00 p.m. (Eastern Daylight Time) (the "**Objection Deadline**"), *provided*, *however*, that objections as to the Auction or the selection of the highest or otherwise best bid shall be in writing, filed and served so as to be actually received by the Notice Parties by August 9, 2011 at 12:00 p.m. (Eastern Daylight Time).

a.     Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Ira S. Dizengoff, Esq., idizengoff@akingump.com; Michael P. Cooley, Esq., mcooley@akingump.com; and Alexis Freeman, Esq., afreeman@akingump.com), proposed counsel to the Debtors;

b.     Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, NY 10004 (Attn: Susan D. Golden and Serene Nakano);

c.     Latham & Watkins LLP, 885 Third Avenue, New York NY 10022 (Attn: Roger G. Schwartz, Esq., roger.schwartz@lw.com), counsel to GE Capital Commercial Services, Inc., as administrative agent under the Debtors' prepetition credit facility and debtor in possession credit facility;

d.     Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Lawrence C. Gottlieb, Esq., lgottlieb@cooley.com; Cathy Hershcopf, Esq., chershcopf@cooley.com; Jeffrey L. Cohen, Esq., jcohen@cooley.com), proposed counsel to the Official Committee of Unsecured Creditors;

e.     Internal Revenue Service, 290 Broadway, New York, NY 10007;

---

[5] Objections to the assumption and assignment of Designated Contracts are addressed below.

f.      Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281 (Attn: George S. Canellos);

g.      United States Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Preet Bharara); and

h.      Parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002.

6.      The failure to file and serve an objection to the Sale Transaction by the Objection Deadline shall be a bar to the assertion thereof at the Sale Hearing or thereafter.

7.      At any time before the Bid Deadline, the Debtors, after consultation with the Consulting Parties (as defined in the Bid Procedures), may seek Court approval to enter into a purchase agreement (the "***Stalking Horse Agreement***"), subject to higher and better offers at the Auction, with any Qualified Bidder that submits a Qualified Bid (the "***Stalking Horse Bidder***") to establish a minimum Qualified Bid (the "***Stalking Horse Bid***") at the Auction.  The Stalking Horse Agreement may contain certain customary terms and conditions, including expense reimbursement and a break-up fee in an amount to be determined by the Debtors and in consultation with the Consulting Parties.  To the extent the Debtors seek Court approval to enter into any such Stalking Horse Agreement, the Debtors may seek expedited approval thereof, but in no event shall the Debtors seek such expedited approval on less than five (5) calendar days notice.  The Debtors shall serve notice of the Stalking Horse Agreement and any hearing to consider approval thereof on all parties on the Debtors' Rule 2002 notice list.  To the extent that the Court approves the Debtors' entry into a Stalking Horse Agreement, and the order approving a Stalking Horse Agreement is entered less than two (2) business days before the date of the Auction, the Auction date (and any corresponding dates thereafter) shall be adjusted to allow for

two (2) business days notice between entry of any such approval order and the date of the Auction and shall account for the exact number of days so adjusted.

8.     The Sale Hearing may be adjourned from time to time without further notice to the Sale Notice Parties (as defined below), creditors or other parties in interest other than by announcement of the adjournment in open court with an entry of a notice of such adjournment on the Court's docket.

## Authorization

9.     The Debtors are authorized to take such actions as contemplated by the Motion prior to the Auction and the Sale Hearing, including, without limitation, actions to notify creditors, customers, regulators or other interested parties regarding the Sale Transaction and to obtain any necessary consents or approvals regarding the Sale Transaction or any other actions necessary to effectuate the Sale Transaction.

## Notice

10.     Notice of (a) the Motion, (b) the Bid Procedures, (c) the Auction, (d) the Sale Hearing and (e) the proposed assumption and assignment of the Designated Contracts or other similarly designated contracts to the Successful Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

<u>Notice of Sale, Auction and Sale Hearing</u>

11.     Within five (5) business days after entry of this order, the Debtors (or their agents) shall:

        a.     Provide (i) notice, in substantially the form attached hereto as **<u>Exhibit B</u>** (the "***Sale Notice***"), of the Sale Transaction, the Auction, and the Sale Hearing, and (ii) this order by email, mail, facsimile or overnight delivery service, upon the Sale Notice Parties;

b.     Publish the Sale Notice on one occasion in *The New York Times, national edition*; and

c.     Cause the Sale Notice to be published on the Website.

Assumption, Assignment and Cure Notice:

12.     Within two (2) business days after receiving the schedule from each Qualified Bidder of those executory contracts and unexpired leases it wishes to assume (the "***Designated Contracts***"), and no later than one (1) business day before the Sale Hearing (subject to adjustment as provided below), the Debtors shall file with the Court and serve on each counterparty to an executory contract or unexpired lease set forth on such schedule a notice of assumption, assignment, and cure (the "***Cure Notice***"), substantially in the form attached hereto as **<u>Exhibit C</u>**.  The Cure Notice shall include the proposed purchasers' calculation of the cure amount (the "***Cure Amount***") for each such Designated Contract.  A list of the Designated Contracts and Cure Amounts shall be posted on the Website two (2) calendar days after the Bid Deadline and updated as modified by each bidder.  The Debtors reserve the right to provide the Cure Notice to counterparties not yet so designated by each Qualified Bidder, and each Qualified Bidder shall have the right to supplement its designation of contracts for assumption and assignment up until one (1) business day prior to the Sale Hearing, and to remove a contract from the list of Designated Contracts at any time prior to the conclusion of the Auction.

13.     Any counterparty to a Designated Contract shall file and serve any objections to (i) the proposed assumption and assignment set forth in the Cure Notice and (ii) if applicable, the proposed Cure Amount, no later than two (2) calendar days before the Sale Hearing.  If any executory contract or unexpired lease is added to the schedule of Designated Contracts, a copy of the applicable Cure Notice shall be served on the counterparty by overnight courier service within one (1) business day of such addition (and in no event less than one (1)

business day before the Sale Hearing) and any counterparty may file an objection as aforesaid at any time that is four (4) hours prior to the Sale Hearing.

14.     At the Sale Hearing, only those contracts (and the corresponding Cure Amounts) listed on the Cure Notice that have been selected to be assumed by the Successful Bidder at the Auction (the "**Selected Contracts**") shall be subject to approval by the Court, and the Debtors shall reserve their rights for all other contracts.  If no objection to the Cure Notice with respect to the Selected Contracts is timely received, (i) the counterparty to a Selected Contract shall be deemed to have consented to the assumption and assignment of the Selected Contract to the Successful Bidder and shall be forever barred from asserting any objection with regard to such assumption and assignment, and (ii) the Cure Amount set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Selected Contract, or any other document, and the counterparty to a Selected Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Selected Contract against the Debtors or the Successful Bidder, or the property of any of them.

15.     Nothing in paragraphs 12 through 14 of this order shall interfere with the applicability of the Anti-Assignment Act, 41 U.S.C. § 15 (the "**Act**") or otherwise affect the rights of the United States under the Act.

16.     Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

17.     This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation, implementation and enforcement of this order. To the extent any provisions of this order shall be inconsistent with the Motion, the terms of this order shall control.

Dated: July 21, 2011                      _/s/ Shelley C. Chapman_____
New York, New York                      THE HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## Bid Procedures

# ARCHBROOK LAGUNA HOLDINGS LLC

## BID PROCEDURES

### Introduction

Set forth below are the bid procedures (the "Bid Procedures") to be employed with respect to the proposed sale of a portion of or substantially all of the Debtors'[1] assets (the "Assets") pursuant to Bankruptcy Code section 363 (such sale of some or all of the  Assets, the "Proposed Sale" or "Proposed Sales").  These Bid Procedures provide interested parties with the opportunity to qualify and participate in the auction (the "Auction") and submit competing bids for all or a portion of the Assets.  The Debtors will seek entry of an order (the "Sale Order") from the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") authorizing and approving the Proposed Sale or Proposed Sales to the Successful Bidder(s) (as defined below) at a hearing following the Auction.

### Key Dates for Potential Bidders

The Debtors shall assist Potential Bidders (as defined below) in conducting their respective due diligence investigations and shall accept bids until 5:00 p.m., Eastern Time on August 4, 2011.[2]

The key dates for the sale process are as follows:

| | |
|---|---|
| August 4, 2011 at 5:00 P.M. EDT | Bid Deadline - Due Date for Bids and Deposits |
| August 8, 2011 at 10:00 A.M. EDT[3] | Auction |
| August 10, 2011 at 2:00 P.M. EDT[4] | Sale Hearing |

### Purchase Agreement

Attached hereto as **Schedule 1** is a form purchase agreement (together with certain ancillary agreements thereto, the "Purchase Agreement").  Pursuant to the Purchase Agreement, and to the maximum extent permitted by Bankruptcy Code section 363, the Successful Bidder shall acquire some or all of the Assets, as more fully set forth in Section 2.1 of the Purchase Agreement (the "Acquired Assets"), excluding only those certain assets expressly identified as

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Debtors' Motion, Pursuant to 11 U.S.C. §§ 105, 363, 364, 365, 503 and 507 and Fed. R. Bankr. P. 2002, 4001, 6004,6006, 9008 and 9014, for Entry of (I) an Order Approving (A) Bid Procedures, (B) Notice of Sale, Auction, and Sale Hearing, (C) Assumption Procedures and Related Notices; and (II) an Order Approving the Sale of Substantially All of the Debtors' Assets*

[2] Bid Deadline to be 4 calendar days prior to the date of the Auction.

[3] Auction date to be 2 business days prior to the date of the Sale Hearing.

[4] The Sale Hearing date, subject to Bankruptcy Court availability, to be 2 days from the date of conclusion of the Auction.

Retained Assets under Section 2.2 of the Purchase Agreement, free and clear of any and all Interests (as defined below), subject to certain conditions.

## Bid Procedures

Any person or entity who wishes to participate in the Bidding Process (as defined below) and the Proposed Sale must meet the participation requirements to become a Potential Bidder as specified below and must thereafter timely submit a Qualified Bid (as defined below) to become a Qualified Bidder (as defined below). Neither the Debtors nor their representatives shall be obligated to furnish information of any kind whatsoever to any person or entity that is not a Potential Bidder (or their legal counsel and financial advisors) and the Debtors and their representatives shall use good faith efforts to provide all Potential Bidders with substantially similar access and information.

The Debtors and their representatives, in consultation with the Official Committee of Unsecured Creditors in these cases (the "Committee") and their advisors, the agent for the Prepetition Lenders (as defined below) (the "Prepetition Agent"), the agent for the DIP Lenders (as defined below) (the "DIP Agent") and any advisors to the Prepetition Agent and the DIP Agent (the Committee, the Prepetition Agent, the DIP Agent, and any advisors thereto, the "Consulting Parties") shall (i) receive and evaluate all offers made hereunder, (ii) determine whether any person or entity has met the participation requirements to become a Potential Bidder and has timely submitted a Qualified Bid so as to become a Qualified Bidder and (iii) negotiate in good faith with respect to any Qualified Bids. In the event the Prepetition Lenders and/or the DIP Lenders submit a bid for the Debtors' assets, the Prepetition Lenders, the Prepetition Agent, the DIP Lenders, the DIP Agent and their respective advisors shall not be Consulting Parties with respect to such assets so long as any of them are active bidders. The Debtors and their representatives shall coordinate the efforts of Potential Bidders in conducting any required due diligence investigations (collectively, all of the aforementioned actions, the "Bidding Process").

## Participation Requirements

Any person or entity that wishes to conduct due diligence with respect to the Assets must first deliver to the Debtors an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtors (a form of which is attached hereto as **Schedule 2**) (it being understood that any person or entity who previously signed a confidentiality agreement in a form satisfactory to the Debtors shall not be required to execute a new confidentiality agreement). The executed confidentiality agreement must be signed and transmitted by the person or entity wishing to become a Potential Bidder so as to be received by each of the following parties (the "Notice Parties") prior to any dissemination of confidential information: (i) Macquarie Capital (USA) Inc., 125 West 55th Street, New York, NY 10019 (Attn: David Miller; david.miller@macquarie.com and Matthew Wayman; matthew.wayman@macquarie.com), financial advisors to the Debtors; (ii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 (Attn: Ira S. Dizengoff, Esq.; idizengoff@akingump. com and Alexis Freeman, Esq.; afreeman@akingump.com), proposed counsel to the Debtors, (iii) Arch Brook Laguna Holdings LLC 350 Starke Road, Suite 400, Carlstadt, NJ 07072 (attn: Daniel J. Boverman, Interim Chief Financial Officer; dboverman@esend.com.

A "Potential Bidder" is a person or entity that the Debtors in consultation with the Consulting Parties determine is reasonably likely to: (a) submit a *bona fide* offer and (b) be able to consummate the Proposed Sale if selected as a Successful Bidder or Back-Up Bidder (as defined below).

### Due Diligence

The Debtors may afford each Potential Bidder the time and opportunity to conduct reasonable due diligence; *provided*, *however*, that neither the Debtors nor any of their representatives shall be obligated to furnish any due diligence information: (i) at any time to any person or entity other than a Potential Bidder; or (ii) after the Bid Deadline (as defined below) to any Potential Bidder. The Debtors shall inform the Consulting parties if a Potential Bidder requests additional due diligence after the Bid Deadline. The Debtors may, in the exercise of their business judgment, extend a Qualified Bidder's time to conduct due diligence after the Bid Deadline until the Auction; *provided*, *however*, that the Successful Bidder and Back-Up Bidder shall be permitted to continue to conduct due diligence until closing of the Sale Transaction (subject to the terms of the Purchase Agreement); *provided*, *further*, *however*, that a Qualified Bid shall not be subject to further due diligence after the Bid Deadline.

### Bid Deadline

The deadline for a Potential Bidder to submit bids shall be **August 4, 2011 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline").[5] Any Potential Bidder who fails to submit a bid so as to be received by the Notice Parties in advance of the Bid Deadline shall not be permitted to participate in the Bidding Process and will not be a Qualified Bidder and the Debtors shall provide copies of such bids to the Consulting Parties.

Prior to the Bid Deadline, a Potential Bidder that desires to make a bid shall deliver written copies of its bid in writing and executed by an individual or individuals authorized to bind the Potential Bidder. Each bid shall be served by courier, facsimile, e-mail or as otherwise specified by the Debtors to each of the Notice Parties.

### Bid Requirements

To participate in the Auction, a bidder must be a Potential Bidder and must deliver a written offer, which includes, at a minimum, the following items (the "Required Bid Materials") prior to the Bid Deadline:

1.  Two executed originals of the purchase agreement and other documents by which the Potential Bidder offers to purchase the Assets that are the subject of the bid from the Debtors at the purchase price and upon the terms and conditions as the Potential Bidder sets forth therein, which documents should be in substantially the form of the Purchase Agreement, and any ancillary agreements, together with a marked copy showing any proposed changes, amendments or modifications to the Purchase Agreement (and exhibits) attached as **Schedule 1** hereto.

---

[5] Bid Deadline to be 4 calendar days prior to the date of the Auction.

2.      A written acknowledgment that the bid is not subject to any due diligence or financing contingency, is not conditioned on the payment in any circumstances of a break-up fee, expense reimbursement or similar type of payment to the bidder, is irrevocable until entry of the Sale Order (unless it is chosen as the Successful Bid or Back-Up Bid (each as defined below)) and is not subject to any approvals, consents or conditions except as specified therein.

3.      A written acknowledgement by the bidder that it agrees to all of the terms for sale set forth in these Bid Procedures and that the offer constitutes a good faith bona fide offer to purchase some or all of the Assets.

4.      Specification of the proposed purchase price and list of the Assets that are included in the bid and those that are excluded.

5.      Delivery by certified check or wire transfer of a good faith deposit in immediately available funds equal to the greater of (i) $2 million or (ii) 10% of the proposed purchase price for the Assets that are the subject of the bid (the "Deposit"), *provided, however,* that the required Deposit for a bid in any amount less than substantially all of the Assets shall be 10% of the proposed purchase price of such Assets.  The Deposit shall be held in escrow and will be refunded on the terms set forth below.

6.      Evidence or a statement indicating that the bidder has obtained authorization and approval from its board of directors (or comparable governing body) with respect to the submission and consummation of its bid and acceptance of the terms of sale in these Bid Procedures, or a representation that no such authorization or approval is required and that any and all initial consents required in connection with the submission and consummation of the bid have been obtained and that no other initial consents are required.

7.      Full disclosure of the identity of each entity that will be bidding for or purchasing all of or a portion of the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation, including any agreements, arrangements or understandings concerning a collaborative or joint bid or any other combination concerning the proposed bid;

8.      A statement that the offering parties consent to the jurisdiction of the Court

9.      Evidence of sufficient cash or other acceptable forms of currency on hand or written evidence of a commitment for financing or other evidence of the ability to consummate the sale satisfactory to the Debtors with appropriate contact (and any other necessary) information for such financing sources.

10.     A list of the Debtors' executory contracts and unexpired leases with respect to which the bidder seeks assignment from the Debtors and a specification of what the bidder believes to be the appropriate cure amounts.  An affirmation that the cure amounts will be the bidder's responsibility.  Provision of adequate assurance

of future performance with respect to such executory contracts and unexpired leases.

11.     Such other information as may be reasonably requested in writing by the Debtors at least two calendar days prior to the Bid Deadline.

In order to be a Qualified Bid, a bid (including all Required Bid Materials) must:

12.     Be received by the Bid Deadline;

13.     Not be subject to any due diligence or financing contingency; and

14.     Not request or entitle the bidder to any break-up fee, expense reimbursement or similar type of payment, *provided*, *however*, that the Debtors, in consultation with the Consulting Parties, may decide to grant break-up fee and expense reimbursement protections to any bidder approved as a "Stalking Horse" bidder in accordance with these procedures.

A bid received from a Potential Bidder that includes all of the Required Bid Materials and meets all of the above requirements is a "Qualified Bid" if the Debtors, in consultation with the Consulting Parties, determine that such bid evidences a *bona fide* interest and ability to purchase the Assets or any material portion thereof. A Potential Bidder that submits a Qualified Bid (a "Qualified Bidder") shall be entitled to participate in the Auction. The Debtors reserve the right to contact bidders before or after the Bid Deadline to discuss or clarify the terms of their bid and to indicate any terms which may need to be modified in order to conform the bid to a Qualified Bid or otherwise evaluate the bid. The Debtors further reserve the right to waive any of the above requirements in consultation with the Consulting Parties.

The Debtors, in consultation with the Consulting Parties, may accept a single Qualified Bid or multiple bids for non-overlapping material portions of the Assets such that, if taken together in the aggregate, would otherwise meet the standards for a single Qualified Bid. The Debtors, in consultation with the Consulting Parties, may also permit otherwise Qualified Bidders who submitted bids by the Bid Deadline for a material portion of the Assets but who were not identified as a component of a single Qualified Bid consisting of multiple bids, to participate in the Auction and to submit higher or otherwise better bids that in subsequent rounds of bidding may be considered, together with other bids for non-overlapping material portions of the Assets, as part of such a single Qualifying Bid.

The Qualified Bid selected by the Debtors in consultation with the Consulting Parties as the highest or otherwise best bid following the Bid Deadline and prior to the start of the Auction shall be provided to all other Qualified Bidders by 5:00 p.m. (prevailing Eastern Time) on the day preceding the start of the Auction (the "Opening Bid").

Notwithstanding anything contained herein to the contrary, the (i) lenders (collectively, the "Prepetition Lenders") under that certain Second Amended and Restated Credit Agreement (the "Credit Agreement"), dated as of December 22, 2010, as further amended from time to time, among ArchBrook Laguna LLC, Expert Warehouse LLC, Lehrhoff ABL LLC and additional affiliates as borrowers (the "Borrowers") and the Prepetition Agent and the Prepetition Lenders

party thereto, together, individually or in groups, shall have all rights available under Bankruptcy Code section 363(k) to submit a credit bid (a "Credit Bid") on the Collateral (as such term is defined in the Credit Agreement) securing the loans advanced under the Credit Agreement and (ii) lenders (collectively, the "DIP Lenders") under that certain Senior Secured Priming and Super-Priority Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement"), among the Borrowers and the DIP Agent and the DIP Lenders party thereto, shall have all rights available under Bankruptcy Code section 363(k) to submit a Credit Bid on the Collateral (as such term is defined in the DIP Credit Agreement) securing the loans advanced under the DIP Credit Agreement. The DIP Agent (on behalf of the DIP Lenders) and the Prepetition Agent (on behalf of the Prepetition Lenders) shall each be considered to be a Qualified Bidder for all purposes pursuant to the Bid Procedures, notwithstanding the requirements that bidders must satisfy to be a Qualified Bidder. Neither the DIP Agent nor the Prepetition Agent shall be required to take any further action in order to participate in the Auction; *provided; however*; that any Prepetition Lender or DIP Lender that intends to submit a Credit Bid at the Auction must provide written notice to the Debtors of its intent to submit Credit Bid prior to the commencement of the Auction, at which point such Credit Bid shall be deemed a Qualified Bid, and in connection with such Qualified Bid, such Prepetition Lender or DIP Lender shall satisfy requirements 1, 2, 3, 4, 7, 10 and 11 of these Bid Procedures, *provided, further, however*, that the right of any Prepetition Lender or DIP Lender to Credit Bid shall be subject to such Prepetition Lender's or DIP Lender's rights under the respective Loan Documents (as defined in the Credit Agreement and DIP Credit Agreement, respectively).

At any time before the Bid Deadline, the Debtors, after consultation with the Consulting Parties, may seek Bankruptcy Court approval to enter into a purchase agreement (the "Stalking Horse Agreement"), subject to higher or otherwise better offers at the Auction, with any bidder that submits a bid (the "Stalking Horse Bidder") to establish a minimum Qualified Bid at the Auction. The Stalking Horse Agreement may contain certain customary terms and conditions, including expense reimbursement and a break-up fee in an amount to be determined by the Debtors, in consultation with the Consulting Parties. To the extent the Debtors seek Bankruptcy Court approval to enter into any such Stalking Horse Agreement, the Debtors may seek expedited approval thereof, but in no event shall the Debtors seek such expedited approval on less than five (5) calendar days notice. The Debtors shall serve notice of the Stalking Horse Agreement and any hearing to consider approval thereof on all parties on the Debtors' Rule 2002 notice list. To the extent that the Bankruptcy Court approves the Debtors' entry into a Stalking Horse Agreement, and the order approving a Stalking Horse Agreement is entered less than two (2) business days before the date of the Auction, the Auction date (and any corresponding dates thereafter) shall be adjusted to allow for two (2) business days notice between entry of any such approval order and the date of the Auction and shall account for the exact number of days so adjusted.

## Conduct of the Auction, if Any

If, but only if, more than one Qualified Bid is received by the Debtors prior to the Bid Deadline, the Auction shall take place at the offices of Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 and shall commence on **August 8, 2011 at 10:00**

**a.m. (prevailing Eastern time)**;[6] *provided, however,* that the Debtors shall have the right to adjourn or cancel the Auction at any time by delivering notice of such adjournment or cancellation to all Qualified Bidders; *provided*, *further*, that the Debtors shall have the right to conduct any number of Auctions on such date to accommodate Qualified Bids for certain, but less than all, of the Assets if the Debtors in consultation with the Consulting Parties determine that such process would be in the best interests of the Debtors' estates. The Debtors shall confirm to all Qualified Bidders the time and place of the Auction.

Only a Qualified Bidder who is designated as such by the Debtors, in consultation with the Consulting Parties is eligible to participate at the Auction. During the Auction, bidding shall begin initially with the Opening Bid, and subsequently continue with minimum increments of at least $1 million.

The Auction shall be governed by the following procedures, which procedures shall be subject to modification by the Debtors in consultation with the Consulting Parties as the Debtors deem necessary to better promote the goals of the Auction and to comply with their fiduciary obligations:

(a)     The Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative.

(b)     Only representatives of (i) the Debtors, (ii) persons or entities making Qualified Bids, (iii) the DIP Agent, (iv) the Prepetition Agent and (v) the Committee shall be permitted to be present at the Auction. For the avoidance of doubt, although these parties shall be permitted to be present at the Auction, only Qualified Bidders may bid at the Auction.

(c)     The terms of each Qualified Bid selected from time to time by the Debtors, in consultation with the Consulting Parties, as being the highest or otherwise best offer at any such time (each such Qualified Bid selected at any time, the "Leading Bid" at such time) shall be fully disclosed to all other Qualified Bidders. For the avoidance of doubt, each Leading Bid and each bid identified as being the highest or otherwise best offer for any or all of the Assets at any time shall have no conditions other than those disclosed.

(d)     The Auction shall commence with the Debtors confirming the particulars of the Opening Bid and asking for higher or otherwise better offers. The Auction shall continue with subsequent rounds of bidding and, after each round, the Debtors, after consultation with the Consulting Parties, shall announce the Leading Bid.

(e)     The Debtors shall provide for a court reporter to be present at and prepare a transcript of the Auction. The Debtors may determine, in their discretion, to make all or any part of the transcript subject to confidentiality requirements and seal.

---

[6] Auction date to be 2 business days prior to the date of the Sale Hearing.

(f)     Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Proposed Sale.

(g)     The Debtors, acting in good faith and in the exercise of their fiduciary duties to maximize value to the Debtors' estates, and in consultation with the Consulting Parties, may accept Qualified Bids as Leading Bids or as the Successful Bid if such Qualified Bid(s), taken together, constitute a sale of all, substantially all or a portion of the Assets without overlap.

(h)     Bidding shall commence at the amount of the Opening Bid.  Qualified Bidders may then submit successive bids higher than the previous bid in increments of no less than $1 million.  The Debtors, in consultation with the Consulting Parties, reserve the right to announce reductions or increases in the minimum incremental bids (or in valuing such bids) at any time during the Auction.

(i)     All Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Purchase Agreement or their respective modified purchase agreements, as applicable, at the Auction to improve such bids.

(j)     The Auction may include individual negotiations with the Qualified Bidders and/or open bidding in the presence of all other Qualified Bidders.

(k)     The Debtors, in consultation with the Consulting Parties, reserve the right to (i) determine in their discretion which bid is the highest or otherwise best and (ii) reject at any time, without liability, any offer that the Debtors, in their discretion deem to be (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or procedures set forth therein or in the Bid Procedures Order, or (3) contrary to the best interests of the Debtors and their estates.

(l)     The Auction shall continue until there is only one bid (or more than one bid for non-overlapping portions of the Assets that collectively constitute substantially all or a portion of the Assets) that the Debtors, in consultation with the Consulting Parties, determine, subject to Bankruptcy Court approval, is the highest or otherwise best offer or offers that together constitute the highest or otherwise best offer or offers for the Assets from among the Qualified Bidders submitted at the Auction (the "Successful Bid").  In determining the Successful Bid, the Debtors, in the exercise of their business judgment and in consultation with the Consulting Parties , shall consider, without limitation, the amount of the purchase price, the form of consideration being offered (*i.e.*, although the Debtors will consider all forms of consideration, the Debtors prefer cash to all other types of consideration), the Qualified Bidders' ability to complete the transaction constituting the Successful Bid (including without limitation, the ability to obtain any required regulatory approvals or consents or the lack thereof), the proposed

timing thereof, the contracts being assumed by the bidder,[7] the rights of such Qualified Bidder and the Debtors with respect to the termination thereof, the number, type and nature of any changes reflected in the purchase agreement requested by each Qualified Bidder, and the net benefit to the Debtors' estates. The Qualified Bidder(s) submitting such Successful Bid(s) for the Assets shall become the "Successful Bidder," and shall have such rights and responsibilities of a purchaser, as set forth in the Purchase Agreement, or modified definitive purchase agreement, as applicable. The next highest or otherwise best bid will be the "Back-Up Bid" and the maker of the bid will be the "Back-Up Bidder." Prior to the Sale Hearing, but in no event later than two (2) business days after conclusion of the Auction, the Successful Bidder, the Back-Up Bidder and the Debtors shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid and the Back-Up Bid were made (subject, in the case of the Debtors, to the qualifications set forth in "Acceptance and Termination of Qualified Bids" below).

THE SUCCESSFUL BID(S) SUBMITTED AT THE AUCTION SHALL CONSTITUTE AN IRREVOCABLE OFFER AND BE BINDING ON THE SUCCESSFUL BIDDER AND THE BACK-UP BIDDER FROM THE TIME THE BID IS SUBMITTED UNTIL THE EARLIEST OF (1) SEPTEMBER 15, 2011[8] OR (2) ENTRY OF THE SALE ORDER. IF THE SUCCESSFUL BID AND BACK-UP BID ARE APPROVED PURSUANT TO THE SALE ORDER, THE SUCCESSFUL BID SHALL BE BINDING IN ACCORDANCE WITH THE TERMS OF THE PURCHASE AGREEMENT AND THE BACK-UP BID SHALL BE BINDING UNTIL 30 DAYS AFTER ENTRY OF THE SALE ORDER. EACH QUALIFIED BID THAT IS NOT THE SUCCESSFUL BID OR THE BACK-UP BID AS APPROVED BY THE BANKRUPTCY COURT AT THE SALE HEARING SHALL BE DEEMED WITHDRAWN AND TERMINATED AT THE CONCLUSION OF THE SALE HEARING. EACH BID (INCLUDING THE SUCCESSFUL BID) SHALL BE DEEMED WITHDRAWN IF THE AUCTION IS CANCELLED OR DOES NOT TAKE PLACE PRIOR TO 45 DAYS AFTER BANKRUPTCY COURT APPROVAL OF THE BID PROCEDURES UNLESS EXTENDED BY MUTUAL AGREEMENT OF THE DEBTORS AND THE BIDDER IN QUESTION.

### Acceptance and Termination of Qualified Bids

The Debtors intend to sell some or all of the Assets to the Successful Bidder upon the approval of the Successful Bid and the Back-Up Bid(s) by the Bankruptcy Court after the Sale Hearing. The Debtors' presentation of a particular Successful Bid and Back-Up Bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

---

[7] In this regard, the form of Purchase Agreement contains a closing condition with respect to the assumption of certain specified contracts.

[8] To be 38 days from date of the conclusion of the Auction.

## Sale Hearing

The Sale Hearing shall be conducted by the Bankruptcy Court on **August 10, 2011 at 2:00 p.m. (prevailing Eastern Time)**[9] and may be adjourned or rescheduled without notice. At the Sale Hearing, the Debtors will seek Bankruptcy Court approval of the Successful Bid and the Back-Up Bid. Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Proposed Sale and there will be no further bidding at the Sale Hearing. In the event that the Successful Bidder cannot or refuses to consummate the sale because of the breach or failure on the part of the Successful Bidder, the Back-Up Bidder will be deemed the new Successful Bidder and the Debtors shall be authorized, but not required, to close with the Back-Up Bidder on the Back-Up Bid without further order of the Bankruptcy Court.

## Terms of Sale

Except as and to the extent provided in the Purchase Agreement, and subject to Bankruptcy Court approval, the sale of the Assets shall be on an "AS IS, WHERE IS" basis and without representations or warranties of any kind, nature or description by the Debtors or their agents, and by submitting a bid, each bidder is deemed to acknowledge and agree to the foregoing. Subject to Bankruptcy Court approval and the terms of the Purchase Agreement, all of the Debtors' right, title and interest in and to the Assets shall be sold free and clear of all liens, claims, interests, encumbrances, rights, remedies, restrictions, liabilities and contractual commitments of any kind or nature whatsoever, whether arising before or after the Petition Date, whether at law or in equity (collectively "Interests"), to the fullest extent available under Bankruptcy Code section 363 with such Interests, if any, attaching to the net proceeds of the sale of the Assets in the same order, dignity and priority as existed at the commencement of the bankruptcy cases and subject to the conditions set forth in the Purchase Agreement. Notwithstanding the foregoing, the Debtors, subject to any prior order of the Bankruptcy Court, reserve the right to contest the validity, nature, extent or priority of and/or seek to set aside or avoid any and all Interests under applicable law

## Return of Deposits

Each Deposit submitted pursuant to the Bid Procedures will be held in escrow by the escrow agent (the "Escrow Agent") and will not become property of the Debtors' estates absent further order of the Bankruptcy Court. Within five (5) business days following the approval by the Bankruptcy Court of the Successful Bidder and Back-Up Bidder, the Escrow Agent shall return the Deposits made by any other Qualified Bidders and the Escrow Agent shall return the Back-Up Bidder's Deposit within two business days after the Back-Up Bid is terminated in accordance with the provisions herein.

If the Successful Bidder or the Back-Up Bidder shall fail to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder (or Back-Up Bidder, as the case may be), the Debtors shall be entitled to retain such Successful Bidder's (or

---

[9] The Sale Hearing date, subject to Bankruptcy Court availability, to be 2 business days from the date of conclusion of the Auction.

Back-Up Bidder's, as the case may be) Deposit, in addition to other additional remedies available to the Debtors under applicable law. The Debtors shall credit the Deposit of such Successful Bidder or the Back-Up Bidder towards the purchase price at the time of funding pursuant to the terms of the Purchase Agreement.

## Reservation of Rights

The Debtors in consultation with the Consulting Parties reserve the right to (i) modify the Bid Procedures including without limitation, modifying the requirements for a Qualified Bid, at or prior to the Auction if such modification will better promote the goals of the Auction, (ii) impose, at or prior to the Auction, additional customary terms and conditions on the Sale of some or all of the Assets and (iii) adjourn or cancel the Auction at the Auction and/or adjourn the Sale Hearing in an open court without further notice, all in such a manner that is not materially inconsistent with any prior order of the Bankruptcy Court and the Debtors deem such modifications consistent with the performance of their fiduciary obligations.

# # # # #

**Exhibit B**

## Sale Notice

Date of Auction: August 8, 2011 at 10:00 a.m. (EDT)
Sale Hearing Date: August 10, 2011 at 2:00 p.m. (EDT)
Sale Hearing Objection Deadline: August 1, 2011 at 4:00 p.m. (EDT)
Objection Deadline as to Auction and Selection of Successful Bidder: August 9, 2011 at 12:00 p.m. (EDT)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-13292 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF (I) PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (II) AUCTION AND (III) SALE HEARING THEREOF

**PLEASE TAKE NOTICE** that, on July 8, 2011, ArchBrook Laguna Holdings LLC ("***ArchBrook***"), and certain of its affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "***Debtors***") filed for protection under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Court***"). Pursuant to the Court's Order Directing the Joint Administration of the Debtors' Chapter 11 Cases entered on July 12, 2011, these cases are jointly administrated under case number 11-13292.

**PLEASE TAKE FURTHER NOTICE** that on July 9, 2011, the Debtors filed the *Debtors' Motion, Pursuant to 11 U.S.C. §§ 105, 363, 364, 365, 503 and 507 and Fed. R. Bankr. P. 2002, 4001, 6004, 6006, 9008 and 9014, for Entry of (I) an order Approving (A) Bid Procedures, (B) Notice of Sale, Auction, and Sale Hearing, (C) Assumption Procedures and Related Notices; and (II) an Order Approving the Sale of Substantially all of the Debtors' Assets* (the "***Sale Motion***")[2] to, among other things, (a) establish auction and bid procedures (the "***Bid Procedures***") with respect to the sale (the "***Sale Transaction***") of substantially all of their assets (the "***Assets***"), (b) schedule an auction and sale hearing (the "***Sale Hearing***") with respect to the Sale Transaction, and (c) approve the sale of the Assets and the assumption and assignment of certain contracts and leases relating thereto free and clear of all liens, claims, encumbrances and other interests.

**PLEASE TAKE FURTHER NOTICE** that the Debtors propose that an auction ("***Auction***") be conducted at the offices of Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 on August 8, 2011 at 10:00 a.m. (Eastern Daylight Time). The Auction will

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Sale Motion.

continue until such time as the highest or otherwise best offer is determined. The Debtors may adopt rules for the Auction that will promote the goals of the Auction process and that are not inconsistent with any of the provisions of the Bid Procedures. Only bidders who submit bids in accordance with the Bid Procedures will be allowed to attend the Auction. A copy of the Sale Motion, which contains the Bidding Procedures, may be obtained by (a) contacting the attorneys for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 (Attn: Ira S. Dizengoff, Esq., idizengoff@akingump.com; Michael P. Cooley, Esq., mcooley@akingump.com; and Alexis Freeman, Esq., afreeman@akingump.com); (b) accessing the Court's website at http://www.nysb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (c) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004; or (d) accessing the public website maintained by the Debtors' noticing agent, The Garden City Group, www.archbrookrestructuring.com, or upon request to the same at (888) 579-1199.

**PLEASE TAKE FURTHER NOTICE** that a hearing to approve any such Sale Transaction with respect to any bid accepted by the Debtors (the "*Sale Hearing*") shall be conducted by the Court on August 10, 2011 at 2:00 p.m. (Eastern Daylight Time) and may be adjourned or rescheduled without notice.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will publish a copy of this notice (as may be modified for publication) in *The New York Times* within five (5) business days after the entry of the Bid Procedures Order (defined below), subject to applicable publication deadlines.

**PLEASE TAKE FURTHER NOTICE** that this notice shall be served upon the following: (a) the Office of the United States Trustee for the Southern District of New York; (b) Latham & Watkins LLP, as counsel to GE Capital Commercial Services, Inc., agent for the Debtors' Prepetition Credit Facility; (c) Cooley LLP, proposed counsel to the Official Committee of Unsecured Creditors; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002; and (g) all known parties that have previously expressed interest in the Sale Transaction. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**PLEASE TAKE FURTHER NOTICE THAT OBJECTIONS TO ANY RELIEF REQUESTED IN THE SALE MOTION, INCLUDING THE DEBTORS' REQUEST TO APPROVE THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, MUST BE PRESENTED BY AUGUST 1, 2011 AT 4:00 PM (EDT).**

This notice is qualified in its entirety by the Court's order approving the Bid Procedures (the "*Bid Procedures Order*"). All persons and entities are urged to read the Bid Procedures Order and the provisions thereof carefully. To the extent that this notice is inconsistent with the Bid Procedures Order, the terms of the Bid Procedures Order shall govern.

New York, New York
Dated: _____, 2011

_____
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

# Exhibit C

## Cure Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | ) Case No. 11-13292 (SCC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**NOTICE OF PROPOSED ASSUMPTION, ASSIGNMENT AND CURE**
**AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES RELATED TO THE SALE OF THE ASSETS OF THE DEBTORS**

**TO:** **[COUNTERPARTY]:**

      **PLEASE TAKE NOTICE** that, on July 9, 2011, the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") filed a motion (the "***Sale Motion***")[2] to, among other things, (a) establish auction and bid procedures (the "***Bid Procedures***") with respect to the sale (the "***Sale Transaction***") of substantially all of their assets (the "***Assets***"), (b) schedule an auction and sale hearing (the "***Sale Hearing***") with respect to the Sale Transaction, and (c) approve the sale of the Assets and the assumption and assignment of certain contracts and leases relating thereto free and clear of all liens, claims, encumbrances and other interests.

      **PLEASE TAKE NOTICE** that, on July 21, 2011, the Court entered an order (the "***Bid Procedures Order***") approving the Bid Procedures and setting a date for the Sale Hearing. The Sale Hearing is currently scheduled to be held on August 10, 2011 at 2:00 p.m. (Eastern Daylight Time) at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, before the Honorable Shelley C. Chapman, United States Bankruptcy Court Judge, to consider the Debtors' selection of the highest or otherwise best bid and the approval of the Sale Transaction. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Motion, the Debtors have sought authorization to assume and assign certain executory contracts and unexpired leases relating to the Assets (the "***Designated Contracts***") upon consummation of the transactions contemplated by the Sale Transaction. A list of the executory contracts and unexpired leases proposed to be assumed by each Qualified Bidder is attached hereto as **Exhibit 1** and is also available on the internet at www.archbrookrestructuring.com (the "***Website***"), or upon request to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Sale Motion.

the Debtors' noticing agent, The Garden City Group, at (888) 579-1199. If any executory contract or unexpired lease is added to the schedule of Designated Contracts, a copy of the applicable notice shall be served on the counterparty by overnight courier service within one (1) business day of such addition (and in no event less than one (1) business day before the Sale Hearing).

**PLEASE TAKE FURTHER NOTICE** that Bankruptcy Code section 365(b)(1) requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. The required cure amount (the "*Cure Amount*") for each Designated Contract calculated by the Qualified Bidder(s) is listed on <u>**Exhibit 1**</u> hereto and on the Website. Please note that if no amount is stated for a particular Designated Contract, the Qualified Bidder(s) believes that there is no Cure Amount outstanding for such contract or lease.

**YOU ARE RECEIVING THIS NOTICE BECAUSE
YOU MAY BE A PARTY TO A DESIGNATED CONTRACT
(OR REPRESENT A PARTY TO A DESIGNATED CONTRACT).**

**PLEASE TAKE FURTHER NOTICE** that, pending the outcome of the Auction, the Debtors are proposing to assume the Designated Contract(s) listed below to which the Debtors believe you are a counterparty:[3]

| Counterparty Name | Description of Contract | Cure Amount, if any |
|---|---|---|
|  |  | $_____ |

Pursuant to the Bid Procedures Order, you must file and serve any objections to (i) the proposed assumption and assignment set forth in the Cure Notice and (ii) if applicable, the proposed Cure Amount, <u>**no later than two (2) calendar days before the Sale Hearing**</u>; *provided, however*, if your executory contract or unexpired lease was subsequently added to the original schedule of Designated Contracts you may file an objection as aforesaid at any time that is <u>**four (4) hours prior to the Sale Hearing**</u> (as applicable, the "*Objection Deadline*").

To the extent that you object to (i) the proposed assumption and assignment of your respective Designated Contract as set forth in the Cure Notice or (ii) the Cure Amount, then **you must file with the Bankruptcy Court and serve an objection upon the following parties, so as to be actually received by no later than the applicable Objection Deadline:** (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 (Attn: Ira S.

---

[3] Neither the exclusion nor inclusion of any Designated Contract on the list of Designated Contracts attached as <u>**Exhibit A**</u> or published on the Website shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease capable of assumption, that any Debtor(s) has any liability thereunder or that such Designated Contract is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (i) remove any Designated Contract from the Designated Contracts list and reject such Designated Contract and (ii) contest any claim (or claim amount) asserted in connection with assumption of any Designated Contract.

Dizengoff, Esq.; idizengoff@akingump. com and Alexis Freeman, Esq.; afreeman@akingump.com), proposed counsel to the Debtors; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, NY 10004 (Attn: Susan Golden and Serene Nakano); and (c) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002. **Any objection to the proposed assumption and assignment must state with specificity the legal and factual basis on which the objection is premised. Any objection to the Cure Amount must state with specificity what other Cure Amount is required and provide appropriate documentation in support thereof.**

**PLEASE TAKE FURTHER NOTICE** that your objection, if any, will be heard and determined at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to a Cure Amount is filed, the Successful Bidder reserves the right to delete the applicable contract or lease as a Designated Contract if the Cure Amount is ultimately determined by order of the Court to be higher than the Cure Amount set forth on **Exhibit 1** hereto.

**PLEASE TAKE FURTHER NOTICE** that, if no objection to the assumption and assignment of a Designated Contract or Cure Amount is timely filed and served, (a) the counterparty to such a Designated Contract shall be deemed to have consented to the assumption and assignment of the Designated Contract in connection with the Sale Transaction and shall be forever barred from asserting any objection with regard to such assumption or assignment, and (b) the Cure Amount set forth on **Exhibit 1** or on the Website shall be controlling, notwithstanding anything to the contrary in any Designated Contract, or any other document, and the counterparty to a Designated Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Designated Contract against the Debtors or the successful bidder, or the property of any of them.

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY DESIGNATED CONTRACT SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT AT ANY TIME BEFORE THE DEBTORS ASSUME SUCH EXECUTORY CONTRACT. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE BANKRUPTCY COURT.**

New York, New York
Dated: _____ 2011

                                        _____

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002
Ira S. Dizengoff
Michael P. Cooley
Alexis Freeman

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit 1**

**Designated Contracts**

| Counterparty Name | Description of Contract | Cure Amount, if any |
|---|---|---|
|  |  | $_____ |