**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman (SR 4906)
Michael A. Cohen (MC 1277)

*Counsel for Direct Entertainment Media Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ARCHBROOK LAGUNA HOLDINGS LLC, *et al.*,[1] | Case No. 11-13292 (SCC) |
| Debtors. | Jointly Administered |

**RESERVATION OF RIGHTS OF DIRECT ENTERTAINMENT MEDIA GROUP, INC. WITH REPSECT TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (A) APPROVING POSTPETITION FINANCING, (B) AUTHORIZING USE OF CASH COLLATERAL, (C) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION, (E) MODIFYING AUTOMATIC STAY, AND (F) SCHEDULING A FINAL HEARING**

Direct Entertainment Media Group, Inc. ("**DEMG**") files this reservation of rights (the "**Reservation of Rights**") with respect to the above-captioned debtors' (collectively, the "**Debtors**") *Motion, For Interim And Final Orders (A) Approving Postpetition Financing, (B) Authorizing Use of Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection, (E) Modifying Automatic*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: ArchBrook Laguna LLC (6166); ArchBrook Laguna Holdings LLC (6156); Chimerica Global Logistics LLC (3745); ArchBrook Laguna West LLC (9631); Lehrhoff ABL LLC (6386); Expert Warehouse LLC (4487); and ArchBrook Laguna New York LLC (5385).

*Stay, and (F) Scheduling a Final Hearing* [Dkt. No. 14] (the "**DIP Motion**").[2] In support of the Reservation of Rights, DEMG respectfully represents:

**Background**

1. DEMG and Debtor Lehrhoff ABL LLC ("**Lehrhoff**") were parties to a Distributor Agreement, dated as of June 1, 2009 (as amended from time to time, the "***Distributor Agreement***"). Pursuant to the Distributor Agreement, DEMG granted Debtor Lehrhoff certain rights to distribute the "Ab Circle Pro" (the "***Product***") to certain specified accounts within the United States.

2. By letter dated July 8, 2011 (the "***Termination Letter***"), DEMG terminated the Distributor Agreement in accordance with section 1.2(c) thereof on account of Lehrhoff's continued uncured payment defaults. Per the terms of the Distributor Agreement, as a result of the Termination Letter, all of Lehrhoff's rights under the Distributor Agreement with respect to the Product, including the right to sell the Product, and Lehrhoff's interests with respect to any intellectual property associated with the Product, ceased and terminated.

3. Shortly after transmission of the Termination Letter, the Debtors commenced their chapter 11 cases, and filed the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363, 364, 365, 503 and 507 and Fed. R. Bankr. P. 2002, 4001, 6004, 6006, 9008 and 9014, for Entry of (I) an Order Approving (A) Bid Procedures, (B) Notice of Sale, Auction, and Sale Hearing, (C) Assumption Procedures and Related Notices; and (II) an Order Approving the Sale of Substantially All of the Debtors' Assets* [Dkt. No. 12] (the "***Sale Motion***"). Through the Sale Motion, the Debtors are seeking this Court's authority to sell substantially all of their assets, including certain Product previously delivered to Lehrhoff, at an auction currently scheduled for August 8, 2011.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings set forth in the DIP Motion.

4. On July 8, 2011, the Debtors filed the DIP Motion, seeking interim and final approval to obtain postpetition financing, and certain other related relief. An order approving the DIP Motion on an interim basis was entered by the Court on July 13, 2011 [Dkt. No. 46].

5. On July 20, 2011, DEMG filed its objection to the bid procedures contained in the Sale Motion [Dkt. No. 65] (the "**Bid Procedures Objection**") to preserve and protect its rights with respect to the Product. While, the Bid Procedures Objection was not sustained, DEMG's rights to object to the Sale Motion were expressly preserved.

### Reservation of Rights

6. DEMG is filing this Reservation of Rights to ensure that the entry of an order approving the DIP Motion will not prejudice DEMG's rights to object to the Sale Motion and the sale of the Debtors' assets, which were expressly preserved on the record at the hearing to consider the Bid Procedures Objection and in the order approving the Bid Procedures entered on July 21, 2011 [Dkt. No. 74]. While DEMG is attempting in good faith to resolve its objections to the Sale Motion with the Debtors and the Debtors' lenders, it needs to preserve its rights with respect to the Product in the Debtors' possession if a consensual resolution cannot be reached, and litigation of the merits is required.

7. In order to preserve DEMG's rights, DEMG requests that the following language be added to the Final Order:

> The entry of this Order shall be without prejudice to (i) DEMG's rights to object to the sale or other disposition of the Product, and (ii) DEMG's rights and interests with respect to the Product to the extent DEMG is found to have an interest in the Product superior to that of the DIP Lenders.

8. Nothing herein shall constitute a waiver of any rights or remedies of DEMG with respect to the Sale Motion, the proposed sale of the Assets (as defined in the Sale Motion), or any other issues in these chapter 11 cases. In addition, DEMG reserves its right to join in any

objection to the DIP Motion asserted by the official committee of unsecured creditors appointed in these chapter 11 cases, or any other party in interest.

9. Finally, DEMG reserves its rights to further address the Sale Motion, the DIP Motion, and other ancillary issues either by further submission to the Court, at oral argument or by testimony to be presented at any hearing.

WHEREFORE DEMG respectfully requests that (i) the Final Order be amended to include the language provided in paragraph 7 above, and (ii) that the Court grant such other and further relief as it deems just and appropriate.

Dated: July 29, 2011
New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:     */s/ Steven J. Reisman*
Steven J. Reisman (SR 4906)
Michael A. Cohen (MC 1277)
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Email: sreisman@curtis.com
      macohen@curtis.com

*Counsel for Direct Entertainment Media Group, Inc.*